ROY M. BRISBOIS, SB# 53222
    E-Mail: brisbois@lbbslaw.com
ERIC Y. KIZIRIAN, SB# 210584
    E-Mail: kizirian@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH** LLP
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant American Honda
Motor Co., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL MAZZA, JANET MAZZA, and DEEP KALSI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC.,<br><br>Defendant. | CASE NO. CV07-07857 VBF JTLx<br><br>Hon. Valerie Baker Fairbank<br><br>**DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S STATE LAW VARIATIONS APPENDIX IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

Defendant American Honda Motor Co., Inc. ("Honda") hereby respectfully submits the following State Law Variations Appendix in support of its Opposition to Plaintiffs' Motion for Class Certification.

## I.   STATE VARIATIONS IN THE LAW OF UNJUST ENRICHMENT.

### A.   <u>Examples Of State Law Variations With Respect To The Meaning Of "Unjust."</u>

**Minnesota** – *Servicemaster of St. Cloud v. GAB Bus. Servs., Inc.*, 544 N.W.2d 302, 306 (Minn. 1996) (defining "unjust" to "mean illegally or unlawfully") (internal quotation marks omitted); *See, e.g., Custom Design Studio v. Chloe, Inc.*, 584 N.W.2d 430, 433 (Minn. Ct. App. 1998). *But cf. TCP Banking & Savs., F.A. v. Loft Homes, Inc.*, 439 N.W.2d 735, 738 n.1 (Minn. Ct. App. 1989) (refusing to find that the legal nature of the conduct precluded a finding of unjust enrichment because the particular remedy sought was different than one sought in cases equating "unjust" with unlawful).

**Illinois** – *Firemen's Annuity & Benefit Fund v. Mun. Employees', Officers', & Officials' Annuity & Benefit Fund*, 579 N.E.2d 1003, 1007, 219 Ill. App. 3d 707, 712, 162 Ill. Dec. 189 (Ill. Ct. App. 1993) (expressly rejecting Minnesota's approach and holding that "a cause of action based on unjust enrichment does not require fault or illegality on the part of the defendant").

**New York** – *Mayer v. Bishop*, 158 A.D.2d 878, 880, 551 N.Y.S.2d 673, 675, 1990 N.Y. App. Div. LEXIS 1887 (N.Y. App. Div. 1990) (It is not a prerequisite that the one enriched commit a wrongful or unlawful act).

**New Hampshire** – *Am. Univ. v. Forbes*, 183 A. 860, 862, 88 N.H. 17, 20, 1936 N.H. LEXIS 5 at p. 6 (N.H. 1936) (unjust enrichment follow from "unlawful" acts); *Petrie–Clemons v. Butterfield*, 441 A.2d 1167, 1172, 122 N.H. 120, 127, 1982 N.H. LEXIS 298 at p. 11(N.H. 1982) (recognizing that

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

unjust enrichment may arise when the defendant has "innocently receive[d] a benefit and passively accept[ed] it).

**District of Columbia** – *4934, Inc. v. District of Columbia Dep't of Employment Servs.*, 605 A.2d 50, 56 (D.C. 1992) (unjust enrichment does not require a finding of "fault on the part of the recipient of the benefit" to prove unjust enrichment).

### B. Examples Of State Law Variations With Respect To The Method Of Proving Unjust Enrichment Claims.

**District of Columbia, Texas, Washington and Wyoming** – These jurisdictions identify the following as the elements of unjust enrichment: (1) Valuable services were rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; and (4) under such circumstances as reasonably notified the person sought to be charged that plaintiff in performing such services or furnishing such materials was expecting to be paid by the person sought to be charged.[1]

**Arizona, Delaware, Louisiana, and North Dakota** – These states require a plaintiff to show: (1) An enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of "justification" or "cause" for the enrichment and impoverishment; and (5) the absence of a remedy provided by law.[2]

---

[1]   *See TVL Assocs. v. A & M Constr. Corp.*, 474 A.2d 156, 159 (D.C. 1984); *Bashara v. Baptist Mem. Hosp.*, 685 S.W.2d 307, 310, 28 Tex. Sup. J. 227 (Tex. 1985); *Bailie Communications, Ltd. v. Trend Bus. Sys., Inc.*, 810 P.2d 12, 17, 61 Wn. App. 151, 159 (Wash. Ct. App. 1991); *Amoco Prod. Co. v. EM Nominee P'ship Co.*, 2 P.3d 534, 541-42, 147 Oil & Gas Rep. 595 (Wyo. 2000).

[2]   *See Guarantee Elec. Co. v. Big Rivers Elec. Corp.*, 669 F. Supp. 1371, 1380-81 (footnote continued)

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1

### C.    Variations on the Three–Element Standard.

2

**Idaho, Kentucky, Rhode Island and Tennessee** – These states identify the following three elements for an unjust enrichment claim: (1) A benefit conferred upon the defendant by the plaintiff; (2) the defendant's appreciation of the benefit; and (3) the defendant's acceptance of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.[3]

3

4

5

6

7

8

**Alaska, Florida, Missouri, Nevada, and Pennsylvania** – These jurisdictions apply the three–element standard, with an additional qualification: (1) A benefit conferred upon the defendant by the plaintiff; (2) the defendant's appreciation of the benefit; and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.[4]

9

10

11

12

13

14

15

16

17   (W.D. Ky. 1987) (applying Kentucky law); *Cmty. Guardian Bank v. Hamlin*, 898 P.2d 1005, 1008, 182 Ariz. 627, 630, 193 Ariz. Adv. Rep 65 (Ariz. Ct. App. 1995); *Jackson Nat'l Life Ins. Co. v. Kennedy*, 741 A.2d 377, 393-94 (Del. Ch. 1999); *Minyard v. Curtis Prods., Inc.*, 205 So.2d 422, 432, 251 La. 624, 652 (La. 1967); *Apache Corp. v. MDU Res. Group, Inc.*, 603 N.W.2d 891, 894-95, 1999 ND 247 at p. 13, 146 Oil & Gas Rep. 303 (N.D. 1999).

18

19

20

21   [3]   *See Aberdeen-Springfield Canal Co. v. Peiper*, 982 P.2d 917, 923, 133 Idaho 82, 88 (Idaho 1999); *Anthony Corrado, Inc. v. Menard & Co. Bldg. Contractors*, 589 A.2d 1201, 1201-02 (R.I. 1991); *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155, 219 Tenn. 45, 57 (Tenn. 1966).

22

23

24   [4]   *See State Dep't Rev., Child Support Enforcement Div. v. Mitchell*, 930 P.2d 1284, 1289 (Alaska 1997) (emphasis added); *Swindell v. Crowson*, 712 So. 2d 1162, 1163, 23 Fl. L. Weekly D 1439 (Fla. Dist. Ct. App. 1998) (per curiam); *Ernst v. Ford Motor Co.*, 813 S.W.2d 910, 918 (Mo. Ct. App. 1991) *Topaz Mut. Co. v. Marsh*, 839 P.2d 606, 613, 108 Nev. 845, 856 (Nev. 1992); *Styer v. Hugo*, 619 A.2d 347, 350, 422 Pa. Super. 262, 267(Pa. Super. Ct. 1993).

