SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 07-7857-VBF(JTLx)**                                            Dated: **September 24, 2008**

Title:     Michael Mazza, et al. -v- American Honda Motor Co.

---

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

      Rita Sanchez                                                 None Present
      Courtroom Deputy                               Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:          ATTORNEYS PRESENT FOR DEFENDANTS:

      None Present                              None Present

**PROCEEDINGS (IN CHAMBERS):   COURT ORDER RE SUBMITTED MATTER -
                              PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

      The court denies the Plaintiffs' Motion for Class Certification without prejudice. The papers submitted by counsel for Plaintiffs and Defendant are inadequate, and present certain defects set forth below which do not allow this court to reach the merits. The court sets a hearing on the renewed motion for class certification for December 8, 2008 at 2:00 pm. The Plaintiffs shall file and serve the renewed motion on or before October 31, 2008. Defendant's Opposition shall be filed and served by November 1, 2008 and the Reply by November 21, 2008.

      First, the Plaintiffs do not provide sufficient notice of the class and subclass they seek certification for, i.e., the Plaintiffs should clearly identify which causes of action are to be

MINUTES FORM 90                                      Initials of Deputy Clerk   rs
CIVIL - GEN

asserted as to the class and subclass.  For example, it appears the Plaintiffs seek certification of a "sub-class" which asserts causes of action pursuant to both the Consumer Legal Remedies Act, Cal. Civ. Code section 1750 et seq. and the Unfair Competition Law, Cal. Bus. & Prof. Code section 17200 et seq.  (*See* Motion at 2).  This should be made explicit in any renewed motion.

Second, the briefing and supplemental materials provided by the parties regarding the possible application of California law to a nationwide class is inadequate.

"A federal court sitting in diversity must look to the forum state's choice of law rules to determine the controlling substantive law." *Zinser v. Accufix Research Institute, Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001) (citation omitted).  California applies a three step governmental interest analysis to determine to which law to apply. *Washington Mutual Bank v. Superior Court of Orange County*, 24 Cal. 4th 906, 919 (Cal. 2001).  First, "the foreign law proponent must identify the applicable rule of law in each potentially concerned state and must show it materially differs from the law of California." *Id.*  Second, if the court finds a material difference, it must "determine what interest, if any, each state has in having its own law applied to the case." *Id.* at 920.  "Only if the trial court determines that the laws are materially different *and* that each state has an interest in having its own law applied . . . must the court take the final step and select the law of the state whose interests would be 'more impaired' if its law were not applied." *Id.* (emphasis in original).  Moreover, California's three-part choice of law analysis must be applied to every cause of action for which certification is sought, and for every non-forum state for which the Defendant asserts has an interest.  *Zinser*, 253 F.3d at 1188.

The Defendant argues that California law conflicts with the laws of various other jurisdictions.  (*See* Opp. at 8).  In other words, the Defendant is the proponent of the application of foreign law, and therefore bears the burden of proof.  *Wash. Mut.*, 24 Cal. 4th at 919; *see also Zinser*, 253 F.3d at 1187.  The Defendant, however, presents a scatter-shot presentation of differences between various state laws without any systematic analysis of the choice of law question.  In opposition to any renewed motion, the Defendant must clearly identify each concerned state, and for each cause of action for which the Plaintiffs seek certification the Defendant must apply California's choice of law analysis.

MINUTES FORM 90                                                                                        Initials of Deputy Clerk __rs__
CIVIL - GEN

      Finally, the Plaintiffs must clearly identify and define the material omissions, or, if appropriate, affirmative misrepresentations, they contend were made or not disclosed in the Defendant's marketing representations, and clearly and systematically set forth the timeline of those misrepresentations or omissions, and in what media or manner they were made.

MINUTES FORM 90                                                                                                    Initials of Deputy Clerk   rs  
CIVIL - GEN

-3-