ORIGINAL

ROY M. BRISBOIS, SB# 53222
E-Mail: brisbois@lbbslaw.com
ERIC Y. KIZIRIAN, SB# 210584
E-Mail: kizirian@lbbslaw.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant American Honda Motor Co., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICHAEL MAZZA, JANET MAZZA, and DEEP KALSI, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN HONDA MOTOR COMPANY, INC.,<br><br>Defendant. | CASE NO. CV07-07857 VBF JTLx<br><br>Hon. Valerie Baker Fairbank<br><br>**DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S STATE LAW VARIATIONS APPENDIX IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>[Filed concurrently with (1) Defendant American Honda Motor Co., Inc.'s Opposition to Plaintiffs' Renewed Motion for Class Certification; (2) Declaration of Eric Y. Kizirian, (3) Objections to Declarations of Michael Mazza, Deep Kalsi, and Payam Shahian] |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

# TABLE OF CONTENTS

**Page**

I. VARIATIONS IN STATE CONSUMER PROTECTION STATUTES AND DECEPTIVE TRADE PRACTICES LAWS .......... 1

Alabama .......... 1

Arizona .......... 3

Arkansas .......... 5

California .......... 6

Colorado .......... 10

Connecticut .......... 11

Delaware .......... 13

Florida .......... 14

Georgia .......... 15

Hawaii .......... 17

Idaho .......... 19

Illinois .......... 21

Indiana .......... 23

Iowa .......... 24

Kansas .......... 25

Kentucky .......... 27

Louisiana .......... 29

Maryland .......... 30

Massachusetts .......... 32

Michigan .......... 34

Minnesota .......... 36

Mississippi .......... 38

Missouri .......... 40

Nebraska .......... 41

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

Nevada ....................................................................................................43
New Hampshire ......................................................................................44
New Jersey.............................................................................................45
New Mexico ...........................................................................................48
New York................................................................................................50
North Carolina ........................................................................................52
Ohio ........................................................................................................54
Oklahoma................................................................................................56
Oregon ....................................................................................................57
Pennsylvania...........................................................................................59
Rhode Island ...........................................................................................61
South Carolina ........................................................................................63
Tennessee................................................................................................65
Texas .......................................................................................................66
Utah ........................................................................................................68
Vermont ..................................................................................................70
Virginia...................................................................................................71
Washington.............................................................................................73
Wisconsin ...............................................................................................75

II. VARIATIONS IN STATE UNJUST ENRICHMENT LAWS ......................78
Alabama..................................................................................................78
Arizona ...................................................................................................79
Arkansas .................................................................................................80
California ................................................................................................81
Colorado .................................................................................................82
Connecticut.............................................................................................84
Delaware .................................................................................................85

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

Florida ....................................................................................................86
Georgia ....................................................................................................87
Hawaii ....................................................................................................88
Idaho ....................................................................................................89
Illinois ....................................................................................................91
Indiana ....................................................................................................92
Iowa ....................................................................................................93
Kansas ....................................................................................................95
Kentucky ....................................................................................................96
Louisiana ....................................................................................................97
Maryland ....................................................................................................98
Massachusetts ....................................................................................................100
Michigan ....................................................................................................101
Minnesota ....................................................................................................102
Mississippi ....................................................................................................103
Missouri ....................................................................................................104
Nebraska ....................................................................................................106
Nevada ....................................................................................................107
New Hampshire ....................................................................................................108
New Jersey ....................................................................................................109
New Mexico ....................................................................................................111
New York ....................................................................................................112
North Carolina ....................................................................................................113
Ohio ....................................................................................................114
Oklahoma ....................................................................................................116
Oregon ....................................................................................................117
Pennsylvania ....................................................................................................119
Rhode Island ....................................................................................................120

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

South Carolina ........ 121
Tennessee ........ 123
Texas ........ 124
Utah ........ 125
Vermont ........ 127
Virginia ........ 128
Washington ........ 129
West Virginia ........ 131
Wisconsin ........ 132

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

Defendant American Honda Motor Co., Inc. ("Honda") hereby respectfully submits the following State Law Variations Appendix ("Appendix") in support of its Opposition to Plaintiffs' Renewed Motion for Class Certification. This Appendix does not include the Consumer Protection Statutes or Unjust Enrichment laws of Wyoming, Montana, North Dakota, South Dakota, Maine, Alaska, and Washington D.C. because there are no class members in these jurisdictions.

## I. VARIATIONS IN STATE CONSUMER PROTECTION STATUTES AND DECEPTIVE TRADE PRACTICES LAWS

| **ALABAMA**<br>*Deceptive Trade Practices Act*<br>**Ala. Code §§ 8-19-1 *et seq.*** | |
|---|---|
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action.**<br>Ala. Code § **8-19-10.**<br>*Ex Parte Exxon Corp.*, 725 So. 2d 930, 933 (Ala. 1998).<br>**Class action prohibited unless by attorney general.**<br>Ala. Code § 8-19-10(f); *Cheminova Am. Corp. v. Corker*, 779 So. 2d 1175, 1183 (Ala. 2000); 42 U.C.C. Rep. Serv. 2d (Callaghan) 142. |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **1 Year from discovery, but no later than 4 years.**<br>Ala. Code § 8-19-14. |
| **ACTUAL INJURY /DECEPTION** | **"Monetary damage" required.**<br>Ala. Code § 8-19-10(a)(1).<br>*Billions v. White & Staffor Furniture Co.*, 528 So. 2d 878, 880, (Ala. Civ. App. 1988). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Misconduct must cause "monetary damage."**<br>Ala. Code § 8-19-010(a).<br>*Billions v. White & Staffor Furniture Co.*, 528 |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | So. 2d 878, 880, (Ala. Civ. App. 1988).<br><br>**Reliance not controlling inquiry.**<br><br>*McGregor v. Chierico*, 206 F.3d 1378, 1388 (11th Cir. 2000), 2000-1 U.S. Tax Cas. (CCH) P72,834, 2000-1 Trade Cas. (CCH) P72,834 |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **"A representation is deceptive if it contains a material claim or omission that is reasonably likely to mislead consumers acting reasonably under the circumstances to their detriment. A representation or omission is material if it is of the kind usually relied upon by a reasonably prudent person."**<br><br>*F.T.C. v. Accent Marketing, Inc.* 2002 U.S. Dist. LEXIS 12545 *4 (S.D. Ala. 2002), 2002-2 Trade Cas. (CCH) P73,780 (Citations omitted) |
| **SCIENTER & LEVEL OF CULPABILITY** | **Defense to action if defendant "did not knowingly" commit violation of the act.**<br><br>Ala. Code § 8-19-13; *Srickland v. Katko Mfg., Inc.*, 512 So.2d 714, 718 (Ala. 1987); *Sam v. Beaird*, 685 So.2d 742, 744 (Ala. Ct. App. 1996) |
| **DAMAGES & REMEDIES** | **Greater of actual damages or $100; up to three times actual damages in discretion of court; no prejudgment interest; punitive damages recoverable up to three times actual damages; attorney's fee mandatory.**<br><br>Ala. Code § 8-19-10(a)(1) & (2) |
| **OTHER DEFENSES & FEATURES** | **Pre-filing demand required.**<br><br>Ala. Code § 8-19-10(e); *Deerman v. Fed. Home Loan Mortg. Corp.*, 955 F. Supp. 1393, 1399-1400 (N.D. Ala. 1997).<br><br>**Must waive any other cause of action arising out of transaction to bring action under the act.**<br><br>Ala. Code § 8-19-15. |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| **ARIZONA**<br>*Consumer Fraud Act*<br>**Ariz. Rev. Stat. Ann. §§ 44-1521 *et seq.*** | |
|---|---|
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class action permitted.**<br><br>*Sellinger v. Freeway Mobile Home Sales, Inc.*, 110, Ariz. 573, 576, 521 P.2d 1119, 1122, 62 A.L.R.3d 161 (Ariz. 1974); *Haisch v. Allstate Inc. Co.*, 197 Ariz. 606, 610, 5 P.3d 940, 944 (Ariz. Ct. App. 2000) |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **1 year from discovery.**<br><br>Ariz. Rev. Stat. Ann. §§ 12-541(5).<br><br>*Murry v. W. Am. Mortg. Co.*, 124 Ariz. 387, 390, 604 P.2d 651, 654 (Ariz. Ct. App. 1979); *Alaface v. Nat'l Inv. Co.*, 181 Ariz. 586, 592, 892 P.2d 1375, 1381 (Ariz. Ct. App. 1994) |
| **ACTUAL INJURY /DECEPTION** | **Actual damage or injury required.**<br><br>*Holeman v. Neils*, 803 F. Supp. 237, 242 (D. Ariz. 1992); *Nataros v. Fine Arts Gallery of Scottsdale, Inc.*, 126 Ariz. 44, 48, 612 P.2d. 500, 504 (Ariz. Ct. App. 1980). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Reliance required, but it need not be reasonable; proximate causation of injury also required.**<br><br>*Kuehn v. Stanley*, 208 Ariz. 124, 129, 91 P. 3d 346, 351 (Ariz. Ct. app. 2004); *Holeman v. Neils*, 803 F. Sup. 237, 242 (D. Ariz. 1992); *Dunlap v. Jimmy GMC of Tuscon, Inc.*, 136 Ariz. 338, 342, 666 P.2d 83, 87 (Ariz. Ct. App. 1983); *Winkler v. DTE, Inc.*, 205 F.R.D. 235, 242, (D. Ariz. 2001) |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Prohibits concealment of a "material" fact.**<br><br>Ariz. Rev. Stat. Ann. §§ 44-1522(A). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Wrongful concealment must be with "intent that others rely."**<br><br>Ariz. Rev. Stat. Ann. §§44-1522(A). |