25

26

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**Kansas, Maine, Maryland, Utah, and Wisconsin** – These states define unjust enrichment in terms of the three–element standard, but with two qualifications: (1) A benefit conferred upon the defendant by the plaintiff; (2) the defendant's appreciation or knowledge of the benefit; and (3) the defendant's acceptance or retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof.[5]

### D.    Examples of Differences Among States With Respect to the Relevance of the Defendant's Knowledge of the Benefit.

#### 1.    Examples of States That Require Plaintiff To Establish Defendant's Knowledge of the Benefit.

**Alabama** – *Utah Foam Prods., Inc. v. Polytec, Inc.*, 584 So.2d 1345, 1350 (Ala. 1991) (requiring that plaintiff establish that defendant had knowledge of the benefit conferred upon him in order to prevail).

**Kansas** – *J.W. Thompson Co. v. Welles Prods. Corp.*, 758 P.2d 738, 745, 245 Kan. 503, 512 (Kan. 1988) (same).

**Maine** – *Landry v. Landry*, 697 A.2d 843, 845, 1997 ME 173 at p. 5 (Me. 1997) (same).

**Maryland** – *County Comm'rs of Caroline County v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 607 n.7, 358 Md. 83, 95 n. 7 (Md. 2000) (same).

**New Mexico**– *Ontiveros Insulation Co. v. Rawson, Inc.*, No. 19817, 3 P.3d 695, 698, 129 N.M. 200, 2000 NMCA 51 at p. 11,  (N.M. Ct. App. May 15,

---

[5]    *See J.W. Thompson Co. v. Welles Prods. Corp.*, 758 P.2d 738, 745, 243 Kan. 503, 512 (Kan. 1988); *Landry v. Landry*, 697 A.2d 843, 845, 1997 ME 173 at p. 5 (Me. 1997); *County Comm'rs of Caroline County v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 607 n.7, 358 Md. 83, 95 n. 7 (Md. 2000); *Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1192, 306 Utah Adv. Rep. 3 (Utah 1996); *Watts v. Watts*, 405 N.W.2d 303, 313, 137 Wis. 2d 506, 531 (Wis. 1987).

2000) (same)

**Minnesota** – *Servicemaster of St. Cloud*, 544 N.W.2d 302, 306 (Minn. 1996) (same).

**North Carolina** – *Booe v. Shadrick*, 369 S.E.2d 554, 556, 322 N.C. 567, 570 (N.C. 1988) (same).

**Oregon** – *Edward D. Jones & Co. v. Mishler*, 983 P.2d 1086, 1101, 161 Ore. App. 544, 569, 38 U.C.C. Rep. Serv. 2d (Callaghan) 1091 (Or. Ct. App. 1999) (same).

**South Dakota**– *Juttelstad v. Juttelstad*, 587 N.W.2d 447, 451, 1998 SD 121 at p. 20 (S.D. 1998) (same).

**Utah** – *Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1192, 306 Utah Adv. Rep. 3 (Utah 1996) (same).

**Wisconsin**– *Watts v. Watts*, 405 N.W.2d 303, 313, 137 Wis. 2d 506, 531 (Wis. 1987) (same).

2. ***Examples of States That Do Not Require Defendant Have Knowledge of the Benefit.***

**Colorado** – *DCB Constr. Co. v. Cent. City Dev. Co.*, 965 P.2d 115, 119–120, 1998 Colo. J. C.A.R. 4748 (Colo. 1998) (en banc) (unjust enrichment occurs when "(1) at plaintiff's expense, (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying") (citing *Restatement of Restitution* § 1 & cmt. a (1937)) ("Courts . . . frequently analyze 'appreciation' as knowledge or acquiescence. However, the second prong really speaks only to the question of whether the materials and/or services received are of value to the defendant.").

**New York** – *Lake Minnewaska Mountain Houses Inc. v. Rekis*, 259 A.D.2d 797, 798, 686 N.Y.S.2d 186, 187 (N.Y. App. Div. 1999) (citing *Paramount Film Distrib. Corp. v. New York*, 30 N.Y.2d 415, 421, 285 N.E. 2d 695, 698,

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

334 N.Y.S.2d 388, 393 (1972) (unjust enrichment requires only that plaintiff prove "that (1) the defendant was enriched (2) at plaintiff's expense, and (3) that 'it is against equity and good conscience to permit . . . defendant to retain what is sought to be recovered'" to prevail)).

**Illinois** – *HPI Health Case Servs., Inc. v. Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 679, 131 Ill. 2d 145, 160, 137 Ill. Dec. 19 (Ill. 1989)( unjust enrichment occurs when "the defendant has unjustly retained a benefit to the plaintiff's detriment, and . . . defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience").

**Michigan** – *B & M Die Co. v. Ford Motor Co.*, 421 N.W.2d 620, 622, 167 Mich. App. 176, 181 (Mich. Ct. App. 1988) (unjust enrichment requires the "(1) receipt of a benefit by the defendant from the plaintiff, and (2) which benefit it is inequitable that the defendant retain").

## II.   VARATIONS IN STATE CONSUMER PROTECTION ACTS ("CPA")

### A.   <u>Variations In Prohibited Conduct Under State CPAs.</u>

#### 1.   *Examples Of CPAs That Focus Narrowly On "Deceptive" Behavior.*

**Georgia** - Ga. Code Ann. § 10-1-372 (prohibiting deceptive practices).

**Kansas** - Kan. Stat. Ann. § 50-626 (prohibiting deceptive acts).

**South Dakota** - S.D. Codified Laws Ann. § 37-24-6 (prohibiting deceptive acts).

#### 2.   *Examples Of CPAs That Prohibit Broader Categories Of Conduct.*

**Alabama** - Ala. Code § 8-19-3 (prohibiting *unconscionable* or deceptive acts or practices).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**Alaska -** Alaska Stat. § 45.50.471 (prohibiting *unfair* or deceptive acts).

**Florida -** Fla. Stat. Ann. § 501.201 (prohibiting *unconscionable* or *unfair* or deceptive acts).

**Mississippi -** Miss. Code Ann. § 75-24-5 (prohibiting *unfair* or deceptive acts).

**South Carolina -** S.C. Code Ann. § 39-5-20 (prohibiting *unfair* or deceptive acts).

3.      ***Examples Of CPAs That Proscribe Specific Acts And Practices.***

**California -** Cal. Civ. Code § 1770(a) (specifically proscribes 23 itemized activities, including "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have" or "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another").

**New Jersey -** N.J. Rev. Stat. § 56:8-2 (proscribes several broad categories of behavior, including "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate").

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**4.** ***Examples Of CPAs That Contain General Prohibitions On Conduct Without Enumerating Specific Prohibited Acts.***

**Florida** - Fla. Stat. Ann. § 501.204 (stating that "[u]nfair methods of competition, unconscionable acts or practice and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful" and referencing the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), for interpretive guidance).