| | |
|---|---|
| | **Specific intent not required; intent to do the act is sufficient.**<br><br>*Flagstaff Med. Ctr., Inc. v. Sullivan,* 773 F. Supp. 1325, 1361-62 (D. Ariz. 191), *aff'd in part, rev'd in part by* 962 F.2d 879 (9th cir. 1992); *State v. Goodyear Tire & Rubber Co.,* 128 Ariz. 483, 486, 626 P.2d 1115, 1118 (Ariz. Ct. App. 1981); *Clearly v. Wieser,* 151 Ariz. 293, 295, 727 P.2d 346, 348 (Ariz. Ct. App. 1986); *Alaface v. Nat'l Inv. Co.,* 181 Ariz. 586, 591, 892 P.2d 1375, 1380 (Ariz. Ct. App. 1994). |
| **DAMAGES & REMEDIES** | **Permits compensatory damages.**<br><br>*Holeman v. Neils,* 803 F. Supp. 237, 242 (D. Ariz. 1992); *Nataros v. Fine Arts Gallery of Scottsdale, Inc.,* 126 Ariz. 44, 48, 612 P.2d. 500, 504 (Ariz. Ct. App. 1980).<br><br>**No statutory damages in private action.**<br><br>*Peery v. Hansen,* 120 Ariz. 266, 270, 585 P.2d 574, 578 (Ariz. Ct. App. 1978)<br><br>**Punitive damages if violation of wanton, reckless, or involves "spite" or "ill will."**<br><br>*Howell v. Midway Holdings, Inc.* 362 F. Supp. 2d 1158, 1165 (D. Ariz. 2005); *Linthicum v. Nationwide Life Ins. Co.,* 150 Ariz. 326, 331, 723 P.2d 675, 680 (Ariz. 1986)<br><br>**Attorney's fees if fraud claim "arises out of contract: and in discretion of court.**<br><br>Ariz. Rev. Stat. Ann § 12-341.01(A); *Bennett v. Appaloosa Horse Club,* 201 Ariz. 372, 378, 35 P.3d 426, 432 (Ariz. Ct. app. 2001) |
| **OTHER DEFENSES & FEATURES** | **None found.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| **ARKANSAS**<br>*Deceptive Trade Practices Act*<br>**Ark. Code Ann. §§ 4-88-101 *et seq.*, 4-88-201 *et. seq.*** | |
|---|---|
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action for "any person" actually injured.**<br><br>Ark. Code Ann. § 4-88-113(f).<br><br>**Class actions permitted.**<br><br>*Lenders Title Co. v. Chandler*, 358 Ark. 66, 71, 186 S.W. 3d 695, 698 (Ark.. 2004) |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **5 years from violation.**<br><br>Ark. Code Ann. §§ 4-88-115. |
| **ACTUAL INJURY /DECEPTION** | **"Actual Damage or injury" required.**<br><br>Ark. Code Ann §§ 4-88-113(f); 4-88-204.<br><br>Ark. Code Ann. § 4-88-204. |
| **RELIANCE OR PROXIMATE CAUSATION** | **Right of action required "actual damage or injury" incurred "as a result of" a violation of the act.**<br><br>Ark. Code Ann. § 4-88-113(f). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Prohibits concealment of a "material" fact**<br><br>Ark. Code ann. §4-88-108(2) |
| **SCIENTER & LEVEL OF CULPABILITY** | **Prohibits "knowingly" making false representations of "benefits" of product.**<br><br>Ark. Code Ann. §§ 4-88-1079a)(1).<br><br>**Prohibits concealment with "intent that others reply."**<br><br>Ark. Code Ann. §§ 4-88-108(2). |

| | |
|---|---|
| **DAMAGES & REMEDIES** | **Allows only compensatory damages and reasonable attorney's fees.**<br>Ark. Code Ann. §§ 4-88-113(f).<br>**Allows punitive damages for elderly and disables persons.**<br>Ark. Code Ann. §§ 4-88-204. |
| **OTHER DEFENSES & FEATURES** | **None found.** |
| **CALIFORNIA**<br>*Consumer Legal Remedies Act*<br>**Cal. Civ. Code §§ 1750 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class action permitted.**<br>Cal. Civ. Code §§ 1780, 1781; *Stop Youth Addiction Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 562-563, 950 P.2d 1086, 1091-92, 71 Cal. Rptr. 2d 731, 737 (Cal. 1998); *Allied Grape Growers v. Bronco Wine Co.*, 203 Cal. App. 3d 432, 452, 249 Cal. Rptr. 872, 883 (Cal. Ct. App. 1988).<br>**Private right of action *limited* to consumers who purchased product "personal, family or household purposes."**<br>Cal. Civ. Code § 1761(d). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **3 years from date of improper practice.**<br>Cal. Civ. Code § 1783. |
| **ACTUAL INJURY /DECEPTION** | **"Any damage" required.**<br>Cal. Civ. Code § 1780(a). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Causation required as damages must be "as result of" the unlawful practice.**<br>Cal. Civ. Code § 1780(a)<br>**Reliance required where claim is based on fraudulent conduct.**<br>*Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 809-811, 66 Cal. Rptr. 3d |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | 543, 550-552 (2007 2d Cal. Dist.)<br><br>**Only permits an classwide inference of causation and reliance where a single material misrepresentation was directly made to each class member.**<br>*Vasquez v. Superior Court*, 4 Cal.3d 800, 814, 484 P.2d 964, 972, 94 Cal. Rptr. 796, 805 (1971); *Gonzalez v. Proctor & Gamble Company*, 247 F.R.D. 616, 624 (S.D. Cal. Sept. 12, 2007); *Caro v. Proctor & Gamble*, 18 Cal. App.4th 644, 668-69, 22 Cal. Rptr.2d 419, 433 (4th Dist. 1993). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Materiality required.**<br><br>*Caro v. Procter & Gamble Co.*, 22 Cal. Rptr.2d 419, 432 (Ct. App. 1993).<br><br>**Duty to disclose required for omission-based claim.**<br><br>*Daughterty v. Am Honda Motor Co., Inc.* 144 Cal. App. 4th 824, 838, 51 Cal. Rptr. 3d 118, 128-129 (2d Dist. 2006); *Bardin v. DiamerChrysler Corp.*, 136 Cal. App.4th 1255, 1276, 39 Cal. Rptr. 3d 634, 648-649 (4th Dist. 2006) |
| **SCIENTER & LEVEL OF CULPABILITY** | **No scienter requirement.**<br><br>Cal. Civ. Code § 1770(a).<br><br>Violation must be intentional for damages.<br><br>Cal. Civ. Code § 1784. |
| **DAMAGES & REMEDIES** | **Greater of actual damages or $1,000 in a class action; injunctive relief permitted; prejudgment interest allowed; punitive damages allowed.**<br><br>Cal. Civ. Code § 1780(a).<br><br>**Attorney's fees available.**<br><br>Cal. Civ. Code § 1780(d). |
| **OTHER DEFENSES & FEATURES** | Requires pre-suit notice and opportunity to cure.<br><br>Cal. Civ. Code § 1782. |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

**CALIFORNIA (CONT'D)**
*Unfair competition Law*
**Cal. Bus. & Prof code §§ 17200 *et seq.***

| | |
|---|---|
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class action permitted for those injured as a result of defendant's conduct.**<br><br>Cal. Bus. & Prof. Code § 17203.<br><br>*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 950 P.2d 1086, 1088 (Cal. 1998); *Allied Grape Growers v. Bronco Wine Co.*, 203 Cal. App. 3d 432, 452 (Cal. Ct. App. 1988) |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **4 year from accrual of action.**<br><br>Cal. Bus. & Prof Code § 17208.<br><br>**3 year for false advertising claims.**<br><br>Cal. Bus. & Prof. Code § 17500 (False Advertising Act.) and Code of Civ. P. § 338(a)(h). |
| **ACTUAL INJURY /DECEPTION** | **Actual injury required.**<br><br>Cal. Bus. & Prof. Code §17203 & 17204 (amended by Prop. 64 in November 2004) |
| **RELIANCE OR PROXIMATE CAUSATION** | **Causation required, but question of whether reliance must be is currently pending before the California Supreme Court.**<br><br>*Pfizer, Inc. v. Superior Court* 141 Cal. App. 4th 290, 300-304, 45 Cal. Rptr. 3d 840, 847-850 (2006) (review granted July 11, 2006, (S145775)).<br><br>**Only permits a classwide inference of causation only where single, marital misrepresentation was directly made to *each* class member.**<br><br>*Vasquez v. Superior Court*, 4 Cal.3d 800, 814, 484 P.2d 964, 972, 94 Cal. Rptr. 796, 805 (1971); *Gonzalez v. Proctor & Gamble Company*, 247 F.R.D. 616, 624 (S.D. Cal. Sept. 12, 2007); *Caro v. Proctor & Gamble*, 18 Cal. App.4th 644, 668-69, 22 Cal. Rptr.2d 419, 433 (4th Dist. 1993). |