**B.** **Variations In Threshold Issues Arising Under State CPAs.**

**1.** ***Private Right Of Action Under The CPA.***

    **a.** **Examples Of CPAs That Expressly Recognize A Private Right Of Action.**

**Michigan** - Mich. Comp. Laws § 19.418(11) (recognizing private right of action).

**New Jersey** - N.J. Stat Ann. § 56:8-2.12 (authorizing private right of action).

**Oregon** - Or. Rev. Stat. § 646.150 (allowing private action for damages).

    **b.** **Examples Of CPAs That Authorize A Private Right Of Action For Damages Only.**

**Arkansas** - Ark. Code Ann. § 4-88-113(f).

**Oregon** - Or. Rev. Stat. § 646.150.

    **c.** **Examples Of Jurisdictions Where Courts Have Implied A Private Right Of Action Where The CPA Does Not Expressly Authorize One.**

**Arizona** - *Sellinger v. Freeway Mobile Home Sales, Inc.*, 521 P.2d 1119, 1122, 110 Ariz. 573, 576, 62 A.L.R.3d 161 (Ariz. 1974) (sanctioning private right of action).

**Delaware -** *Young v. Joyce*, 351 A.2d 857, 859 (Del. Super. Ct. 1975) (statutory purpose supports recognition of private cause of action); *Edwards v. Porter*, Civ. A. No. 88C-OC-174, 1991 Del. Super. LEXIS 315, *24 (Del. Super. Ct. 1991) (as consumer protection bill, Deceptive Trade Practices Act gives an individual a private cause of action); *but see Wald v. Wilmington Trust Co.*, 552 A.2d 853, 855 (Del. Super. Ct. 1988) (statute meant to provide remedy for injuries to business interests, rather than for harm to individuals).

        **d.**    **Examples Of Jurisdictions Where The Courts Have Not Yet Determined Whether A Private Right Of Action Exists When The CPA Does Not Expressly Authorize One.**

**Iowa -** Iowa's CPA is part of its penal code and a violation is characterized as theft. *See* Iowa Code Ann. § 714.16. No court has explicitly ruled on whether a corresponding private right of action exists.

        **2.**    *Definition of "Consumers" Under State CPAs Varies.*

        **a.**    **Examples Of CPAs That Define A "Consumer" As A Person Buying Goods Or Services For Personal, Family, Or Household Use.**

**Alabama -** Ala. Code § 8-19-3(2) ("[a]ny natural person who buys goods or services for personal, family or household use")

**California -** Cal. Civ. Code § 1761(d) ("an individual who seeks or acquires … any goods or services for personal, family, or household purposes").

**Georgia -** Ga. Code Ann. § 10-1-392(3) ("means the sale … primarily for personal, family, or household purposes").

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **b.** | **Examples Of CPAs That Use More Narrow Definitions Of "Consumer."** |

**Hawaii -** *Paulson, Inc. v. Bromar, Inc.*, 775 F. Supp. 1329, 1339, 17 U.C.C. Rep. Serv. 2d (Callaghan) 690 (D. Haw. 1991) (defining consumers as "natural person … who commits money, property, or services in a personal investment").

| | |
|---|---|
| **c.** | **Examples Of CPAs That Use More Expansive Definitions Of "Consumer" That Include Purchases Of Products For Agricultural Use.** |

**Maryland -** Md. Com. Law Code Ann. § 13-101(2)(d) (defining consumer transactions as sales "primarily for personal, household, family, or agricultural purposes").

**West Virginia -** W. Va. Code § 46A-6-102(b) (defining a consumer transaction as a "sale or lease to a natural person or persons for a personal, family, household or agricultural purpose").

| | |
|---|---|
| **d.** | **Examples Of CPAs That Include Purchases By Businesses In Their Definition Of "Consumer" Transactions.** |

**New Jersey -** N.J. Rev. Stat. Ann. § 56:8-2 (statute encompasses the "sale or advertisement of any merchandise or real estate," not limiting transactions to individuals).

**Kansas -** Kan. Stat. Ann. § 50-624(b) (defining consumer as "an individual or sole proprietor who seeks or acquires property or services for personal, family, household, business or agricultural purposes").

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**Texas** - Tex. Bus. & Com. Code Ann. § 17.45(4) (consumer "means an individual, partnership, corporation … except that term does not include a business consumer that has assets of $ 25 million or more, or that is owned or controlled by a corporation or entity with assets of $ 25 million or more").

**Utah** - Utah Code Ann. § 13-11-3(2) (consumer transaction "means a sale … to a person for primarily personal, family, or household purposes, or for purposes that relate to a business opportunity that requires both his expenditure of money or property and his personal services on a continuing basis and in which he has not been previously engaged").

e.     **Examples Of CPAs That Differ On Whether A Consumer Transaction Should Be Determined On An Objective Basis Or A Subjective Basis.**

**Oregon** - *Miller v. Hubbard-Wray, Co. Inc.*, 630 P.2d 880, 885, 52 Ore. App. 897, 905-906, 32 U.C.C. Rep. Serv. (Callaghan) 1378 (Or. Ct. App. 1981) ("There was no evidence to support the allegation that hay bales are goods 'customarily bought by a substantial number of purchasers for personal, family, or household uses.' … Nor is it a fact of such 'general notoriety' that we can take judicial notice of it") (citations omitted).

**Pennsylvania** - *Valley Forge Towers S. Condo. v. Ron-Ike Foam Insulators, Inc.*, 574 A.2d 641, 648, 393 Pa. Super. 339, 352 (Pa. Super. Ct. 1990) ("Mameco's focus upon the type of product involved is misplaced. The restriction included in the act addresses itself solely to the purpose of the purchase, not the type of product purchased."), *aff'd*, 605 A.2d 798, 529 Pa. 512 (Pa. 1992).

1

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **3.** | ***Availability And Class Actions Procedures Vary Under The CPAs.*** |

| | |
|---|---|
| **a.** | **Examples Of CPAs That Bar Class Actions.** |

**Alabama** - Ala. Code § 8-19-10(f) ("A consumer or other person bringing an action under this chapter may not bring an action on behalf of a class").

**Georgia** - Ga. Code Ann. § 10-1-399(a) (prohibiting actions brought "in a representative capacity").

**Mississippi** - Miss. Code Ann. § 75-24-15(4) ("Nothing in this chapter shall be construed to permit any class action or suit, but every private action must be maintained in the name of and for the sole use and benefit of the individual person").