| | |
|---|---|
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Materiality required.**<br><br>*Caro v. Procter & Gamble Co.*, 22 Cal. Rptr.2d 419, 433 (4th Dist. 1993).<br><br>**Duty to disclose required for omission based claim.**<br><br>*Berry v. Merit Property Mgmt. Inc.*, 152 Cal. App.4th 1544, 1556-1557, 62 Cal. Rptr.3d 177, 188 (4th Dist. 2007); *Daugherty v. Am Honda Motor Co., Inc.* 144 Cal. App.4th 824, 838, 51 Cal. Rptr. 3d 118, 128-129 (2d Dist. 2006) |
| **SCIENTER & LEVEL OF CULPABILITY** | **No scienter requirements; effect on consumer in judged under reasonable person standard, although unclear whether objective standard was replaced by actual deception and reliance after Proposition 64. Issues now before California Supreme Court.**<br><br>*Pfizer, Inc. v. Superior Court* 141 Cal. App.4th 290, 299-304, 45 Cal. Rptr. 3d 840, 847-850 (2006) (review granted July 11, 2006, S145775); *See also Faigman v. AT&T Mobility LLC*, 2007 U.S. Dist. LEXIS 52192 * 20-21, fn. 8 (N.D. Cal. July 18, 2007) ("It is therefore unsettled, as a matter of California law, whether actual reliance is required to plead a cause of action under UCL or FAL.") |
| **DAMAGES & REMEDIES** | **Damages not permitted; no attorney's fees; only equitable relief may be obtained.**<br><br>Cal. Bus. & Prof. Code § 17203; *Korea Supply v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144, 63 P.3d 937, 943, 131 Cal. Rptr. 2d 29, 37 (2003). |
| **OTHER DEFENSES & FEATURES** | **Allows claim to be based on "unfair" conduct, but California Courts have not reached a consensus on the standard of "unfairness" to be used.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| **COLORADO**<br>*Consumer Protection Act*<br>**Colo. Rev. Stat. Ann. § 6-1-101 *et seq.*** | |
|---|---|
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class action permitted.**<br><br>Colo. Rev. Stat. Ann § 6-1-113; *Coors v. Security Life of Denver Ins.*, 112 P. 3d 59, 62-64 (Colo. 2005); *Rhino Linings USA, Inc. v .Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147 (Colo. 2003) |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **3 years from longer of violation or discovery, plus 1 year if defendant caused delay.**<br><br>Colo. Rev. Stat. Ann. § 6-1-115; *Robinson v. Lynmar Racquet Club, Inc.*, 851 P.2d 274, 281 (Colo. Ct. App. 1993). |
| **ACTUAL INJURY /DECEPTION** | **Requires "injury in fact."**<br><br>*Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998).<br><br>*Colo. Rev. Sat. Ann* § 6-1-113(1)(a). |
| **RELIANCE OR PROXIMATE CAUSATION** | **"False representation must either induce a party to act, refrain from acting, or have the capacity or tendency to attract consumers."**<br><br>*Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 147 (Colo. 2003).<br><br>**Requires "that the challenged practice caused the plaintiff's injury."**<br><br>*Hall v. Walter*, 969 P.2d 224, 235 (Colo. 1998)<br><br>Colo. Rev. Stat. Ann. §§ 6-1-113(1)(a). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Prohibits concealment of "material information concerning goods" if such failure to disclose "was intended to induce the consumer to enter into a transaction."**<br><br>Colo. Rev. Stat. Ann. §§ 6-1-105(1)(u). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **SCIENTER & LEVEL OF CULPABILITY** | **Certain violations, including falsely representing "benefits" of a product, must be made "[k]nowingly."**<br><br>Colo. Rev. Stat. Ann. §§ 6-1-105(1)(e), (g) & (u). |
| **DAMAGES & REMEDIES** | **In a class action, only actual damages are permitted.**<br><br>Colo. Rev. Stat. Ann. §§6-1-113(2)(a).<br><br>**In an individual action, there is a statutory minimum of $500; prejudgment interest allowed: punitive damages allowed up to three times actual damages.**<br><br>Colo. Rev. Stat. Ann. §§ 6-1-113(1)(a); *Martinez v. Affordable Hous. Network*, 109 P.3d 983, 992 (Colo. Ct. App. 2004).<br><br>**Reasonable attorney's fees allowed.**<br><br>Colo. Rev. Stat. Ann. § 6-1-113(2) & (3). |
| **OTHER DEFENSES & FEATURES** | **Plaintiffs must demonstrate alleged deceptive practice "significantly impacts the public as actual or potential consumers".**<br><br>*Hall v. Walter,* 969 P.2d 224, 235 (Colo. 1998).<br><br>**If claims are "groundless" or otherwise improper, plaintiff is liable for defendant's fees and costs.**<br><br>Colo. Rev. Stat. Ann. §§ 6-1-113(3). |
| **CONNECTICUT**<br>*Unfair Trade Practices Act*<br>**Conn. Gen. Stat. Ann. §§ 42-110a *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action, but class permitted only on behalf of Conn. residents.**<br><br>Conn. Gen. Stat. Ann. § 42-110g(b). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **3 years "after the occurrence of a violation.**<br><br>Conn. Gen. Stat. Ann. § 42-110g(f). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **ACTUAL INJURY /DECEPTION** | **Requires "ascertainable loss of money" for private right of action.**<br><br>Conn. Gen. Stat. Ann. § 42-110g(a). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Reliance not required.**<br><br>*Izzarelli v. R.J. Reynolds Tobacco Co.*, 117 F.Supp. 2d 167, 176 (D. Conn. 2000); *Soloman v. WMN Assocs., Inc.*, 1994 Conn. Super. LEXIS 2683 *17 (Conn. Super. Ct. 1994) |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Materiality apparently not required because misrepresentation need not be part of the basis of the bargain.**<br><br>*Izzarelli v. R.J. Reynolds Tobacco Co.*, 117 F.Supp. 2d 167, 176 (D. Conn. 2000) |
| **SCIENTER & LEVEL OF CULPABILITY** | **Not required.**<br><br>*Calandro v. Allstate Ins. Co.*, 63 Conn. App. 602, 617, 778 A.2d 212, 221 (Conn. App. Ct. 2001); *Muniz v. Kraus*, 59 Conn. App. 704, 713, 757 A.2d 1207, 1214 (Conn. App. Ct. 2000); *Cheshire Mortg. Serv. Inc., v. Montes*, 223 Conn. 80, 106, 612 A.2d 1130, 1144 (Conn. 1992) |
| **DAMAGES & REMEDIES** | **Permits actual and injunctive relief allowed; punitive damages and attorney's fees within discretion of court.**<br><br>Conn. Gen. Stat. Ann. § 42-110g(a) and (d).<br><br>**Punitive damages dependent on proof of "reckless indifference to the rights of other or an intentional or wanton violation of those rights."**<br><br>*Gargano v. Heyman*, 203 Conn. 616, 622, 525 A. 2d 1343, 1347 (1987). |
| **OTHER DEFENSES & FEATURES** | **No jury trial right.**<br><br>*Assoc. Invest. Co., v. Williams Assocs.*, 230 Conn. 148, 150, 645 A.2d 505, 506 (Conn. 1994). |

| DELAWARE<br>*Consumer Fraud Act*<br>Del. Code Ann. Tit. 6, §§ 2511 *et seq.* | |
|---|---|
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class action permitted if the plaintiff pleads that the misrepresentation was made wholly or in part in Delaware.**<br><br>Del. Code Ann. Tit. 6 §§ 2525 *Young v. Joyce*, 351 A.2d 857, 859 (Del. 1975); *Spark v. MBNA Corp.*, 157 F. Supp.2d 330, 331-332 (D. Del. 2001 (aff'd, 48 Fed. Appx. 385 (3d Ct. 2002). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **3 years from discovery.**<br><br>Del. Code Ann. Tit 10 § 8106 (any action for damages); *Pender v. DaimlerChrysler Corp.*, 2004 Del. Super. LEXIS 275 * 1 (Del. Super. Ct. 2004); *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 650 (Del. Super. Ct. 1985). |
| **ACTUAL INJURY /DECEPTION** | **Neither deception nor injury are required elements under the act.**<br><br>Del. Doce. Ann. Titl. 6, § 2513(a).<br><br>**However, monetary recovery is based on damages.**<br><br>*Crosse v. BCBSD, Inc.*, 836 A. 2d 492, 497 (Del. 2003); *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1077 (Del. 1983). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Reliance not required.**<br><br>*Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983); *S&R Assocs. V. Shell Oil Co.*, 725 A.2d 431, 440 (Del. Super. Ct. 1998); *Pack & Process, Inc. v. Celotex Corp.*, 503 A.2d 646, 658 (Del. Super. Ct. 1985). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Prohibits concealment of a "material" fact.**<br><br>Del. Code ann. Titl. 6, § 2513(a); *Brandywine Volkswagen, Ltd. V. State*, 312 A.2d 632, 633-634 (Del. 1973). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Neither intent to make a deceptive or untrue statement nor intent to induce reliance required, but concealment claims require "intent that others rely" on** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | **concealment.**<br><br>Del. Code Ann. Tit. 6 § 2513(a); *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983); *Brandywine Volkswagen, Ltd. V. State*, 312 A.2d 632, 634 (Del. 1973). |
| **DAMAGES & REMEDIES** | **Actual damages allowed; attorney's fees only for elderly and disabled; punitive damages allowed only in cases where compensatory damages are available and where the fraud was gross, oppressive, and aggravated or involves a breach of trust or confidence.**<br><br>*Stevenson v. Capano De., Inc.*, 462 A.2d 1069, 1077 (Del. 1983); *Servino v. Med. Ctr. Of Del.*, 1997 Del. Super. LEXIS 274 * 10-11 (Del. Super. Ct. 1997)<br><br>**Injunctive relief permitted.**<br><br>Del. Code Ann. Tit. 6, § 2523. |
| **OTHER DEFENSES & FEATURES** | **Not found.** |
| **FLORIDA**<br>*Deceptive and Unfair Trade Practices Act.*<br>**Fla. Stat. Ann. § 501.201 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action for anyone "aggrieved by a violation of [the act]" and class actions permitted.**<br><br>Fla. Stat. Ann. §501.211.<br><br>*Barnhill v. Fla. Microsoft Litig.*, 905 So. 2d 195, 197-198 (Fla. Ct. App. 2005); *PNR, Inc. v. Beacon Prop. Mgmt, Inc.*, 842 So. 2d 73, 777 (Fla. 2003). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **4 years.**<br><br>Fla. Stat. Ann. § 95.11(3)(f). |
| **ACTUAL INJURY /DECEPTION** | **Right of action granted '[w]ithout regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation."** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | Fla. Stat. Ann. §501.211.<br><br>**But, to recover damages, must show a "loss as a result" of violation.**<br><br>Fla. Stat. Ann. § 501.211(2). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Reliance and causation not required.**<br><br>*Davis v. Powertel, Inc.* 776 So.2d 971, 973-74 (Fla. Ct. App. 2000); *Latman v. Costa Cruise Lines N.V.*, 758 So.2d 699, 703 (Fla. Dist. Ct. App. 2000). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Not required.**<br><br>*Davis v. Powertel, Inc.* 776 So.2d 971, 973-74 (Fla. Ct. App. 2000) |
| **SCIENTER & LEVEL OF CULPABILITY** | **Not required; must show that only conduct is "likely to mislead" reasonable consumers.**<br><br>*Davis v. Powertel, Inc.* 776 So.2d 971, 973-74 (Fla. Ct. App. 2000); *W.S. Babcock Corp. v. Myers*, 696 So. 2d 776, 779 (Fla. Dist. Ct. App. 1996). |
| **DAMAGES & REMEDIES** | **Actual damages plus attorney's fees and costs; equitable relief available.**<br><br>Fla. Stat. Ann. § 501.211; *Martinez v. Rick Case Cars, Inc.* 278 F. Supp.2d 1371, 1373 (S.D. Fla. 2003) |
| **OTHER DEFENSES & FEATURES** | **None found.** |
| **GEORGIA**<br>*Uniform Deceptive Trade Practices Act. ("UDTPA")*<br>**Ga. Code Ann. § 10-1-370 *et seq.***<br>*Fair Business Practices Act.("FBPA")*<br>**Ga. Code ann. § 10-1-390 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action for injunctive relief only under UDTPA.**<br><br>Ga. Code Ann. § 10-1-373<br><br>**Private right of action, but no class action under FBPA.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | Ga. Code. Ann. § 10-1-399 |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **4 years from discovery under UDTPA.**<br><br>Ga. Code. Ann. § 9-3-31.<br><br>*Kason Indus. Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 1204-05 (11th Cir. 1997).<br><br>**2 years from discovery under FBPA.**<br><br>Ga. Code Ann. § 10-1-401(a) |
| **ACTUAL INJURY /DECEPTION** | **Must establish "likely to be damaged."**<br><br>Ga. Code Ann. § 10-1-373; *Kason Indus., Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199,1203 (11th Cir. 1997).<br><br>**FBPA requires "injury or damages."**<br><br>Ga. Code Ann § 10-1-399; *Regency Nissan, Inc. v. Taylor,* 194 Ga. App. 645,647, 391 S.E.2d 467, 470 (Ga. Ct. App. 1990) |
| **RELIANCE OR PROXIMATE CAUSATION** | **Reliance not required under UDTPA.**<br><br>Ga. Code Ann. § 10-1-372(b).<br><br>**Reliance and causation required under FBPA.**<br><br>Ga. Code Ann. § 10-1-399(a); *Baranco, Inc. . Bradshaw,* 217 Ga. App. 169, 172, 456 S.E.2d 592, 594 (Ga. Ct. App. 1995); *Zeeman v. Black,* 156Ga. App.82,86-87, 273 S.E. 2d 910, 916 (Ga. Ct. App. 1980); *Regency Nissan, Inc. v. Taylor*, 194 Ga. App. 645,647, 391 S.E.2d 467, 470 (Ga. Ct. App. 1990) |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Material omissions required.**<br><br>*Regency Nissan, Inc. v. Taylor,* 391 S.E.2d 467, 470 (Ga. Ct. App. 1990). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Intent to deceive not required under UDTPA.**<br><br>Ga. Code Ann. § 10-1-373.<br><br>**Neither knowledge of deception nor intent to deceive required under FBPA.** |