**Louisiana** - La. Rev. Stat. Ann. § 51:1409 (prohibiting actions brought "in a representative capacity").

**South Carolina** - S.C. Code Ann. § 39-5-140(a) (prohibiting actions brought in a representative capacity).

| | |
|---|---|
| **b.** | **Examples Of CPAs That Permit Class Actions Subject To Certain Restrictions And Limitations.** |

**Utah** - Utah Code Ann. § 13-11-20 (class actions allowed only with respect to act or practice specified as a violation in a rule adopted by the enforcing authority before the act occurred, or by a court in a judgment that was either officially reprinted or made available for public dissemination ten days before the action occurred); *Workman v. Nagle Constr., Inc.*, 802 P.2d 749, 755, 149 Utah Adv. Rep. 44 (Utah Ct. App. 1990) (concurring opinion) (noting that a class action could not be brought until after publication of a rule or entry of a final judgment declaring the defendant's activities illegal).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**New Mexico** - N.M. Stat. Ann. § 57-12-10(E) ("In any class action filed under this section, the court may award damages to the named plaintiff as provided in Subsection B of this section and may award members of the class such actual damages as were suffered by each member of the class").

**Ohio** - Ohio Rev. Code Ann. § 1345.09(B) (limiting class action damages to actual damages or other appropriate relief whereas individual plaintiffs may collect up to treble damages).

C.   **Variations In What Constitutes Deceptive Behavior Under State CPAs.**

1.   *State CPAs Vary On Whether Scienter Is Required*

a.   **Examples Of CPAs That Do Not Require A Showing Of Intent To Deceive.**

**Massachusetts** - *Bond Leather Co., v. Q.T. Shoe Mfg. Co., Inc*, 764 F.2d 928, 937 fn. 6 (1st Cir. 1985) (Massachusetts law) (intent to deceive is not an element of the violation).

**Maine** - *Maine v. Bob Chambers Ford, Inc.*, 522 A.2d 362, 365, 3 U.C.C. Rep. Serv. 2d (Callaghan) 625 (Me. 1987) (no showing of intent to deceive required).

**Texas** - *Williams v. Trail Dust Steak House, Inc.*, 727 S.W.2d 812, 814 (Tex. Ct. App. 1987) (no showing of intent to deceive required).

b.   **Examples Of CPAs That Require A Showing Of Intent To Deceive.**

**Kansas** - *Porras v. Bell*, 857 P.2d 676, 678, 18 Kan. App. 2d 569, 570 (Kan. Ct. App. 1993) (proof of intent required).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**Georgia** - *Colonial Lincoln-Mercury Sales, Inc. v. Molina*, 262 S.E.2d 820, 823-24, 152 Ga. App. 379, 383-384 (Ga. Ct. App. 1979) (Georgia requires an "unfair or deceptive act or practice conjoined with culpable knowledge of the nature (but not necessarily the illegality) of the act").

**New Jersey** - *Knapp v. Potamkin Motors Corp.*, 602 A.2d 302, 304, 253 N.J. Super. 502, 506 (N.J. Super. Ct. Law Div. 1991) (delineating higher standard of proof required in private actions).

**Utah** - *Wade v. Jobe*, 818 P.2d 1006, 1016, 170 Utah Adv. Rep. 5 (Utah 1991) (defendant must act with intent to deceive).

| c. | **Examples Of CPAs That Require Only A Showing That The Defendant Intended To Induce Reliance.** |
|---|---|

**Illinois** - *Siegel v. Levy Org. Dev. Co.*, 607 N.E.2d 194, 198, 153 Ill. 2d 534, 542, 180 Ill. Dec. 300 (Ill. 1992) (plaintiff need only prove an intent on part of defendant that plaintiff rely on defendant's statement).

**Minnesota** - *Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 727 (Minn. 1983) (superseded on other grounds 662 N.W.2d 125 (Minn. 2003) (defendant must have intent that others rely on his statements/actions).

| d. | **Examples Of CPAs That Require Proof Of Some Intermediate Degree Of Intent.** |
|---|---|

**Tennessee** - *Smith v. Scott Lewis Chevrolet Inc.*, 843 S.W.2d 9, 12 (Tenn. Ct. App. 1992) (although intent to deceive need not be shown, the concept of deception requires that an element of intent be present).

|   |   |
|---|---|
| 1 | **e.    Examples Of CPAs That Require Showing That The** |
| 2 | **Defendant Knew His Conduct Was Deceptive To Recover.** |
| 3 | **Colorado** - *Bidwell v. German Motors, Inc.*, 586 P.2d 1003, 1006, 41 Colo. |
| 4 | App. 284, 286-287 (Colo. Ct. App. 1978) (no violation of CPA where no |
| 5 | showing of knowing, intentional, or false representation). |
| 6 | |
| 7 | **New Mexico** - *Stevenson v. Louis Dreyfus Corp.*, 811 P.2d 1308, 1311-12, 112 |
| 8 | N.M. 97, 100-101 (N.M. 1991) (stating that the "knowingly made" |
| 9 | requirement of New Mexico's CPA is met "if a party was actually aware that |
| 10 | the statement was false or misleading when made, or in the exercise of |
| 11 | reasonable diligence should have been aware that the statement was false or |
| 12 | misleading"). |
| 13 | **Oregon** - *Luedeman v. Tri-West Constr. Co.*, 592 P.2d 281, 282, 39 Ore. App. |
| 14 | 401, 404 (Or. Ct. App. 1979) (noting that "[a] willful [CPA] violation occurs |
| 15 | when the person committing the violation knew or should have known that his |
| 16 | conduct was a violation"). |
| 17 | **f.    Examples Of CPAs That Do Not Require Any Showing** |
| 18 | **That Defendant Knew His Conduct Was Deceptive.** |
| 19 | **North Carolina** - *Forbes v. Par Ten Group, Inc.*, 394 S.E.2d 643, 651, 99 |
| 20 | N.C. App. 587, 601 (N.C. Ct. App. 1990) ("That defendants may have made |
| 21 | these misrepresentations negligently and in good faith, in ignorance of their |
| 22 | falsity, and without intent to mislead, affords no defense to an action under |
| 23 | N.C.G.S. § 75-1.1"). |
| 24 | **Texas** - *Henry S. Miller Co. v. Bynum*, 797 S.W.2d 51, 55 (Tex. Ct. App. |
| 25 | 1990) (for purposes of Texas CPA, "when a seller makes representations to a |
| 26 | buyer, it is under a duty to know if the representations are true"), *aff'd*, 836 |
| 27 | S.W.2d 160 (Tex. 1992). |
| 28 | |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

|     |     |
| --- | --- |
| **2.** | ***State CPAs Vary On What Perspective Is Used To Evaluate Deceptiveness.*** |
|  **a.** | **Examples Of CPAs That Measure Deceptiveness Using A "Least Sophisticated Consumer" Standard.** |

**Connecticut** - *Aurigemma v. Arco Petroleum Prods.*, 734 F. Supp. 1025, 1029 (D. Conn. 1990) (capacity to deceive is measured by effect on least sophisticated).