| | |
|---|---|
| | *Regency Nissan, Inc. v. Taylor,* 194 Ga. App. 645,647, 391 S.E.2d 467, 470 (Ga. Ct. App. 1990); *Henderson v. Gandy*, 270 Ga. App. 827, 829-830, 608 S.E.2d 248, 252 (Ga. Ct. App. 2004). |
| **DAMAGES & REMEDIES** | **No civil damages under UDPTA, including statutory damages; only injunctive relief available; attorney's fees also permitted.**<br><br>Ga. Code Ann. § 10-1-373(a)-(c); *Catrett v. Landmark Dodge, Inc.*, 253 Ga. App. 639, 644, 560 S.E.2d 101, 106 (Ga. Ct. App. 2002); *Moore-Davis Motors, Inc. v. Joyner,* 252 Ga. App. 617, 619, 556 S.E.2d 137,140 (2001).<br><br>**FBPA permits recovery of actual damages, injunctive relief, and punitive damages if specific intent shown; no statutory damages or prejudgment interest.**<br><br>Ga. Code Ann. § 10-1-399(a) & (c); *Conseco Fin. Serv. Corp. v. Hill,* 252 Ga. App. 774, 777-778, 556 S.E.2d 468, 473, (Ga. Ct. App. 2001). |
| **OTHER DEFENSES & FEATURES** | **FBPA requires pre-suit demand letter.**<br><br>Ga. Code Ann. § 10-1-399(b).<br><br>**FBPA requires "administrator" to be served with complaint and provided an opportunity to be heard in case.**<br><br>Ga. Code Ann. § 10-1-399(g).<br><br>**FBPA limits "consumer(s)" to "natural person[s]" and "transactions" to those involving good for "personal family or household" purposes.**<br><br>Ga. Code Ann. § 1-10-1-392(a)(2) and (3). |
| **HAWAII**<br>*Unfair Practices Act*<br>**Haw. Rev. Stat. § 480-1 *et seq*.** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class action permitted.**<br><br>Haw. Rev. Stat. § 480-13.<br><br>*Leibert v. Fin. Factors, Ltd.*, 71 Haw. 285, 291-92, 788 P.2d 833, 837-38 (Haw. 1990); |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | *Beerman v. Toro Mfg. Corp.*, 1 Haw. App. 111, 116-17, 615 P.2d 749, 754 (Haw. Ct. App. 1980)<br><br>**Private right to action limited to "consumers" defined as a "natural person."**<br><br>Haw. Rev. Stat. §§ 480-1, 480-13.<br><br>*Hunt v. First Ins. Co. of Haw.*, 82 Haw. 363, 372-73, 922 P.2d 976, 985-86 (Haw. Ct. App. 1996). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **4 years from discovery.**<br><br>Haw. Rev. Stat. § 480-24.<br><br>*Leibert v. Fin. Factors, Ltd.* 788 P.2d 833, 837 (Haw. 1990) |
| **ACTUAL INJURY /DECEPTION** | **Suit for damages requires "private damage."**<br><br>*Sambor v. Omnia Credit Servs., Inc.*, 183 F. Supp.2d 1234, 1244 (D. Haw. 2002)<br><br>Haw. Rev. Stat. § 480-13.<br><br>**"monetary damage" not required to obtain injunctive relief.**<br><br>Haw. Rev. Stat. § 481A-4.<br><br>**"Actual confusion or misunderstanding" not required.**<br><br>Haw. Rev. Stat. § 481A-3(b). |
| **RELIANCE OR PROXIMATE CAUSATION** | **In a suit for damages, violation must "cause" actual damage.**<br><br>Haw. Rev. Stat. § 480-13; *Sambor v. Omnnia Credit Servs. Inc.*, 183 F. Supp.2d 1234, 1244 (D. Haw. 2002) |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Material omissions required.**<br><br>Haw. Rev. Stat. § 480-2(b); *Beerman v. Toro Mfg. Corp.*, 615 P.2d 749, 754 (Haw. Ct. App. 1980) |
| **SCIENTER & LEVEL OF CULPABILITY** | **Intent not required for damages.**<br><br>Haw. Rev. Stat. § 480-2; *Davis v. Wholesale* |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | *Motors*, 86 Haw. 405, 417, 949 P.2d 1026,1038 (Haw. Ct. App. 1997)<br><br>**No intent required for injunctive relief.**<br><br>Haw. Rev. Stat. § 481A-4. |
| **DAMAGES & REMEDIES** | **A sum not less than $1,000 or three times actual damages, which ever is greater, unless plaintiff is an "elder" in which case it is the greater of $1,000 or three times damages; injunctive relief available; attorney's fees mandatory.**<br><br>Haw. Rev. Stat. § 480-13; *Eastern Star, Inc. v. Union Bldg. Materials Corp.* 6 Haw. App. 125, 127, 712 P.2d 1148, 1151 (Haw. 1985); *Cieri v. Leticia Query Realty, Inc.*, 80 Haw. 54, 61, 905 P.2d 29, 36 (Haw. 1995); *Liebert v. Finance Factors, Ltd.*, 788 P.2d 833, 838 (Haw. 1990)<br><br>**In class actions, only compensatory damages are awarded; $1,000 minimum does not apply.**<br><br>Haw. Rev. Stat. § 480-13(c)(1). |
| **OTHER DEFENSES & FEATURES** | **None found.** |
| **IDAHO**<br>*Consumer Protection Act*<br>**Idaho Code §§ 48-601 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class action permitted.**<br><br>Idaho Code § 48-608. |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **2 years from discovery.**<br><br>Idaho Code § 48-619. |
| **ACTUAL INJURY /DECEPTION** | **Requires "ascertainable loss" for private right of action.**<br><br>Idaho Code § 48-608; *In re Wiggins*, 273 B.R. 839, 880-81 (Bankr. D. Idaho 2001); *Yellowpine Water Users' Ass'n v. Imel*, 105 Idaho 349, 352, 670 P.2d 54, 57 (Idaho 1983); *Jackson v. Wood*, 124 Idaho 342, 344, 859 P.2d 378, 380 (Idaho Ct. App. 1993). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Ascertainable loss incurred "as a result of violation.**<br><br>Idaho Code § 48-608.<br><br>*Jackson v. Wood,* 859 P.2d 378, 380 (Idaho Ct. App. 1993)<br><br>**"Actual deception" not required; "tendency to deceive" is enough.**<br><br>*State ex rel. Kidwell v. Master Distribs., Inc.*, 101 Idaho 447, 454, 615 P.2d 116, 122-23 (Idaho 1980). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Material omissions required.**<br><br>*State ex rel. Kidwell v. master Distribs., Inc., 615 P.2d 116, 122-23 (Idaho 1980).* |
| **SCIENTER & LEVEL OF CULPABILITY** | **Knowledge of falsity required for affirmative representations.**<br><br>Idaho Code § 48-603; *State ex rel. Kidwell v. Master Dsitribs., Inc.*, 615 P.2d 116, 122-23 (Idaho 1980) |
| **DAMAGES & REMEDIES** | **Individual action, greater of actual damages or $1,000 and punitive damages if "repeated" or "flagrant"; prejudgment interest and injunctive relief available.**<br><br>Idaho Code § 48-608(1); *In re Wiggins*, 273 B.R. 839, 880-81 (Bankr. D. Idaho 2001); *Mac Tools, Inc. v. Griffin*, 126 Idaho 193, 196-97, 879 P.2d 1126, 1129-30 (Idaho 1994).<br><br>**Statutory minimum damages of $1,000 must be entered if elements of statute are established.**<br><br>*Fenn v. Noah*, 142 Idaho 775, 779-80, 133 P.3d 1240, 1244-45 (Idaho 2006); *White v. Mock,* 140 Idaho 882, 890, 104 P.3d 356, 364 (Idaho 2004).<br><br>**Mandatory attorney's fees to prevailing plaintiff.**<br><br>Idaho Code § 48-607.<br><br>**Class action damages limited to "actual damages" or "a total for the class that may** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | **not exceed one thousand dollars ($1,000), whichever is the greater."**<br><br>Idaho Code § 48-608(1).<br><br>**Attorney's fees available.**<br><br>Idaho Code § 48-608(4); *Nalen v. Jenkins*, 113 Idaho 79, 82, 741 P.2d 366, 369 (Idaho 1987); *Israel v. Leachhman*, 139 Idaho 24, 26-7, 72 P.3d 864, 866-67 (Idaho 2003). |
| **OTHER DEFENSES & FEATURES** | **None found.** |
| **ILLINOIS**<br>*Consumer Fraud and Deceptive Business practice Act*<br>**815 ILL. COMP. STAT. 5051/1 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class action permitted.**<br><br>815 ILL. COMP. STAT. 5051/10; *Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill. 2d 100, 179-80, 835 N.E.2d 801, 849-50 (Ill. 2005); *Subruban 1 Inc., v. GHS Mort. LLC*, 358 Ill. App. 3d 769, 773, 833 N.E.2d 18, 22 (Ill. Ct. App. 2005). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **3 years from discovery.**<br><br>815 ILL. COMP. STAT. 505/10a(e).<br><br>*Walsh v. Barry-Harlem Corp.*, 272 Ill. App. 3d 418, 425-26, 649 N.E.2d 614, 618-19 (Ill. Ct. App. 1995); *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 441 (7th Cir. 1994) (quoting *Knox Coll. v. Elotex Corp.*, 88 Ill.2d 407, 415, 430 N.E.2d 976, 980 (1981)). |
| **ACTUAL INJURY /DECEPTION** | **Actual deception and actual injury required.**<br><br>815 ILL. COMP. STAT. 505/10a.<br><br>*Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134, 155, 776 N.E.2d 151, 164 (2002); *Bunting v. Progressive Corp.*, 348 Ill. App.3d 575, 581, 809 N.E.2d 225, 231 (1st Dist. 2004); *Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill.2d 100, 199, 835 N.E.2d 801, 860-61 (2005), *cert. denied*, 547 U.S. 1003, 126 S. Ct. 1470, 164 L.Ed. 2d 248 (2006) |

| | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | **Proximate causation required.**<br><br>*Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134, 155, 776 N.E.2d 151, 164 (2002); *Seigel v. Levy Org. Dev. Co.*, 153 Ill. 2d 534, 542-43, 607 N.E.2d 194, 198 (Ill. 1992)<br><br>**The deception must occur in the course of conduct involving trade and commerce and proximately cause the damage.**<br><br>*Bunting v. Progressive Corp.*, 348 Ill. App.3d 575, 581, 809 N.W.2d 225, 231 (1st Dist. 2004); *Xydakis v. Target,* 333 F. Supp.2d 686, 688 (N.D. Ill. 2004). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Misrepresentations must be material.**<br><br>815 ILL. COMP. STAT. 505/2; *Ryan v. Wersi Elec. GmbH & Co.,* 59 F.3d 52, 53-54 (7th Cir. 1995). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Intent to deceive is not required, but intent that consumer rely on the information is required.**<br><br>*Griffin v. Universal Cas. Co.* 274 Ill. App. 3d 1056, 1065, 654 N.E.2d 694, 700-01 (1st. Dist. 1995); *Bunting v. Progressive Corp.*, 348 Ill. App.3d 575, 581, 809 N.E.2d 225, 231 (1st Dist. 2004); *Smith v. Prime Cable of Chi.*, 276 Ill. App. 3d 843, 856-57, 658 N.E.2d 1325, 1335 (Ill. Ct. App. 1995); *Hoke v. Beck*, 224 Ill. App. 3d 674, 679, 587 N.E.2d 4, 8 (Ill. Ct. App. 1992). |
| **DAMAGES & REMEDIES** | **Statutory and compensatory damages permitted.**<br><br>815 ILL. COMP. STAT. 505/2S & 10a.<br><br>**Statute does allow punitive damages under "other relief" provision. Grounds for that relief must be alleged fraud, malice, or gross negligence indicating wanton disregard for the rights of others.**<br><br>815 ILL. COMP. STAT. 505/2AA; *Guess v. Brophy*, 164 Ill. App.3d 75, 81, 517 N.E.2d 693, 697 (4th Dist. 1987).<br><br>**Injunctive relief permitted.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | 815 ILL. COMP. STAT. 505/7.<br><br>**Attorney's fees permitted.**<br><br>815 ILL. COMP. STAT. 505/2S, 2w, 2AA, & 10a. |
| **OTHER DEFENSES & FEATURES** | **Jury trial right does not exist.**<br><br>*Martin v. Heinold Commodities, Inc.* 163 Ill. 2d 33, 75, 643 N.E.2d 734, 754 (1994). |
| **INDIANA**<br>*Deceptive Consumer Sales Act*<br>**Ind. Code Ann. § 24-5-0.5-1 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class action permitted.**<br><br>Ind. Code Ann. §24-5-0.5-4; McKinney v. State 693 N.E.2d 65, 69 (Ind. 1998). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **2 years from occurrence of act.**<br><br>Ind. Code Ann. § 24-5-0.5-5(b). |
| **ACTUAL INJURY /DECEPTION** | **"Actual damages" required.**<br><br>Ind. Code Ann. § 24-5-05-4(a). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Reliance and proximate causation required.**<br><br>Ind. Code Ann. § 24-5-05-4(a); *Captain & Co. v. Steinberg,* 505 N.E.2d 88, 98-99 (Ind. Ct. App. 1987). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Material omissions.**<br><br>Ind. Code Ann. § 24-5-0.5-3(a); *Berghausen v. Microsoft Corp.,* 765 N.E.2d 592, 598-99 (Ind. Ct. app. 2002). |
| **SCIENTER & LEVEL OF CULPABILITY** | **"Incurable" deceptive practices require "knowing violation" and "intent to mislead"; most "uncured" deceptive practices require defendant had "known or reasonably should have known."** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | *McKinney v. State*, 693 N.E.2d 65, 68-9 (Ind. 1998). |
| **DAMAGES & REMEDIES** | **Before 2005 amendment, recovery limited to "damages actually suffered."**<br><br>**After 2005 amendment, damages "actually suffered" or $500, whichever is greater, allows attorney's fees. Allows damages for willful deceptive act of three times actual damages or $1,000, whichever is greater.**<br><br>**Injunctive relief and discretionary attorney's fees available.**<br><br>Ind. Code Ann. § 24-5-0.5-4; P.L. 165-2005; *Missi v. CCC Custom Kitchens, Inc.* 731 N.E.2d 1037, 1041 (Ind. Ct. App. 2000).<br><br>**Prejudgment interest recoverable.**<br><br>*Clark's Pork Farms v. Sand Livestock Sys., Inc.*, 563 N.E.2d 1292, 1301 (Ind. Ct. App. 1990). |
| **OTHER DEFENSES & FEATURES** | **Required notice to defendant unless deceptive act is "incurable."**<br><br>*Ind. Code Ann.* § 24-5-0.5-5.<br><br>**Money recovered in a class action that cannot be returned to consumers within one year reverts back to defendant.**<br><br>Ind. Code Ann. § 24-5-0.5-4(b). |
| **IOWA**<br>*Consumer Fraud Act*<br>**Iowa Code § 714.16** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **No private right of action; attorney general only.**<br><br>*Molo Oil Co. v. River City Ford Truck Sales, Inc.*, 578 N.W.2d 222, 227-28 (Iowa 1998). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | *N/A* |
| **ACTUAL INJURY /DECEPTION** | *N/A* |

| | |
|---|---|
| **RELIANCE OR PROXIMATE CAUSATION** | *N/A* |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | *N/A* |
| **SCIENTER & LEVEL OF CULPABILITY** | *N/A* |
| **DAMAGES & REMEDIES** | *N/A* |
| **OTHER DEFENSES & FEATURES** | *N/A* |
| **KANSAS**<br>*Consumer Protection Act.*<br>**Kan. Stat. Ann §§ 50-623, *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class action allowed.**<br>Kan. Stat. Ann. § 50-634.<br>**Class actions only allowed for certain claims.**<br>Kan. Stat. Ann. § 50-634(d). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **3 years from date of violation.**<br>Kan. Stat. Ann. § 60-512(2)¶; *Alexander v. Certified Master Builders Corp.*, 268 Kan. 812, 819, 1 P.3d 899, 905-08 (Kan. 2000); *Haag v. Dry Basement, Inc.*, 11 Kan. App. 2d 649, 650, 732 P.2d 392, 394 (Kan. Ct. App. 1987). |
| **ACTUAL INJURY /DECEPTION** | **Only "aggrieved" consumer, one who suffers loss or injury, may recover damages.**<br>Kan. Stat. Ann. § 50-634(b)¶; *Findtad v. Washburn Univ. of Topeka*, 252 Kan. 465, 472, 845 P.2d 685, 691 (Kan. 1993); *Lowe v. Surpas Res. Corp.*, 253 F. Supp.2d 1209, 1229, n. 16 (D. Kan. 2003). |
| **RELIANCE OR PROXIMATE CAUSATION** | **"Casual connection" required.**<br>Kan. Stat. Ann. §§ 50-626; 50-634(b)¶; |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | *Finstad v. Washburn Univ. of Topeka*, 845 P.2d 685, 690-92 (Kan. 1993). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Misrepresentation of omission must be of a "material fact."**<br><br>Kan. Stat. Ann. § 50-626(b)(2)-(4). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Most deceptive acts or practices require willful or knowing (or have reason to know of) misrepresentation or omission.**<br><br>Kan. Stat. Ann. § 50-626(a), (b)(2)-(4).<br><br>**Party must not willfully violate Act, but must merely engage in the willul use of misrepresentation or an omission.**<br><br>*Moore v. Bird Eng'g Co.*, 273 Kan. 2, 13-17, 41 P.3d 755, 762-64 (Kan. 2002); *York v. In Trust Bank, N.D.*, 265 Kan. 271, 291, 962 P.2d 405, 420-21 (Kan. 1998); *Haag v. Dry Basement, Inc.*, 11 Kan. App. 2d 649, 653, 732 P.2d 392, 395 (Ct. App. 1987). |
| **DAMAGES & REMEDIES** | **In individual action, plaintiff may recover equitable relief or the greater of damages of civil penalty of up to $10,000 for each violation.**<br><br>Kan. Stat. Ann. §§ 50-634(b), 50-636(a).<br><br>**Prejudgment interest allowed.**<br><br>*Schnuelle v. C&C Auto Sales, Inc.*, 99 F. Supp. 2d 1294, 1298-99 (D. Kan. 2000).<br><br>**Punitive Damages may be awareded.**<br><br>*York v. In Trust Bank, N.D.*, 265 Kan. 271, 306, 962 P.2d 405, 429 (Kan. 1998); *Equitable Life Leasing Corp. v. Abbick*, 243 Kan. 513, 517-18, 757 P.2d 304, 307-08 (Kan. 1988)¶ Kan. Stat. Ann. § 50-636.<br><br>**Discretionary attorney's fees.**<br><br>Kan. Stat. Ann. 50-634(e).<br><br>**Attorney's fees discretionary.**<br><br>Kan. Stat. Ann. § 850-634(e); *Dodson v. U-Needa Self Storage* , 32 Kan. App. 2d 1213, 1220-21, 96 P.3d 667, 673-74 (2004); *Watkins v. Roach Cadillac, Inc.*, 7 Kan. |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | App. 2d 8, 15, 637 P.2d 458, 464 (Kan. Ct. ap. 1981).<br><br>**Recovery in class action limited to recovery of actual damage.**<br><br>Kan. Stat. Ann. § 50-636(d) |
| **OTHER DEFENSES & FEATURES** | **Consumers limited to individuals, husbands and wives, sole proprietors, or family partnerships.**<br><br>Kan. Stat. Ann. § 50-624(b).<br><br>**Jury trial allowed.**<br><br>*Waggener v. Seever Systems, Inc.*, 233 Kan. 517, 520, 664 P.2d 813, 818 (1983). |
| **KENTUCKY**<br>*Consumer Protection Act*<br>**Ky. Rev. Stat. Ann § 367.110 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action allowed.**<br><br>Ky. Rev. Sat. Ann. § 367.200(1).<br><br>**Class action likely prohibited.**<br><br>*Arnold v. Microsoft Corp.*, No. 00-CI-00123, 2001 WL 193765, at *6 (Ky. Cir. Ct. July 21, 2000) aff'd, No. 2000-CA-002144-MR 2001 WL 1835377 (Ky. Ct. App. Nov. 21, 2001). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **1 year after any action brought by attorney general terminated or within 2 years after violation of Act, whichever is later.**<br><br>Ky. Re. Stat. Ann. § 3670.220(1).<br><br>**Does not require proof of actual deception of some person.**<br><br>*Telecom Directories, Inc. v. Commonw. Ex. Rel. Cowan,* 833 S.W.2d 848, 850 (Ky. Ct. App. 1991). |
| **ACTUAL INJURY /DECEPTION** | **Must suffer "ascertainable loss of money or property, real or personal, as a result of" violation.** |