**Texas -** *RRTM Restaurant Corp. v. Keeping*, 766 S.W.2d 804, 808 (Tex. Ct. App. 1988) ("The applicable standard is 'whether the statement has a tendency to deceive the ignorant, the unthinking, and the credulous who do not stop to analyze but are governed by appearances and general impressions'") (citation omitted).

|     |     |
| --- | --- |
| **b.** | **Examples Of CPAs That Measure Deceptiveness Using A "Reasonable Person" Standard.** |

**California -** *Haskell v. Time, Inc.*, 857 F. Supp. 1392, 1398-99, 30 Fed. R. Serv. 3d (Callaghan) 1109 (E.D. Cal. 1994) (adopting reasonable consumer standard for evaluating deceptive advertising).

|     |     |
| --- | --- |
| **c.** | **Examples Of CPAs Where The Applicable Standard Varies According To When The Allegedly Deceptive Actions Occurred.** |

**Missouri -** *State ex rel. Nixon v. Telco Directory Publ'g*, 863 S.W.2d 596, 601-02 (Mo. 1993) (due to change in statutory language, actual deception standard after 1986 until such time as the attorney general establishes new standards for defining deception).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**d.**     **Examples Of CPAs That Have Unique Approaches For Evaluating Deceptiveness.**

**Ohio** – *State ex rel. Celebrezze v. Ferraro*, 578 N.E.2d 492, 494, 63 Ohio App. 3d 168, 172 (Ohio Ct. App. 1989) (an act is deceptive if "it has the likelihood of inducing a state of mind in the consumer that is not in accord with the facts").

**3.**     ***State CPAs Vary On Whether Failure To Disclose Is A Basis For Liability***

**a.**     **Examples Of CPAs That Specifically Reference Omission Of Material Facts.**

**Delaware** – Del. Code Ann. Tit. 6, § 2513(a) ("prohibiting misrepresentation or concealment, suppression or omission of any material fact, with intent that others rely thereon").

**Illinois** – 815 ILCS § 505/2 ("prohibiting the concealment, suppression or omission of any material fact, with the intent that others rely upon the concealment, suppression or omission of such material fact").

**b.**     **Examples Of CPAs That Determine Non-Disclosure Under The Same Standards As Any Other Allegedly Deceptive Or Unfair Act.**

**Louisiana** – *Anderson v. Howard Griffin Distribs., Inc.*, 554 So. 2d 695, 707 (La. Ct. App. 1989) (allegation of nondisclosure to be evaluated under deceptive standard).

**Massachusetts** – *Commonwealth v. Elm Med. Labs, Inc.*, 596 N.E.2d 376, 383, 33 Mass. App. Ct. 71, 82 (Mass. Ct. App. 1992) ("deceptive acts or practice may consist of failure to disclose important information").

| **c.** | **Examples Of CPAs That Have Express Non-Disclosure Provisions And Require An Intent That Consumers Rely On The Omission.** |
|---|---|

**Delaware** – Del. Code Ann. Tit. 6, § 2513(a) ("prohibiting … concealment, suppression or omission of any material fact, with intent that others rely thereon").

**Illinois** – 815 ILCS § 505/2 ("prohibiting the concealment, suppression or omission of any material fact, with the intent that others rely upon the concealment, suppression or omission of such material fact").

| **d.** | **Examples Of CPAs That Require That Any Deception Be Intentional.** |
|---|---|

**Kansas** – *Heller v. Martin*, 782 P.2d 1241, 1245, 14 Kan. App. 2d 48, 53-4 (Kan. Ct. App. 1989) (non-disclosure must be intentional).

**New Jersey** – *Chattin v. Cape May Greene, Inc.*, 591 A.2d 943, 945, 124 N.J. 520, 524 (N.J. 1991) (non-disclosure must be intentional in order to be actionable).

| **e.** | **Examples Of CPAs That Impose A Duty To Disclose Information Only When The Seller Knows Or Should Have Knowledge Of The Information.** |
|---|---|

**Illinois** – *Greenberg v. United Airlines*, 563 N.E.2d 1031, 1036, 206 Ill. App. 3d 40, 46, 150 Ill. Dec. 904 (Ill. Ct. App. 1990) (no duty to disclose with respect to unforeseen developments).

**Massachusetts** – *Nei v. Burley*, 446 N.E.2d 674, 679-80, 388 Mass. 307, 316-17 (Mass. 1983) (knowledge requirement applicable to duty to disclose claim).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**New Mexico** – *Richardson Ford Sales, Inc. v. Johnson*, 676 P.2d 1344, 1347-48, 100 N.M. 779, 783-84, 38 U.C.C. Rep. Serv. (Callaghan) 390 (N.M. Ct. App. 1984) (seller must be aware of non-disclosure where CPA explicitly applies only to claims "knowingly made").

| | f. | **Examples Of CPAs That Impose A Duty To Disclose Information Regardless Of Whether The Seller Knows Or Should Have Knowledge Of The Information.** |

**Maryland** – Md. Com. Law Code Ann. § 13-301(3) ("Failure to state a material fact if the failure deceives or tends to deceive"); *Golt v. Phillips*, 517 A.2d 328, 332-33, 308 Md. 1, 10-11 (Md. 1986) (no knowledge or intent required for non-disclosure to be actionable under the Maryland CPA).

| | 4. | ***State CPAs Vary On Whether Individual Reliance Must Be Demonstrated.*** |

| | a. | **Examples Of CPAs That Require No Showing Of Reliance.** |

**Connecticut** – *Prishwalko v. Bob Thomas Ford, Inc.*, 636 A.2d 1383, 1388, 33 Conn. App. 575, 583 (Conn. Ct. App. 1994) (stating that plaintiff need not prove reliance under state deceptive practices act).

| | b. | **Examples Of CPAs That Require That Plaintiffs Show Individual Reliance.** |

**Arizona** – *Peery v. Hansen*, 585 P.2d 574, 577, 120 Ariz. 266, 269 (Ariz. App. 1978) (statutory fraud claim requires showing of damages, which in turn requires showing of reliance).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Georgia –** *Delta Chevrolet, Inc. v. Wells*, 371 S.E.2d 250, 251, 187 Ga. App. 694, 696 (Ga. Ct. App. 1988) ("[A] claimant who alleges the [Georgia Fair Business Practices Act] was violated as the result of a misrepresentation must demonstrate that he was injured as a result of the reliance upon the alleged misrepresentation").

      **c.**    **Examples Of CPAs That Require A Showing Of Reliance Only With Respect To Certain Types Of Violations Or Relax The Required Demonstration In Certain Types Of Cases.**

**Ohio –** *Amato v. Gen. Motors Corp.*, 463 N.E.2d 625, 629, 11 Ohio App. 3d 124, 127-28, 11 Ohio B. Rep. 203 (Ohio Ct. App. 1982) ("proof of reliance may be sufficiently established by inference or presumption from circumstantial evidence to warrant submission to a jury without direct testimony from each member of a class").

**Oregon –** *Sanders v. Francis*, 561 P.2d 1003, 1006, 277 Ore. 593, 598 (Ore. 1977) ("Whether ORS 646.638(1) requires reliance as an element of causation necessarily depends on the particular unlawful practice alleged").