| | |
|---|---|
| | Ky. Rev. Stat. Ann. § 367.220(1).<br><br>**Does not require proof of actual deception of some person.**<br><br>*Telecom Directories, Inc. v. Coomonw, ex rel. Cowan,* 833 S.W.2d 848, 850 (Ky Ct. App. 1991). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Proximate causation of casual relationship between act or practice and injury.**<br><br>Ky. Rev. Sat. Ann. § 367.220(1); *Ky Laborers Dist. Council Health & Welfare Trust Fund v. Hill & Knowlton, Inc.*, 24 F.Supp.2d 755, 774 (W.D. Ky. 1998); *Woods v. Walgreen Co.*, No. 3:01 CV-646-S, 2003 U.S. Dist. LEXIS 4060 * 7 (W.D. Ky. Mar. 17, 2003). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Material omissions.**<br><br>*Smith v. Gen. Motors. Corp.*, 979 S.W.2d 127, 130-31 (Ky. Ct. app. 1998) |
| **SCIENTER & LEVEL OF CULPABILITY** | **Must show defendant's actions are intentional or grossly negligent.**<br><br>*Sparks v. Re/Max Allstar Realty, Inc.*, 55 S.W.3d 343, 348 (Ky. Ct. App. 2000), *review denied* (Oct. 17, 2001); *Capital Cadillac Olds. Inc. v. Roberts*, 813 S.W.2d 287, 291 (Ky. 1991). |
| **DAMAGES & REMEDIES** | **Actual damages, discretionary punitive damages, equitable relief, reasonable attorney's fees, and costs allowed.**<br><br>Ky. Rev. Stat. Ann. § 367.220(1), (3). |
| **OTHER DEFENSES & FEATURES** | **Limited to persons who purchase or lease goods or services for personal, family or household purposes.**<br><br>Ky. Rev. Stat. Ann § 367.220(1); *Hunt Enters., Inc. v. John Deere Indus. Equip. Co.*, 18 F. Supp. 2d 697, 702 (W.D. Ky. 1997), aff'd, 162 F.3d 1161 (6th Cir. 1998). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| **LOUISIANA**<br>*Unfair Trade Practices Acts*<br>**La. Rev. Stat. Ann., § 51:1401 *et seq.*** | |
|---|---|
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right for individuals only; class actions prohibited.**<br><br>La. Rev. Stat. Ann. § 51:1409(A)¶; *Liberia Credit Bureau, Inc. v. Cingular Wireless LLC,* 379 F.3d 159, 174-75 (5th Cir. 2004). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **1 year "from the time of the transaction or act."**<br><br>La. Rev. Stat. Ann. § 51:1409(E); *Mayo v. Simmon,* 94-590, 646 So.2d 973, 976 (La. Ct. App. Nov. 2, 1994). |
| **ACTUAL INJURY /DECEPTION** | **"[A]scertainable loss of money or movable property" required.**<br><br>La. Rev. Stat. Ann. § 51:1409(A); *Landrum v. Bd. of Comm'rs of Orleans Levee dist.,* 758 F. Supp. 387, 392 (E.D. La. 1991). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Loss must have occurred "as a result of the use of employment by another person of an unfair or deceptive method, act or practice."**<br><br>La. Rev. Stat. Ann. § 51:1409(A). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Material omissions.**<br><br>*Coffey v. Peoples Mort. & Loan of Shreveport, Inc.* 408 So.2d 1153, 1156 (La. App. 1981). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Defendant must have acted :knowingly" for treble damages.**<br><br>La. Rev. Stat. Ann. § 51:1409(A). |
| **DAMAGES & REMEDIES** | **Permits recovery of actual damages; attorney's fees; and treble damages for knowing violations, but only if the defendant is "put on notice by the director or attorney general.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | La. Rev. Stat. Ann. § 51:1409(A); *Laurents v.La. Mobile Homes, Inc.*, 96-976 (Feb. 5, 1997 La.App.3); 689 So.2d 536, 541.<br>**Prejudice interest available in all La. tort actions.**<br>La. Rev. Stat. Ann. § 13:4203.<br>**No punitive damages beyond treble damages.**<br>La. Rev. Stat. Ann. § 51:1409(A). |
| **OTHER DEFENSES & FEATURES** | **"Consumer transaction" defined to require a "natural person" transacting "primarily...for personal, family, or household use."**<br>La. Rev. Stat. Ann. § 51:1402(3). |
| **MARYLAND**<br>*Consumer Protection Act*<br>**Md. Code Ann., com Law. § 13-101 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class actions allowed.**<br>Md. Code Ann., Com. Law. § 13-408(a).<br>*Philip Morris Inc. v. Angeletti*, 358 Md. 689, 750-51, 752 A.2d 200, 234-36(Md. 2000); *Morris v. Osmose Wood Preserving*, 340 Md. 519, 538, 667 A.2d 624, 634 (Md. 1995) |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **3 years.**<br>Md. Code Ann. Cts. & Jud. Proc. § 5-101; *Greene Tree Home Owners Ass'n, Inc. v. Greene Tree Assocs.*, 358 Md. 453, 480-81, 749 A.2d 806, 820-21 (Md. 2000). |
| **ACTUAL INJURY /DECEPTION** | **Private right of action "may be invoked only to compensate a consumer for actual injury or loss."**<br>Md. Code Ann., Com. Law § 13-408(a) *Berg v. Byrd*, 124 Md. App. 208, 214, 720 A.2d 1283, 1286 (Md. Ct. Spec. App. 1998); *Morris v. Osmose Wood Preserving*, |

| | |
|---|---|
| | 667 A.2d 624, 634 (Md. 1995); *D&G Flooring, LLC v. Home Depot USA, Inc.*, 346 F. Supp. 2d 818, 823 (D. Md. 2004)<br><br>**Representation must have the "capacity, tendency, or effect of deceiving or misleading consumer."**<br><br>Md. Code Ann., Com. Law § 13-301(1). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Private right of action for damages requires injury or loss "as the result" of proscribed practice.**<br><br>Md. Code Ann., Com. Law § 13-408(a). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Misrepresentation or omission must be of a "material fact."**<br><br>Md. Code ann., Com. Law § 13-301(3), (4), (9).<br><br>**A deceptive practice must include a material misrepresentation involving information important to consumers, and therefore likely to affect their choice of product.**<br><br>*Luskin's Inc. v. Consumer Prot. Div.*, 353 Md. 335, 358-59, 726 A.2d 702, 713 (Md. 1999). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Scienter not required.**<br><br>Md. Code Ann., Com. Law § 13-301(1); *Consumer Prot. Div. V. Morgan*, 387 Md. 125, 148-49, 874 A.2d 919, 932-33 (Md. 2005); *Golt v. Phillips*, 308 Md. 1, 10-11, 517 A.2d 328, 332-33 (Md. 1986). |
| **DAMAGES & REMEDIES** | **For private right of action, compensatory damages; no punitive damages.**<br><br>Md. Code Ann., Com. Law § 13-408(a) *Golt v. Phillips, 517* A.2d 328, 333 (Md. 1986); *McGraw v. Loyola Ford, Inc.*, 124 Md. App. 560, 576, 723 A.2d 502, 510 (Md. Ct. App. 1999); *Hoffman v. Stamper*, 385 Md. 1, 47-48, 867 A.2d 276, 304 (Md. 2005).<br><br>**Attorney's fees may also be recovered after other damages are awarded.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | Md. Code Ann., Com. Law 13-408(b). |
| **OTHER DEFENSES & FEATURES** | **The intent of the General Assembly is that, in construing the term "unfair or deceptive trade practices," due consideration and weight be given to the interpretations of § 5(a)(1) of the Federal Trade Commission Act by the Federal Trade Commission and the federal courts.**<br><br>Md. Code Ann., Com. Law § 13-105. |
| **MASSACHUSETTS**<br>*Consumer Protection Act*<br>**Mass. Gen. Laws ch. 93A § 1 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class actions allowed.**<br><br>Mass. Gen. Laws ch. 93A, § 9(1), (2); *Szymanski v. Boston Mut. Life Inc. Co.*, 56 Mass. App. Ct. 367, 369-70, 778 N.E.2d 16, 19-20 (Mass. Ct. App. 2002). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **4 years from discovery.**<br><br>Mass. Gen. Laws ch. 260 § 5A |
| **ACTUAL INJURY /DECEPTION** | **Injury required.**<br><br>Mass. Gen. Laws ch. 93A, § 9(1); *Hershenow v. Enter. Rent-a-Car Co. of Boston, Inc.*, 445 Mass. 790, 797-98, 840 N.E. 2d 526, 532-33, aff'd 840 N.E.2d 541 (Mass. 2006) |
| **RELIANCE OR PROXIMATE CAUSATION** | **Causation required between unfair acts and claimed loss.**<br><br>*Aspinall v. Philip Morris Cos.*, 442 Mass. 381, 392-93, 813 N.E.2d 476, 485-86 (Mass. 2004); *Fraser Eng'g Co. Inc. v. Desmond*, 26 Mass. App. Ct. 99, 104, 524 N.E.2d 110, 113 (Mass. Ct. App. 1988); *Slaney v. Westwood Auto, Inc.*, 366 Mass. 688, 704, 322 N.E.2d 768, 779 (Mass. 1975).<br><br>**Reliance not required.**<br><br>*Sebago, Inc. v. Beazer E., Inc.*, 18 F.Supp.2d 70, 103 (D. Mass. 1998). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Deceptive if contains material omission.**<br><br>*Underwood v. Risman,* 414 Mass. 96, 101-02, 605 N.E.2d 832, 836 (Mass. 1993); *Aspinall v. Philip Morris Cos.*, 813 N.E.2d 476, 487 (Mass. 2004); |
| **SCIENTER & LEVEL OF CULPABILITY** | **No intention to deceive need be shown; defendant need not know representation was false.**<br><br>*Swanson v. Bankers Life Co.*, 389 Mass. 345, 349, 450 N.E.2d 577, 580 9Mass. 1983); *Fraser Eng'g Co., Inc. v. Desmond* 26 Mass. App. Ct. 99, 104, 524 N.E.2d 110, 113 (Mass. Ct. App. 1988); *Golder v. Baybank Valley Trust Co.*, 46 Mass. App. Ct. 256, 261, 704 N.E.2d 1191, 1194 (Mass. Ct. app. 1999); *Slaney v. Westwood Auto, Inc.*, 322 N.E.2d 768m, 779 (Mass. 1975) |
| **DAMAGES & REMEDIES** | **Greater of actual damages or $25 and double to treble damages for "willful or knowing" violations.**<br><br>Mass. Gen. Laws ch. 93A § 9(3); *Aspinall v. Philip Morris Cos.*, 813 N.E.2d 476, 490-91 (Mass. 2004).<br><br>**Prejudgment interest allowed.**<br><br>*McEvoy Travel Bur., Inc. v. Norton Co.*, 408 Mass. 704, 716, 563 N.E.2d 188, 196 (Mass. 1990); *Patry v. Liberty Mobilehome Sales, Inc.*, 394 Mass. 270, 273, 475 N.E.2d 392, 394-95 (Mass. 1985).<br><br>**Attorney's fees mandatory.**<br><br>Mass. Gen. Laws ch. 93A §9(4). |
| **OTHER DEFENSES & FEATURES** | **Pre-suit demand required at least thirty days prior to filing action.**<br><br>Mass. Gen. Laws ch. 93A, § 9(3).<br><br>**If reasonable settlement offer rejected by plaintiffs, court may limit recovery to settlement amount.**<br><br>Mass. Gen. Laws ch. 93A, § 9(3), (4).<br><br>**No jury trial right.**<br><br>*Travis v. McDonald,* 397 Mass. 230, 233- |