      **d.**    **Examples Of CPAs That Require Reliance To Be Reasonable.**

**Michigan –** *Dix v. Am. Banker's Life Assurance Co.*, 415 N.W.2d 206, 209, 429 Mich. 410, 418 (Mich. 1987) (reasonable person standard for reliance).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| **e.** | **Examples Of CPAs That Do Not Require Reliance To Be Reasonable.** |
|---|---|

**Arizona -** *Parks v. Macro-Dynamics, Inc.*, 591 P.2d 1005, 1008, 121 Ariz. 517, 520 (Ariz. Ct. App. 1979) (in a private cause of action for statutory fraud, there must be actual reliance but it need not be reasonable); *Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992) (same).

| **f.** | **Examples Of CPAs That Require A Showing Of Materiality Rather Than Reliance.** |
|---|---|

**New York -** *Geismar v. Abraham & Strauss*, 439 N.Y.S.2d 1005, 1007-8, 109 Mis. 2d 495, 498-99 (N.Y. Dist. Ct. 1981) (no need for proof of reliance, sufficient to show that consumer misled in a material way).

| **g.** | **Examples Of CPAs That Require A Demonstration That Defendant's Actions Induced The Plaintiff To Act Or Refrain From Acting** |
|---|---|

**Hawaii -** *Wiginton v. Pacific Credit Corp.*, 634 P.2d 111, 119, 2 Haw. App. 435, 445 (Haw. Ct. App. 1981) (under CPA, injury must be induced by defendant's conduct).

**Massachusetts -** *Fraser Eng'g Co. v. Desmond*, 524 N.E.2d 110, 113, 26 Mass. App. Ct. 99, 104 (Mass. Ct. App. 1988) (CPA does not require showing of reliance as long as there is causal relationship).

**Washington -** *Smith v. Olympic Bank*, 693 P.2d 92, 96, 103 Wn.2d 418, 425 40 U.C.C. Rep. Serv. (Callaghan) 519 (Wash. 1985) (relevant standard under CPA is whether defendant's conduct induced plaintiff to act or refrain from acting).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### h.     Examples Of CPAs That Require A Showing Of Reliance To Demonstrate Proximate Cause In Order To Establish Damages.

**Delaware** - *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074, 1077 (Del. Super. Ct. 1983) (while violation of Act exists "regardless of actual reliance by the plaintiff," damages were available because they were "a direct and proximate result of [defendant's] misrepresentations").

**Georgia** - *Agnew v. Great Atl. & Pac. Tea Co.*, 502 S.E.2d 735, 736, 232 Ga. App. 708, 709, 98 Fulton County D. Rep. 2152 (Ga. Ct. App. 1998) ("the Act incorporat[es] the 'reliance' element of the common law tort of misrepresentation into the causation element of an individual claim" (internal quotation marks omitted)).

**Maryland** - *State v. Cottman Transmissions Sys., Inc.*, 587 A.2d 1190, 1201, 86 Md. App. 714, 736 (Md. Ct. App. 1991) ("the correct measure of restitution would be the sums spent by the consumer in reliance on the practice").

**Massachusetts** - *Maloney v. Sargisson*, 465 N.E.2d 296, 301, 18 Mass. App. Ct. 341, 347 (Mass. App. Ct. 1984) (plaintiffs cannot recover where they "could not have relied upon [the alleged misrepresentations] to their detriment").

**New Jersey** - *Carroll v. Cellco P'ship*, 713 A.2d 509, 516, 313 N.J. Super. 488, 502 (N.J. Super. A.D. 1998) ("Although plaintiffs need not prove reliance under the Consumer Fraud Act, they must show an ascertainable loss as a result of defendant's conduct and a causal relationship.")

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**Texas** - *McCrea v. Cubilla Condo. Corp.*, 685 S.W.2d 755, 759 (Tex. Ct. App. 1985) (misrepresentation must be producing cause of damages); *Cobb v. Dunlap*, 656 S.W.2d 550, 554 (Tex. Ct. App. 1983) ("belief and reliance go toward a showing of factual causation of damages").

**Washington** - *Nuttall v. Dowell*, 639 P.2d 832, 840, 31 Wn. App. 98, 110-11 (Wash. Ct. App. 1982) ("[T]this is a private action in which plaintiff seeks recovery of damages and, as such, he must establish some causal link between defendant's unfair act and his injury…. Here, on conflicting evidence, the trial court found that plaintiff did not rely upon defendant's representations.").

**D.    Variations Concerning What Constitutes "Unfair" Or "Unconscionable" Behavior Under State CPAs**

**1.    *CPAs Vary In What Constitutes "Unfair" Behavior***

**a.    Examples Of CPAs That Follow The FTC Standard Set Out In *FTC v. Sperry & Hutchinson Co.*, 405 U.S. 233, 244-45, 92 S. Ct. 898, 905, 31 L. Ed. 2d 170, 179 (1972), To Determine What Constitutes Unfair Behavior[6]**

**Florida** – *Dep't of Legal Affairs v. Father & Son Moving & Storage, Inc.*, 643 So. 2d 22, 26, 19 Fla. L. Weekly D 1879 (Fla. Ct. App. 1994) (reciting *Sperry & Hutchinson* standard).

---

[6] The *Sperry & Hutchinson* test focuses on (1) whether the challenged practice offends public policy (as reflected by common law, statutory, or other established concepts of unfairness); (2) whether the practice was immoral, unethical, oppressive, or unscrupulous; and (3) whether the practice caused substantial injury to consumers.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**Massachusetts** - *See Pepsi-Cola Metro. Bottling Co. v. Checkers, Inc.*, 754 F.2d 10, 17 (1st Cir. 1985) (Massachusetts law) (using *Sperry & Hutchinson* standard).

     **b.**    **Examples Of CPAs That Follow The Test More Recently Promulgated By The FTC To Determine What Constitutes Unfair Behavior.**[7]

**Washington** - *See Blake v. Federal Way Cycle Ctr.*, 698 P.2d 578, 583, 40 Wn. App. 302, 310 (Wash. Ct. App. 1985) (adopting new FTC unfairness test's emphasis on consumer injury).

     **c.**    **Examples Of CPAs That Employ A Hybrid Of The Two Standards Or Employ Their Own Standard.**

**California** - California courts have developed their own standard in applying California Business & Professional Code § 17200, under which unfairness is determined by weighing the practice's impact on the victim compared with its business justification. *See Motors, Inc. v Times Mirror Co.*, 102 Cal. App. 3d 735, 740, 162 Cal. Rptr. 543, 546 (Cal. Ct. App. 1980) ("In brief, the court must weigh the utility of the defendant's conduct against the gravity of harm to the [alleged victim]").

---

[7]  The FTC's more recent three-part test provides that an unfair act: (1) must be substantial; (2) must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and (3) must be an injury that consumers themselves could not reasonably have avoided. *See* Reauthorization of the Federal Trade Commission Before the Senate Comm. on Commerce, Science and Transportation, 97th Cong., 2d Sess. 23 (1982), *codified at* 15 U.S.C. § 45(n) (2000).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**Connecticut** - *See Vezina v. Nautilus Pools, Inc.*, 610 A.2d 1312, 1317, 27 Conn. App. 810, 818-19 (Conn. Ct. App. 1992) (using the new FTC standard to amplify the third prong of the old test and refine the meaning of "substantial injury").