| | |
|---|---|
| | 34, 490 N.E.2d 1169, 1172 (Mass. 1986). |
| **MICHIGAN**<br>*Consumer Protection Act*<br>**Mich. Comp. Laws Ann. §§ 445.901 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class actions allowed.**<br><br>Mich. Comp. Laws Ann. § 445-911. |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **Later of 6 years after occurrence of act and 1 year after last payment.**<br><br>Mich. Comp. Laws Ann. § 445-911(7). |
| **ACTUAL INJURY /DECEPTION** | **Plaintiff must have "suffer[ed a] loss."**<br><br>Mich. Comp. Laws. Ann. § 445.911(2).<br><br>**The act allows recovery for mental distress where those damages are the "legal and natural sequences of the wrongful act and might reasonably have been anticipated."**<br><br>*Lozada v. Dale Baker Oldsmobile, Inc.* 136 F. Supp. 2d 719, 728 (W.D. Mich. 2001) |
| **RELIANCE OR PROXIMATE CAUSATION** | **Loss must be "as a result of a violation" of the Act.**<br><br>Mich. Compl. Laws Ann. § 445.911(2).<br><br>**Misleading acts or practices must be proximate cause of any damages.**<br><br>*Zine v. Chrysler Corp.*, 236 Mich. App. 261, 285, 600 N.W.2d 384, 399 (Mich. Ct. App. 1999).<br><br>**Members of a class action "need not individually prove reliance on the alleged misrepresentations," just show reasonable person would have relied.**<br><br>*Dix v. Am. Bankers Life Assurance Co. of Fla.*, 429 Mich. 410, 418, 415 N.W.2d 206, 209 (Mich. 1987) |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Requires proof that a "reasonable person would have relied on the representations."**<br><br>*Dix v. American Bankers Life Assurance Co. of Fla.*, 415 N.W.2d 206, 209 (Mich. 1987).<br><br>**Actions under § 455.903(1)(s), (bb), and (cc) require omission or misrepresentation as to a material fact, which is a fact "that is important to the transaction or affects the consumer's decision to enter into the transaction."**<br><br>Mich. Comp. Laws Ann. § 455.903(1)(s), (bb), (cc). *Zine v. Chrysler Corp.*, 236 Mich. App. 261, 283, 600 N.W.2d 384, 398 (Mich. Ct. App. 1999). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Plaintiff must show defendant's "intent to deceive through a pattern of misrepresentations."**<br><br>Mich. Comp. Laws Ann. § 445-911(6); *Dix v. American Bankers Life Assurance Co. of Fla.*, 415 N.W.2d 206, 209 (Mich. 1987). |
| **DAMAGES & REMEDIES** | **In individual actions, the greater of actual damages or $250, and attorney's fee.**<br><br>**Class actions are limited to actual damages.**<br><br>**Injunctive and declaratory relief also available.**<br><br>Mich. Comp. Laws ann. § 445.911(2), (3); *Smolen v. Dahlmann Apartments, Ltd.*, 186 Mich App. 292, 295, 463 N.W.2d 261, 263 (1990).<br><br>**Punitive damages allowed for persistent and knowing violations, not to exceed $25,000.**<br><br>Mich. Comp. Laws Ann. §445-905(1). |
| **OTHER DEFENSES & FEATURES** | **Must be "primarily for personal, family or household purposes."**<br><br>Mich. Comp. Laws Ann. § 445-902(d)<br><br>**"[I]f an item is purchased primarily for** |