> 2.    ***CPAs Vary In The Relevance Of Violations Of Other Laws***

> > a.    **Examples Of Jurisdictions Where Violations Of Certain Other Laws Are Considered *Per Se* Violations Of The CPA.**

**Massachusetts** - 940 Mass. Regs. Code § 3.16(3)(4) (act or practice is violation of Massachusetts CPA if: (1) it fails to comply with existing local statutes, rules, or regulations meant to protect Massachusetts consumers or (2) it violates certain federal statutes).

> > b.    **Examples Of Jurisdictions Where Violations Of Certain Other Laws Are Not Considered *Per Se* Violations Of The CPA.**

**Texas -** Tex. Bus. & Com. Code § 17.43 ("A violation of a provision of law other than this subchapter is not in and of itself a violation of this subchapter").

> 3.    ***CPAs Vary In What Constitutes "Unconscionable" Behavior.***

> > a.    **Examples Of CPAs That Expressly Prohibit "Unconscionable" Practices.**

**Idaho -** Idaho Code Ann. § 48-603C

**Kansas -** Kan. Stat. Ann. § 50-627

**Kentucky -** Ky. Rev. Stat. § 367.170

**Michigan -** Mich. Comp. Laws § 445.903

**New Jersey -** N.J. Rev. Stat. § 56:8-1

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28

**New Mexico -** N.M. Stat. Ann. § 57-12-3

**Ohio -** Ohio Rev. Code Ann. § 1345.03

**Texas -** Tex. Bus. & Com. Code Ann. § 17.50

**Utah -** Utah Code Ann. § 13-11-5

### b.   Examples Of CPAs That Define Unconscionable Practices In Different Ways.

**Texas -** *Chastain v. Koonce*, 700 S.W.2d 579, 584, 29 Tex. Sup. J. 79 (Tex. 1985) ("Taking advantage of a consumer's lack of knowledge to a grossly unfair degree thus requires a showing that the resulting unfairness was glaringly noticeable, flagrant, complete and unmitigated").

**New Jersey -** *Meshinsky v. Nichols Yacht Sales, Inc.*, 541 A.2d 1063, 1067, 110 N.J. 464, 472, 6 U.C.C. Rep. Serv. 2d (Callaghan) 1144 (N.J. 1988) ("Acknowledging that 'unconscionability' is an 'amorphous concept obviously designed to establish a broad business ethic,' we have defined the term 'as [t]he standard of conduct contemplat[ing] good faith, honesty in fact, and observance of fair dealing'") (citations omitted).

### c.   Examples Of CPAs That Do Not Expressly Prohibit Unconscionable Practices But Use Unconscionability As A Basis For Determining Whether A Practice Was Deceptive Or Unfair.

**Connecticut -** *See Murphy v. McNamara*, 416 A.2d 170, 177, 36 Conn. Supp. 183, 193-4, 27 U.C.C. Rep. Serv. (Callaghan) 911 (Conn. Super. Ct. 1979) (unconscionable agreement found to violate the CPA, where the price charged was abnormally high and the consumer lacked sophistication).

**Illinois -** *Lane v. Fabert*, 533 N.E.2d 546, 551, 178 Ill. App. 3d 698, 705, 127 Ill. Dec. 674 (Ill. Ct. App. 1989) (unconscionably high fee for little or no service constituted a CPA violation).

| | |
|---|---|
| **E.** | **Variations In Other Standards Applicable To State CPA Claims** |
| **1.** | *CPAs Vary Concerning The Required Notice* |
| **a.** | **Examples Of CPAs That Require The Would-Be Plaintiff To Send A Detailed Written Demand To The Defendant, At Varying Dates, Before The Plaintiff Files A Complaint.** |

**Alabama -** Ala. Code § 8-19-10(3)(e) ("At least 15 days prior to the filing of any action under this section, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be communicated to any prospective respondent by placing in the United States mail or otherwise.")

**California -** Cal. Civ. Code § 1782(c) (No action for damages may be maintained for a violation of section 1770 unless defendant notified of the need for correction, repair, or replacement and is given opportunity to make such correction).

**Georgia -** Ga. Code Ann. § 10-1-399(b) ("At least 30 days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive practice relied upon and the injury suffered, shall be delivered to any prospective respondent.")

**Massachusetts -** Mass. Gen. Laws ch. 93A, § 9(3) ("At least 30 days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon, and the injury suffered, shall be mailed or delivered to any prospective respondent.")

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**Texas** - Tex. Bus. & Com. Code § 17.505 ("[A] consumer shall give written notice to the person at least 60 days before filing the suit advising the person in reasonable detail of the consumer's specific complaint").

>       **b.      Examples Of CPAs That Require Plaintiff To Take Other Action Before Filing A Complaint.**

**Mississippi** - Miss. Code Ann. § 75-24-15(2) ("In any private action brought under this chapter, the plaintiff must have first made a reasonable attempt to resolve any claim through an informal dispute settlement program approved by the attorney general").

>       **c.      Examples Of CPAs That Require That Notice Be Given To A Defendant Within A Prescribed Time Period.**

**Indiana** - *A.B.C. Home & Real Estate Inspection Inc. v. Plummer*, 500 N.E.2d 1257, 1262-63 (Ind. Ct. App. 1986) (overturning a CPA award where plaintiff failed to provide proper notice). *But see* Ind. Code §§ 24-5-0.5-2(6)(b)(i), 24-5-0.5-5 (limitations period will not apply to an "incurable deceptive act," which is one committed "as part of a scheme, artifice, or device with intent to defraud or mislead").

**Wyoming** - Wy. Stat. 40-12-109.

>       **d.      Examples Of CPAs That Require That A Plaintiff Provide Notice Of The Practice At Issue To The State Attorney General.**

**Connecticut** - Conn. Gen. Stat. Ann. § 42-110g(c) ("[T]he plaintiff shall mail a copy of the complaint to the attorney general").

**Kansas** - Kan. Stat. Ann. § 50-634(g) (notice "shall be given to the attorney general, but failure to do so" is not a defense).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Louisiana -** La. Rev. Stat. § 51:1409.B ("Upon commencement of any action … the plaintiff's attorney shall mail copy of the petition to the attorney general and director" but failure to conform with this subsection does not effect any of plaintiffs rights under this subsection).

**Oregon -** Or. Rev. Stat. § 646.638(2) (party bring action shall mail copy to attorney general; no judgment will be entered until proof of mailing is filed).

2.    *Some States Require A Showing That A Public Interest Has Been Affected.*

**Georgia -** *See Medley v. Boomershine Pontiac-GMC Truck, Inc.*, 449 S.E.2d 128, 131, 214 Ga. App. 795, 796, 94 Fulton County D. Rep. 3061 (Ga. Ct. App. 1994) (unless defendant's actions have sufficient impact on the consumer marketplace, it is not regulated by the Georgia consumer protection act).