| | |
|---|---|
| | **business or commercial rather than personal purposes, the [Act] does not supply protection."** <br><br> *Zine v. Chrysler, Corp.*, 600 N.W.2d 384, 393 (Mich. Ct. App 1999). <br><br> **If a defendant shows that a violation was through a good faith error, plaintiff's damages are limited to actual damages.** <br><br> Mich. Comp. Laws Ann. § 445.911(6). |
| **MINNESOTA** <br> *Consumer Fraud Act* <br> **Minn. Stat. §§ 325F.68-.70** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class actions allowed.** <br><br> Minn. Stat. § 8.31(3a). <br><br> *Dahl v. Charles Schwab & Co.*, 545 N.W.2d 918, 920 (Minn. 1996). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **6 years.** <br><br> Minn. Stat. § 541.05(1). <br><br> *Estate of Riedel v. Life Care Retirement Communities, Inc.*, 505 N.W.2d 78, 83 (Minn. Ct. App. 1993). |
| **ACTUAL INJURY /DECEPTION** | **Civil remedy available to "any person injured."** <br><br> Minn. Sat. § 8.31(3a) <br><br> **Not limited to actual purchaser of products, "as long as the plaintiff alleges an injury" from conduct prohibited under the Act.** <br><br> *Certified Question United States Dist. Court Order v. Philip Morris, Inc.*, 621 N.W.2d 2, 11 (Minn. 2001). <br><br> **Statements must "actually deceive[] or have the tendency to deceive a substantial segment of their audience."** <br><br> *Nordale, Inc. v. Samsco, Inc.*, 830 F.Supp. 1263, 1272 (D. Minn. 1993), *aff'd*, 8 F.3d |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | 1179 (Fed. Cir. 1996). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Injury must be "by a violation" of the Act.**<br><br>Minn. Stat. § 88.31(a).<br><br>**There must be a "proper legal nexus between the complained of acts and their alleged monetary losses"**<br><br>*LeSage v. Norwest Bank Calhoun-Isles, N.A.* 409 N.W.2d 536, 539 (Minn. Ct. app. 1987).<br><br>**Proof of reliance is required for damages (but not for injunctive relief).**<br><br>*Thompson v. Am. Tobacco Co.* 189 F.R.D. 544, 553 (D. Minn. 1999); *Parkhill v. Minn. Mut. Life Ins., Co.* 188 F.R.D. 332, 344-45 (D. Minn. 1999); *Certified Question United States Dist. Court Order v. Philip Morris, Inc.* 621 N.W.2d 2, 13 (Minn. 2001) |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Deception must be "material" to the "buying decisions" of plaintiffs.**<br><br>*Nordale, Inc. v. Samsco, Inc.*, 830 F. Supp. 1263, 1272 (D. Minn. 1993). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Must establish that defendants "intended to induce reliance."**<br><br>*Thompson v. Am. Tobacco Co.*, 189 F.R.D. 544, 553 (D. Minn. 1999) |
| **DAMAGES & REMEDIES** | **Actual damages, "costs of investigation," reasonable attorney's fees, and injunctive relief.**<br><br>Minn. Stat. § 8.31(3a).<br><br>**Actual damages are to be measured by the "out-of-pocket" loss, or the difference between the actual value of the merchandise and the price paid for the merchandise "along with any special damages naturally and proximately caused by the fraud prior to its discovery, including expenses incurred in mitigating the damages."**<br><br>*B.F. Goodrich Co. v. Mesabi Tire co.*, 430 |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | N.W.2d 180, 182 (Minn. 1988); *Higgins v. Harold-Chevrolet-Geo Inc.*, No. A04-596, 2004 Minn. App. LEXIS 1303 at * 8-9 (Minn. Ct. App. Nov. 23, 2004). |
| **OTHER DEFENSES & FEATURES** | **Complained-of-misrepresentation must be "commercial advertising," made with the intent to influence purchasing decisions and disseminated to the public.**<br><br>*Group Health Plan, Inc. v. Philip Morris, Inc.*, 68 F. Supp. 2d 1064, 1069-70 (D. Minn. 1999). |
| **MISSISSIPPI**<br>*Consumer Protection Act*<br>**Miss. Code Ann. §§ 75-24-1 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action:**<br><br>1) only for individuals, not business or commercial entities;<br><br>2) only for lease or sale of good and services primarily for personal use;<br><br>3) Only after exhausting administrative remedies;<br><br>4) No class actions.<br><br>Miss. Code Ann. § 75-24-15(1)-(4). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **3 Years.**<br><br>Miss. Code Ann. § 15-1-49.<br><br>*Clark v. Commercial Credit Corp.*, 357 F.Supp.2d 962, 965 (S.D.Miss. 2005). |
| **ACTUAL INJURY /DECEPTION** | **Plaintiff must have suffered "any ascertainable loss of money or property."**<br><br>Miss. Code. Ann. § 75-24-15(1).<br><br>**Statements need not be literally false, but only must be capable of deceiving a reasonable person** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | *Sw. Starving Artists Group, Inc. v. State ex rel. Summer*, 364 So.2d 1128, 1131 (Miss. 1978). |
| **RELIANCE OR PROXIMATE CAUSATION** | **"Ascertainable loss" must be "a result of" unlawful acts.**<br><br>Miss. Code. Ann. § 75-24-15-(1). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Omissions likely actionable.**<br><br>Miss. Code. Ann. 75-24-03(c) (courts interpreting statute must be guided by interpretations of FTC Act by federal courts); *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988) (cause of action for omissions allowed.) |
| **SCIENTER & LEVEL OF CULPABILITY** | **Only some subsections require intent.**<br><br>Miss. Code Ann. § 75-24-15(i) and (j). |
| **DAMAGES & REMEDIES** | **Compensatory damages only.**<br><br>Miss. Code Ann. § 78-24-15(1).<br><br>**Court may award prevailing defendant attorney's fees and costs of plaintiffs' claims were frivolous.**<br><br>Miss. Code Ann. § 75-24-15(3).<br><br>**Civil penalty of $10,000 if violation was knowing or willful.**<br><br>Miss. Code Ann. § 75-24-19. |
| **OTHER DEFENSES & FEATURES** | **Private right of action limited to purchases of goods or services "primarily for personal, family or household purposes."**<br><br>Miss. Code Ann. § 75-24-15(1).<br><br>**Prior to bringing a claim, plaintiff must have made a reasonable attempt to resolve any claim through informal dispute program.**<br><br>**Miss. Code Ann.** § 75-24-15(2).<br><br>No class actions. |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | **Miss. Code Ann. § 75-24-15(4).** |
| **MISSOURI**<br>*Merchandising Practices Act*<br>**Mo. Ann. Stat. §§ 407-010 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class actions allowed; limited to "merchandise primarily for personal, family or household purposes."**<br><br>Mo. Ann. Stat. § 407.025 |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **5 years.**<br><br>Mo. Ann. Stat. § 516.120. |
| **ACTUAL INJURY /DECEPTION** | **Plaintiffs must have suffered an "ascertainable loss of money or property."**<br><br>Mo. Ann. Stat. § 407.025(1).<br><br>**Reliance not required.**<br><br>*State v. AreaCo. Inv. Co.*, 756 S.W.2d 633, 635-36 (Mo.App. 1988). |
| **RELIANCE OR PROXIMATE CAUSATION** | **"Ascertainable loss" must be "a result of" unlawful acts.**<br><br>Mo. Ann. Stat. § 407.025(1).<br><br>**Injury must be "proximately caused by defendant's actions."**<br><br>*Willard v. Bic Corp.*, 788 F.Supp. 1059, 1071 (W.D.Mo. 1991). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Omissions are prohibited.**<br><br>Mo. Ann. Stat. § 407.020(1). |
| **SCIENTER & LEVEL OF CULPABILITY** | **No need to prove intent.**<br>*E.g., State ex rel. Nixon v. Beer Nuts*, 29 S.W.3d 828, 837 (Mo. Ct. App. 2000) (the Act eliminates need to prove intent); *State ex rel. Webster v. Areaco inc. Co.*, 756 S.W.2d 633, 634, (Mo.Ct. App. 1988)("It is the defendant's conduct, not his intent, which determines whether a violation has occurred.") |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **DAMAGES & REMEDIES** | **Actual damages and discretionary punitive damages and attorney's fees.**<br><br>Mo. Ann. State. § 407.025(1). |
| **OTHER DEFENSES & FEATURES** | **Consumer who purchase goods for their business o not have standing to sue under the Act.**<br><br>*Saey v. CompUSA, Inc.*, 174 F.R.D. 448, 450 (E.D.Mo. 1997)(Purchaser of computer for his business could n ot sue under the Act).<br><br>**Specific class action requirements within the Act.**<br><br>Mo. Ann. Stat. § 07.025(3)-(4). |
| **NEBRASKA**<br>*Consumer Protection Act. (CPA)*<br>**Neb. Rev. Stat. § 59-1601 to 1623.**<br>*Uniform Deceptive Trade Practices Act. (DTPA)*<br>**Neb. Rev. Stat. 87-301 10-306.** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Under the CPA, unfair or deceptive act must have an impact o the public interes.**<br><br>Neb. Rev. Stat. Ann. § 59-1609, 87-303(a).<br><br>*Arthur v. Microsoft Corp.*, 267 Neb. 586, 595, 676 N.W.2d 29, 36 (Neb. 2004); *Nelson v. Lusterstone Surfacing Co.*, 258 Neb. 678, 684, 605 N.W.2d 136, 142 (Neb. 2000). (:"The act is not available to redress a private wrong where the public interest is not affected."). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **CPA – 4 years after the cause of action accrues.**<br><br>Neb. Rev. Sat. Ann. § 59-1612.<br><br>**DTPA – 4 years from the date of the purchase of goods.**<br><br>Neb. Rev. Stat. Ann. § 87-303.10; *Meyer Bros, Inc. v. Travelers Ins. Co.*, 250 Neb. 389, 393-94, 551 N.W.2d 1, 4 (Neb. 1996). |
| **ACTUAL INJURY /DECEPTION** | **Plaintiff must be injured in his business or property.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | Neb. Rev. Stat. § 59-1609. |
| **RELIANCE OR PROXIMATE CAUSATION** | **"In order to establish an act or practice is deceptive, the FTC must establish that the representations, omissions, or practices likely would mislead consumer, acting reasonably, to their detriment."**<br><br>Nev. Rev. Stat. Ann. § 59-1609, 89-303(a). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **"Any provisions of Ch. 59 shall follow the construction given to the federal law by the federal courts."**<br><br>Neb. Rev. Stat. Ann. § 59-1609- 87-303(a).<br><br>**Plaintiff must prove "that the practice possessed the tendency or capacity to mislead, or created the likelihood of deception."**<br><br>*Raad v. Wal-Mart Stores, Inc.*, 13 F.Supp.2d 1003, 1014 (D. Neb. 1998). |
| **SCIENTER & LEVEL OF CULPABILITY** | **No scienter requirement.**<br><br>Neb. Rev. Stat. Ann. 87-303(a).<br><br>**Plaintiff must rely on the misrepresentation; knowledge by plaintiff of the truth prior to acting will negate a claim.**<br><br>*Raad v. Wal-Mart Stores, Inc.*, 13 F.Supp.2d 1003, 1016 (D.Neb. 1998). |
| **DAMAGES & REMEDIES** | **CPA allows for recovery of actual damages.**<br><br>Neb. Rev. Stat. Ann. § 59-1609.<br><br>**Court can increase the award of damages to an amount that bears a reasonable relation to actual damages which are not susceptible of measurement by ordinary pecuniary standards, but not to exceed $1000.**<br><br>Neb. Rev. Stat. Ann. § 59-1609.<br><br>**DTPA does not allow for recovery of actual damages.**<br><br>*Triple-7, Inc. v. Intervet, Inc.*, 338 F. |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | Supp.2d 1082, 1087 (D.Neb. 2004) |
| **OTHER DEFENSES & FEATURES** | **To be actionable under the Act., "the unfair or deceptive act or practice must have an impact upon the public interest."**<br><br>*Nelson v. Lusterstone Surfacing Co.*, 605 N.W.2d 136, 141-42 (Neb. 2000).<br><br>**Impact on the public interest can be direct or indirect.**<br><br>*Arthur v. Microsoft Corp.*, 676 N.W.2d 29, 38 (Neb. 2004). |
| **NEVADA**<br>*Deceptive Trade Practices Act*<br>**Nev. Rev. Stat. §§ 598-0903 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Only elderly or disabled have a private right of action under the Act.**<br><br>Nev. Rev. Stat. Ann. § 598-0977 |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **4 years, accruing from the date facts constituting deceptive trade practice where discovered or should have been discovered.**<br><br>Nev. Rev. Stat. § 11.190(2)(d). |
| **ACTUAL INJURY /DECEPTION** | **Claim limited to recovery of "any damages" sustained.**<br><br>Nev. Rev. Stat.§ 41.600(3)(a). |
| **RELIANCE OR PROXIMATE CAUSATION** | **A claim may be brought by or on behalf of "any person who is a victim of consumer fraud."**<br><br>Nev. Rev. Stat. § 41.600(1). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Deceptive trade practices include "fail[ure] to disclose a material fact in connection with sale or lease of goods."**<br><br>Nev. Rev. Stat. § 598.0923(2). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Requires defendant "knowingly" make a false representation;**<br><br>Nev. Rev. Stat. § 598.0915; *Scaffidi v. United Nissan*, 425 F.Supp.2d 1172, 1190 (D. Nev. 2005) (no cause of action against a |

| | |
|---|---|
| | car dealer where no evidence of intentional deception).<br><br>**Or "knowingly" fail to disclose a material fact.**<br><br>Nev. Rev. Stat. § 598.0923(2). |
| **DAMAGES & REMEDIES** | **Only elderly or disabled may recover; actual damages, punitive damages and attorney's fees.**<br><br>Nev. Rev. Stat. § 598.0977. |
| **OTHER DEFENSES & FEATURES** | **None found.** |
| **NEW HAMPSHIRE**<br>*N.H. Consumer Protection Act ("CPA")*<br>**N.H. Rev. Stat. Ann. §§ 358-A;1 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class actions allowed.**<br><br>N.H. Rev. Stat. Ann. §§ 358-A:10, 258-A:10-a. |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **3 years, but evidence of conduct more than 3 years earlier may be introduced.**<br><br>N.H. Rev. Stat. § 358-A:3. |
| **ACTUAL INJURY /DECEPTION** | **Act allows "any person injured" to bring a claim and to bring a class action "if the unlawful act or practice has caused similar injury to numerous other persons."**<br><br>N.H. Rev. Stat. Ann. § 358-A:10a.<br><br>**The Act "does not require a showing of actual damages for the claimant to be awarded the statutory minimum and attorney's fees."**<br><br>*Preferred Nat'l Inc. Co. v. Docusource, Inc.*, 149 N.H. 759, 767, 829 A.2d 1068, 1075 (N.H. 2003). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Plaintiff must establish a "causal link" between the unlawful conduct and their injuries.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | *Mulligan v. Choice Mortgage Corp. USA*, 1998 U.S. Dist. LEXIS 13248, at *35 (D.N.H. Aug. 11, 1998). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Material omissions may be actionable.**<br><br>*State v. Moran*, 151 N.H. 450, 452, 861A.2d 763, 765 (NH courts look to FTC Act for guidance); *FTC v. World Travel Vacation Brokers, Inc.*, 861 F.2d 1020, 1029 (7th Cir. 1988) (omissions are actionable under FTC Act.) |
| **SCIENTER & LEVEL OF CULPABILITY** | **No level of scienter required for normal damages. Damages doubled or trebled for "willful or knowing violations."**<br><br>N.H. Rev. Stat. Ann. § 258-A:10.<br><br>**"The objectionable conduct must attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce."**<br><br>*Barrows v. Boles*, 141 N.H. 382, 390, 687 A.2d 979, 986 (N.H. 1996). |
| **DAMAGES & REMEDIES** | **In individual actions, greater of actual damages or $1000 and attorney's fees; if the violation was "willful or knowing," court shall award between two and three times actual damages.**<br><br>N.H. Rev. Stat. Ann. § 358-A:10.<br><br>**Class action damages limited to actual damages, equitable relief, and discretionary attorney's fees.**<br><br>N.H. Rev. Stat. Ann. § 358-A:10-a. |
| **OTHER DEFENSES & FEATURES** | **Specific class action provision within the Act.**<br><br>N.H. Rev. Stat. Ann. § 358-A:10-a. |
| **NEW JERSEY**<br>*Consumer Fraud Act.*<br>**N.J. Stat. Ann. §§ 59:8-19 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class actions allowed.**<br><br>N.J. Stat. Ann. § 56:8-19. |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800