**New York -** *H₂0 Swimwear, Ltd. v. Lomas*, 560 N.Y.S.2d 19, 21, 164 A.D.2d 804, 806, 17 U.S.P.Q.2D (BNA) 1573 (N.Y. App. Div. 1990) (noting that the consumer protection act "has been held to apply solely to matters affecting the public interest and involving transactions of a recurring nature").

**South Carolina -** *Jefferies v. Phillips*, 451 S.E.2d 21, 23, 316 S.C. 523, 527 (S.C. Ct. App. 1994) (must prove adverse effect on public at large with specific facts); *Daisy Outdoor Adver. Co. v. Abbott*, 451 S.E.2d 394, 397, 317 S.C. 14, 19 (S.C. Ct. App. 1994) ("Merely offering evidence, however, that shows a wrongful act has the potential for repetition or that it occurs in the course of business is not enough to establish a violation of the [consumer protection act] if, as the evidence shows here, the conduct adversely affects only the parties involved."), *aff'd in part, rev'd in part*, 473 S.E.2d 47, 322 S.C. 489 (S.C. 1996).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**Washington -** *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533, 105 Wn. 2d 778, 780  (Wash. 1986) ("We hold that to prevail in a private CPA … a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in a trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation."); *Campbell v. Seattle Engine Rebuilders & Remanufacturing, Inc.*, 876 P.2d 948, 953, 75 Wn. App. 89, 96 (Wash. Ct. App. 1994) ("The court's language in *Hangman Ridge* clearly requires a showing of public interest impact, separate and apart from a showing of an unfair and deceptive act.").

| F. | **Variations In The Availability Of Various Elements Of Damages Under State CPAs.** |
|---|---|

| | 1. | *CPAs Vary Widely With Respect To Availability Of Treble Damages.* |
|---|---|---|

| | | a. | **Examples Of CPAs That Limit Treble Damages To Situations Where Intent, Willfulness, Or Bad Faith Is Shown.** |
|---|---|---|---|

**Massachusetts -** *Stark v. Patalano Ford Sales, Inc.*, 567 N.E.2d 1237, 1243, 30 Mass. App. Ct. 194, 204, 14 U.C.C. Rep. Serv. 2d (Callaghan) 441 (Mass. Ct. App. 1991) (damages may be doubled or trebled if the defendant acted in bad faith or the violation was knowing and willful).

**South Carolina -** *Payne v. Holiday Towers, Inc.*, 321 S.E.2d 179, 182, 283 S.C. 210, 216 (S.C. Ct. App. 1984) (treble damages available under CPA only where defendant's violation is knowing and willful or defendant acted in bad faith).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

> **b.    Examples Of CPAs That Will Award Treble Damages In The Absence Of Any Showing Of Intent.**
>
> **North Carolina -** *Marshall v. Miller*, 276 S.E.2d 397, 402, 302 N.C. 539, 547 (N.C. 1981) ("Absent statutory language making trebling discretionary with the trial judge, we must conclude that the Legislature intended trebling of any damages assessed to be automatic once a violation is shown").
>
> **c.    Examples Of CPAs That Permit Multiple Damages Upon The Seller's Bad Faith Refusal To Grant The Injured Consumer Relief After The Consumer Notifies The Merchant Of The Deception.**
>
> **Massachusetts -** *Parker v. D'Avolio*, 664 N.E.2d 858, 859-60, 40 Mass. App. Ct. 394, 395-96 (Mass. Ct. App. 1996) (unreasonable refusal to settle or bad faith settlement offer can trigger multiple damages).  *Cf. Kohl v. Silver Lake Motors, Inc.*, 343 N.E.2d 375, 378, 369 Mass. 795, 799, 90 A.L.R. 3d 1342 (Mass. 1976) (under CPA, even if plaintiff can demonstrate a knowing or intentional violation, seller can still avoid liability for treble damages by making a reasonable settlement offer).
>
> **2.    *State CPAs Vary Widely In The Availability Of Attorney's Fees***
>
> **a.    Examples Of CPAs That Preclude The Award Of Attorney's Fees In Class Action Lawsuits.**
>
> **Colorado -** *Robinson v. Lynmar Racquet Club, Inc.*, 851 P.2d 274, 280, 17 BTR 412 (Colo. Ct. App. 1993) (attorney's fees not available, under Colorado's CPA in class actions).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

|   |   |   |
|---|---|---|
| **b.** | **Examples Of CPAs That Specify The Degree Of Intent** | |
| | **Required To Permit The Award Of Attorney's Fees.** | |

**Michigan -** *Temborious v. Slatkin*, 403 N.W.2d 821, 829, 157 Mich. App. 587, 603 (Mich. Ct. App. 1986) (*bona fide* error defense prevents award of attorney's fees if the seller can demonstrate its acts were in good faith and that it had implemented reasonable procedures to avoid the CPA violation).

**North Carolina -** N.C. Gen. Stat. § 75-16.1 (fees may be awarded only if the conduct is willful and there is an unwarranted refusal to settle).

**Ohio -** *See Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.*, 491 N.E.2d 345, 351, 23 Ohio App. 3d 85, 90, 23 Ohio B. Rep. 150 (Ohio Ct. App. 1985) (defendant must knowingly commit deceptive act in order for fees to be awarded).

|   |   |
|---|---|
| **c.** | **Examples of CPAs That Limit Attorney's Fees If Defendants Made A Good Faith Effort To Settle Before The Case Proceeded To Trial.** |

**Massachusetts -** Mass. Gen. Laws Ann. ch. 93A, § 9(4) (if reasonable settlement offer is tendered, but consumer proceeds to trial, any fee award is limited to fees incurred prior to settlement offer, even if plaintiff prevails at trial).

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**d.    Examples Of CPAs That Authorize An Award Of Attorneys' Fees To The Prevailing Party, Including The Defendant, In The Court's Discretion.**

**Texas -** *Arbuckle Broadcasters v. Rodewell Int'l Corp.*, 513 F. Supp. 412, 420 (N.D. Tex. 1981) (Texas law) (stating that awards of attorney's fees are discretionary); *Schlager v. Clements*, 939 S.W.2d 183, 189-90 (Tex. Ct. App. 1996) (court has discretion to award attorney's fees to defendant when suit was groundless or brought for purposes of harassment).

**e.    Examples Of CPAs That Mandate An Award Of Attorney's Fees To Prevailing Defendants.**

**Florida -** *Smith v. Bilgin*, 534 So. 2d 852, 853-54, 13 Fla. L. Weekly 2620 (Fla. Dist. Ct. App. 1988) (granting fees to defendant despite finding action beyond CPA scope).

DATED: July 14, 2008

ROY M. BRISBOIS
ERIC Y. KIZIRIAN
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Eric Y. Kizirian
Attorneys for Defendant American Honda
Motor Co., Inc.