| | |
|---|---|
| | *Weinberg v. Sprint corp.* 173 N.J. 233, 249, 801 A.2d 281, 291 (N.J. 2002). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **6 years.**<br><br>N.J. Stat. Ann. § 2A:14-1;  *Mirra v. Holland Am, Line,* 331 N.J. Super. 86, 90, 751 A.2d 138, 140 (App. Div. 2000). |
| **ACTUAL INJURY /DECEPTION** | **Plaintiff must show "ascertainable loss of moneys or property."**<br><br>N.J. Stat. Ann. § 56:8-19.<br><br>**Standing requires a plaintiff to plead a claim for damages that would survive a summary judgment motion.**<br><br>*Weinberg v. Sprint Corp.,* 801 A.2d 281, 283 (N.J. 2002). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Any person who suffers ascertainable loss of moneys or property "as a result of" unlawful acts may bring an action.**<br><br>*N.J. Stat. Ann.* § 56:8-19.<br><br>**This "causation' provision" requires plaintiff "to prove that the unlawful consumer fraud caused his loss"**<br><br>*Cox v. Sears Roebuck & Co.,* 138 N.J. 2, 23, 647 A.2d 454, 464 (N.J. 1994).<br><br>**"But for" test applies for proximate cause determination.**<br><br>*Fink v. Ricoh Corp.,* 365 N.J. Super. 520, 540-41, 839 A.2d 942, 955-56 (N.J. Super. 2003).<br><br>**Liaility under the Act "does not require proof of reliance"**<br><br>*DaBosh v. Mercedes Benz USA, Inc.,* 378 N.J. Super. 105, 122, 874 A.2d 1110, 1121 (N.J. Super. Ct. App. Div. 2005); *N.J. Citizen Action v. Schering-Plough Corp.,* 367 N.J. Super. 8, 15, 842 A.2d 174, 178 (N.J.Super. Ct. App. Div. 2003). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Material omissions are prohibited.**<br><br>N.J. Stat. Ann. § 56:8-2. |
| **SCIENTER & LEVEL OF CULPABILITY** | **Defendant's intent is not an element; liability for affirmative misrepresentations requires no knowledge of the falsity of the misrepresentation, negligence, or the intent to deceive; for omissions must show knowledge AND intent.**<br><br>*Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 605-606, 691 A.2d 350, 365 (N.J. 1997).; *Thiedmann v. Mercedes Benz USA, Inc.,* 183 N.J. 234, 245, 872 A.2d 783, 791 (N.J. 2005)., |
| **DAMAGES & REMEDIES** | **Damages are limited to a party's ascertainable loss of money or property."**<br><br>N.J. Stat. Ann. § 56:8-19.<br><br>**No punitive damages, but treble damages are mandatory one plaintiff proves an unlawful practice under the Act and resulting ascertainable loss.**<br><br>N.J. Stat. Ann. § 56:8-19; *Cox v. Sears Roebuck & Co.,* 647 A.2d 454, 465 (N.J. 1994).<br><br>**Attorney's fees and costs available to prevailing plaintiffs.**<br><br>N.J. Sat. Ann. § 56:9-19.<br><br>**Attorney's fees are mandatory if plaintiff proves an unlawful practice defined by the Act.**<br><br>*BJM Insulation & constr. Inc. v. Evans,* 287 N.J. Super. 513, 517, 671 A.2d 603, 605 (App. Div. 1996). |
| **OTHER DEFENSES & FEATURES** | **Plaintiff must mail a copy of the complaint to the attorney general within 10 days of filing.**<br><br>N.J. Stat. Ann. § 56:8-20. |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| NEW MEXICO *Unfair Trade Practices* **N.M. Stat. Ann. §§ 57-12-1 et seq.** | |
|---|---|
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class actions allowed.** N.M. Stat. Ann. § 51-12-10. |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **4 years from discovery of violation.** N.M. Stat. Ann. § 37-1-4; *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430 (10th Cir. 1996). |
| **ACTUAL INJURY /DECEPTION** | **No injury requirement for injunctive relief only.** N.M. Stat. Ann. § 57-12-10(A). **In a suit for damages, plaintiffs must have suffered a "loss of money or property."** N.M. Stat. Ann. § 57-12-10(B). Only named plaintiffs may recover statutory damages of $100 without proving actual damages. N.M. Stat. Ann. § 57-12-10(E). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Any person who suffers a loss of money or property "as a result of" unlawful acts may being an action.** N.M. Stat. Ann. § 57-12-10(b). **Plaintiff must show defendant's violation proximately caused plaintiff damages.** *Uniform Jury Instructions* 13-1707 NMRA (instructions that plaintiffs "may recover damages proximately caused by the deceptions") *Stevenson v. Louis Dreyfus Corp.*, 112 N.M. 97, 100, 811 P.2d 1308, 1311 (N.M. 1991). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Material omissions are prohibited.** N.M. Stat. Ann. § 57-122(D)(14). **Material facts reasonably necessary to prevent any statements from being misleading must be disclosed.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

|  |  |
|---|---|
|  | *Smoot v. Physician Life Ins. Co.,* 135 N.M. 265, 269, 87 P.3d 545, 549 (N.M. Ct. App. 2003). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Need not be intentionally made, but defendant must know that representation is false or in exercise of reasonable diligence should have known that representation is false.**<br><br>N.M. Stat. Ann. § 57-12-2(D).<br><br>*Taylor v. United Mgmt., Inc.,* 51 F.Supp.2d 1212, 1216 (D.N.M. 1999); *Stevenson v. Louis Dreyfus Corp.,* 811 P.2d 1308, 1311 (N.M. 1991).<br><br>**Willful violations allow for treble damages.**<br><br>N.M. Stat. Ann. § 57-12-10(B). |
| **DAMAGES & REMEDIES** | **Greater of actual damages or $100; discretionary treble damages if willful violation.**<br><br>N.M. Stat. Ann. § 57-12-10(B).<br><br>**Mandatory attorney's fees to successful plaintiff; Attorney's fees and costs to defendant if suit was "groundless."**<br><br>N.M. Stat. Ann. § 5-12-10(C).<br><br>**Unnamed class members limited to actual damages.**<br><br>N.M. Stat. Ann. § 57-12-10(E). |
| **OTHER DEFENSES & FEATURES** | **Attorney's fees awarded to defendant where plaintiff's claims are groundless.**<br><br>N.M. Stat. Ann. § 57-12-10(C).<br><br>**"Good faith defense available."**<br><br>*Hubbard v. Albuquerque Truck Ctr. Ltd.,* 125 N.M. 153, 160-61, 1998 NMCA 58 at P33-35, 958 P.2d 111, 118-19 (N.M. Ct. App. 1998). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **NEW YORK**<br>*Consumer Protection from Deceptive Acts and Practices*<br>**N.Y. Gen. Bus. Law ¶¶ 349 to 350-f-1** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class actions available.**<br><br>N.Y. Gen. Bus. Law § 249(h)<br><br>*Small v. Lorillard Tobacco co.,*252 A.D.2d 1, 4, 679 N.Y.S.2d 593, 597 (App. Div. 1998), aff'd 720 N.E.2d 892 (N.Y. 1999).<br><br>**Plaintiff must show harm to public interest.**<br><br>*U-Neek, Inc. v. Wal-Mart Stores, Inc.,* 147 F. Supp. 2d 158, 176 (S.D.N.Y. 2001). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **3 years.**<br><br>*Gaidon v. Guardian Life Ins., Co. of Am.,* 96 N.Y.S.2d 201, 208-209, 750 N.E.2d 1078, 1082, 727 N.Y.S.2d 30, 34 (N.Y. 2001). |
| **ACTUAL INJURY /DECEPTION** | **Plaintiff must prove actual injury but "not necessarily pecuniary harm."**<br><br>*Stutman v. Chem. Bank,* 95 N.Y.2d 24, 29, 731 N.E.2d 608, 611-12, 709 N.Y.S.2d 892, 896 (N.Y. 2000); *Pelman ex. Rel. Pelman v. McDonald's Corp.,* 396 F.3d 508, 511 (32d Cir. 2005). |
| **RELIANCE OR PROXIMATE CAUSATION** | **"Whether a representation or omission, the deceptive practice must be likely to mislead a reasonable consumer acting reasonably under the circumstances."**<br><br>*Stuntman v. Chem. Bank,* 731 N.E. 2d 608, 611-12 (N.Y. 2000). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **"Whether a representation or omission, the deceptive practice must be likely to mislead a reasonable consumer acting reasonably under the circumstances."**<br><br>*Stuntman v. Chem. Bank,* 731 N.E.2d 608, 611-12 (N.Y. 2000). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Intent to defraud is not an element of a claim under the Act.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | *Stutman v. Chem. Bank,* 731 N.E.2d 608, 612 (N.Y. 2000).<br><br>**Discretionary treble damages for willful or knowing violations.**<br><br>N.Y. Gen. Bus. Law § 349(h) |
| **DAMAGES & REMEDIES** | **Greater of actual damages or $50 in individual action; discretionary treble damages for willful or knowing violations; discretionary attorney's fees to prevailing party.**<br><br>N.Y. Gen. Bus. Law § 349(h); *Teller v. Hayes,* 213 A.D.2d 141, 147, 630 N.Y.S.2d 769, 773 (2d Dept. 1995): *Karlin v. IVF Am.,* 93 N.Y.2d 282, 291, 712 N.E.2d 662, 666, 690 N.Y.S.2d 495, 499 (1999) (characterizing discretionary treble damages as "punitive damages").<br><br>**Class recovery limited to actual damages and injunctive relief.**<br><br>*Super Glue Corp. v. Avis Rent A Car Sys. Inc.,* 132 A.D.2d 604, 606, 517 N.Y.S.2d 764, 767 (app. Div. 1987).<br><br>**Reasonable attorneys fees are recoverable by prevailing plaintiff at courts discretion.**<br><br>N.Y. Gen. Bus. Law § 349.(h). 350-c. |
| **OTHER DEFENSES & FEATURES** | **The deception of a consumer must occur in New York.**<br><br>*Goshen v. Mut. Life Ins. Co.,* 98 N.Y.2d 314, 325, 774 N.E.2d 1190, 1195, 746 N.Y.S.2d 858, 864 (N.Y. 2002)<br><br>**A "complete defense' exists if the act or practice is "subject to and comlies with the rules and regulations of … the federal trade commission" or other governmental entity of the United States.**<br><br>N.Y. Gen. Bus. Law § 349(d) |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| NORTH CAROLINA<br>*Monopolies, Trusts and Consumer Protection*<br>**N.C. Gen. Stat. §§ 75-1 *et seq.*** | |
| --- | --- |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class actions allowed.**<br><br>N.C. Gen. Stat. § 75-16.<br><br>*Dash v. First Plus Home Owner Loan Trust* 1996-, 248 F. Supp. 2d 489, 494-95 (M.D.N.C. 2003). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **4 years, running once the alleged statutory violation occurs.**<br><br>N.C. Gen. Stat. § 75-16.2; *Hinson v. United fin. Servs.,* 123 N.C. App. 469, 475, 473 S.E.2d 382, 386-87 (1996). |
| **ACTUAL INJURY /DECEPTION** | **Actual injuries required.**<br><br>*Wilson v. Blue Ridge Elec. Membership Corp.* 157 N.C. App. 355, 357, 578 S.E.2d 692, 694 (N.C. Ct. app. 2003). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Defendant's misrepresentations must have "proximately caused actual injury to plaintiff."**<br><br>*Wilson v. Blue Ridge Elec. Membership Corp.,* 578 S.E.2d 692, 694 (N.C. Ct. App. 2003)<br><br>**"Substantial factor" test applies in proximate cause determination.**<br><br>*Amer. Rockwool, Inc. v. Owens Corning Fiberglass,* 640 F. Supp. 1411, 1444 (E.D.N.C. 1986).<br><br>**It is unclear whether reliance is required.**<br><br>*Cullen v. Valley Forge Life Ins.,* 161 N.C. App. 570, 580, 589 S.E. 2d 423, 431 (N.C. Ct. app. 2003) (indicating that proof of reliance is not required); *Tucker v. Boulevard at Piper Glen, LLC,* 150 N.C. App. 150, 154, 564 S.E.2d 248, 251 (2002) (stating that "actual reliance on the alleged misrepresentation" was required for proximate causation). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| AFFIRMATIVE ACTS/MATERIAL OMISSIONS | In determining whether a representation is deceptive, "its effect on the average consumer is considered." |
|---|---|
| | *Spartan Hearing, Inc. v. Pollard*, 101 N.C. App. 450, 461, 400 S.E.2d 476, 482 (N.C. Ct. app. 1991) |
| | **Material omissions prohibited.** |
| | *S. At. Ltd. P'ship of Tenn. L.P. v. Riese*, 284 F.3d 518, 537-38 (4th Cir. 2002). |
| SCIENTER & LEVEL OF CULPABILITY | "That defendants may have made these misrepresentations negligently and not in good faith, in ignorance of their falsity, and without intent to mislead, affords no defense to an action under [the Act]." |
| | *Forbes v. Par Ten Group, Inc.*, 99 N.C. App. 587, 601, 394 S.E.2d 643, 651 (N.C. Ct. app. 1990). |
| | **No particular scienter requirements.** |
| | *Excel Staffing Serv., Inc. v. HP Reidsville, Inc.* 172 N.C. App. 281, 289, 616 S.E.2d 349, 355 (N.C. Ct. App. 2005) |
| DAMAGES & REMEDIES | **Actual damages that were proximate result of prohibited conduct.** |
| | N.C. Gen. Stat. § 76-16; *Ellis v. Northern Star Co.*, 326 N.C. 219, 226, 388 S.E.2d 127, 131 (N.C. 1990). |
| | **Mandatory treble damages.** |
| | N.C. Gen. Stat. § 76-16; *Standing v. Midgett*, 850 F. Supp. 396, 402 (E.D.N.C. 1993). |
| | **Discretionary attorney's fees upon a finding that defendant's conduct was willful and defendant refused to negotiate settlement.** |
| | N.C. Gen. Stat. § 75-16.1 |
| OTHER DEFENSES & FEATURES | **Prevailing defendant may receive attorney's fees and costs if court deems plaintiffs' suit frivolous.** |
| | N.C. Gen. Stat. § 75-16. |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **OHIO**<br>*Ohio Consumer Sales Practices Act*<br>**Ohio Rev. Code Ann. §§ 1345.01 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class actions allowed.**<br><br>Ohio Re. Code Ann. § 1345.09; *Parker v. I&F Insulation Co.*, 89 Ohio St. 3d 261, 268, 2000 Ohio 151, 730 N.E. 2d 972, 978-79 (Ohio 2000).<br><br>**Must be a "consumer" – a person who engages in a consumer transaction with a supplier.**<br><br>Ohio Rev. Code Ann. § 1345.09.<br><br>**Class actions NOT allowed for claims based upon atty. gen. opinion or court decision and not express violation of Act.**<br><br>Ohio Rev. Code Ann. § 1345.09(B). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **2 years from occurrence OR 1 year after government enforcement action, whichever is later.**<br><br>Ohio Rev. Code ann. § 1345.10(C).<br><br>**No discovery exception for suits seeking damages.**<br><br>*Weaver v. Armando's Inc.*, 2003 Ohio 4737 at P37 (Ohio Ct. App., Mahoning County Spt. 3, 2003). |
| **ACTUAL INJURY /DECEPTION** | **Plaintiff must have suffered some damages or engaged in a transaction to be rescinded.**<br><br>Ohio Rev. Code Ann. § 1345.09(A).<br><br>**Remedies of cancellation of contract and statutory damages do not require actual damages.**<br><br>*New Phila, Inc. v. Sagrilla*, 2002 Ohio 3485 at P64 (Ohio Ct. App., Tuscarawas County June 26, 2002). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Deceptive act or practice need only be "in connection with" a consumer transaction.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | Ohio Rev. Code Ann. § 1345.02(A). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Material omissions are actionable.**<br><br>*See, e.g., Delahunt v. Cytodyne Tech.,* 241 F. Supp. 2d 827, 834 (S.D. Ohio 2003). |
| **SCIENTER & LEVEL OF CULPABILITY** | **"Intent to deceive is not an element required for a violation of the deceptive-practices portion of the act."**<br><br>*Rose v. Zaring Homes, Inc.,* 122 Ohio App. 39 739, 745, 702 N.E.2d 952, 956 (Ohio Ct. App. 1997). |
| **DAMAGES & REMEDIES** | **In individual action, actual damages or rescission; statutory damages available.**<br><br>Ohio Rev. Code Ann. § 1345-09(A)(B).<br><br>**Defendant has pattern of violation, a consumer may recover treble damages.**<br><br>Ohio Rev. Code Ann. § 1345.09(B); *Perkins v. Stapelton Buick-GMC Truck, Inc.,* 2001 Ohio App. Lexis 2651 at *11-12 (Ohio Ct. App. June 15, 2001). |
| **OTHER DEFENSES & FEATURES** | **Transaction must involve goods/services for "primarily personal, family, or household" use.**<br><br>Ohio Rev. Code Ann. § 1345.01(A).<br><br>**Practices not expressly listed in the Act may become actionable upon a ruling by the state atty. Gen. Or decision by state court, BUT no class action allowed for these claims.**<br><br>Ohio Rev. Code Ann. § 1345.09(B).<br><br>**Defense if defendant furnished similar merchandise of equal or greater value as a good-faith substitute for a previous representation.**<br><br>Ohio Rev. Code Ann. § 1345.02(B)(5). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| OKLAHOMA<br>*Consumer Protection Act*<br>**Okla. Stat. Ann. Tit. 15, §§ 751** *et seq.* | |
| --- | --- |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and clas actions allowed.**<br><br>Okla. Stat. Ann. Tit. 15, § 761.1(A)(B); *Patterson v. Beall,* 2000 OK 92 at P30, 19 P.3d 839, 846 (Okla. 2000). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **3 years for damages claims, 1 year for penal claims.**<br><br>*Brashears v. Sight 'N Sound Appliance Ctrs.,* 1999 OK CIV APP 52 at 9-12, 981 P.2d 1270, 1273-75. |
| **ACTUAL INJURY /DECEPTION** | **Deceptive trade practices is a misrepresentation or omissions that "could reasonably be expected to deceive or mislead a person" to that person's detriment.**<br><br>Okla. Stat. Ann. Tit. 15, § 752(13).<br><br>*Patterson v. Beall,* 19 P.3d 839, 847 n.12 (plaintiff must have relied on the conduct). |
| **RELIANCE OR PROXIMATE CAUSATION** | **The challenge practice must have caused the plaintiff's injuries.**<br><br>Okla. Stat. Ann. Tit. 15 §§ 753, 761.1(A); *Patterson v. Beall,* 19 P.3d 839, 846-47 (Okla. 2000) (consumer must have suffered an injury in fact caused by the challenge practice.) |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **"Deceptive trade practice" includes "omission ... that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person."**<br><br>Okla. Stat. Ann. Tit. 15 § 725(13).<br><br>**Misrepresentation or omission must have "the capacity to deceive the consumer."**<br><br>*Patterson v. Beall,* 19 P.3d 839, 847 n.12 (Okla. 2000) |

| | |
|---|---|
| **SCIENTER & LEVEL OF CULPABILITY** | **Whether knowledge is required depends on the particular provision alleged to have been violated.**<br><br>*Patterson v. Beall,* 19 P.3d 839, 847 n.12 (Okla. 2000).<br><br>*See* Okla Stat. Ann. Tit. 15 § 752(13) and (14) (not requiring knowledge); Okla. Stat. Ann. Tit. 15 § 753 (2)-(5); tit. 78 § 53(5) (requiring knowledge of a false representation). |
| **DAMAGES & REMEDIES** | **Actual damages and reasonable attorney's fees are available.  Up to $10,000 in costs is available if the other party asserts a claim or defense in bad faith.**<br><br>Okla. Stat. Ann. Tit. 15, § 761.1(A).<br><br>**For individual actions only, if a court finds unlawful acts "unconscionable" (consistent with circumstances specified by the Act), the court may additionally award plaintiff up to $2,000 per act.**<br><br>Okla. Stat. Ann. Tit. 15 § 761.1(B). |
| **OTHER DEFENSES & FEATURES** | **Unlawful conduct need not implicate a public interest to be actionable.**<br><br>*Patterson v. Beall,* 2000 OK 92, ¶ 32, 19 P.3d 839, 847.<br><br>**Court may award attorney's fees to nonprevailing party for bad faith or frivolous claims.**<br><br>Okla. Stat. Ann. Tit. 15 § 761.1(A). |
| **OREGON**<br>*Unlawful Trade Practices Act*<br>**Or. Rev. Stat. §§ 646.605 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class actions allowed.**<br><br>Or. Rev. Stat. § 646.638(a), (4); *Weigel v. Ron Tonkin Chevrolet Co.,* 298 Ore. 127, 134-35, 690 P.2d 488, 493-94 (1984).<br><br>**Applies to goods obtained primarily for** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | personal, family or household purposes. |
| | Or. Rev. Stat. § 646.605(6); *Lamm v. Amfac Mort. Corp.,* 44 Ore. App. 203, 205, 605 P.2d 730, 731 (1980). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **1 year from discovery of deceptive practice.**<br><br>Or. Rev. Stat. § 6469-638(6). |
| **ACTUAL INJURY /DECEPTION** | **Must suffer "ascertainable loss of money or property" to recover "actual damages."**<br><br>Or. Rev. Stat. § 646.638(1).<br><br>**Plaintiff is required to plead and prove some actual injury.**<br><br>*Creditors Protective Ass'n v. Britt,* 58 Ore. App. 230, 234, 648 P.2d 414, 416 (Or. Ct. App. 1982). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Ascertainable loss must be "as a result of willful use or employment" of unlawful "method, act or practice."**<br><br>Or. Rev. Sat. § 646.638(1).<br><br>**Plaintiff must have "relied in fact" on an affirmative misrepresentation.**<br><br>*Feitler v. Animation Celection, Inc.,* 170 Ore. App. 702, 712-12, 13 P.3d 1044, 1050 (Or. Ct. app. 2000).<br><br>**Reliance not necessary for omissions.**<br><br>*Sanders v. Francis,* 277 Ore. 593, 598, 561 P.2d 1003, 1006 (Or. 1977). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **An unlawful trade practice embraces any manifestation of any assertion by words or conduct, including, but not limited to, a failure to disclose a fact.**<br><br>Or. Rev. Stat. § 646.608(2). |
| **SCIENTER & LEVEL OF CULPABILITY** | **While scienter is not required to establish a violation of the UTPA, a plaintiff must prove "willful use" of unlawful practice in order to recover damages.**<br><br>Or. Rev. Stat. § 646.638(1); *Raudebaugh v. Action Pest Control,* 59 Ore. App. 166, 171, |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

|  |  |
|---|---|
|  | 650 P.2d 1006, 1009 (Or. Ct. app. 1982). |
|  | However, "willful violation" means only that the actor should have known the act was unlawful. |
|  | Or. Rev. Stat. § 646-605(10). |
| **DAMAGES & REMEDIES** | In individual actions, greater or actual damages or $200; attorney's fees may be awarded to prevailing party. |
|  | Or. Rev. Stat. § 646.638(1), (3). |
|  | Discretionary punitive damages are awardable only when jury finds deterrence is necessary and document is aggravated. |
|  | Or. Rev. Stat. § 646-638(1), (3); *Crooks v. Pay Less Drug Stores,* 285 Ore. 481, 490, 592 P.2d 196, 200 (1979). |
|  | Neither statutory damages nor attorney's fees are available in class actions. |
|  | Or. Rev. Sta. § 646.638 (1), (4); Or. R. Civ. P. 32(k). |
| **OTHER DEFENSES & FEATURES** | Upon commencement of an action, plaintiff must mail a copy of the complaint to the state attorney general. |
|  | Or. Rev. Stat. § 646.638(2). |
|  | Trade practice must have occurred in Oregon to give rise to a claim. |
|  | *Juliano-Ocampo v. Air Ambulance Network, Inc.,* 00-1262, 2001 U.S. Dist. Lexis 22173 at 7-8 (D. Or. July 27, 2001) |
| **PENNSYLVANIA** *Unfair Competition, Acts or Practices* **73 Pa. Cons. Stat. §§ 201-1** *et seq.* | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | Private right of action and class action allowed. |
|  | 73 Pa. Cons. Sta. § 201-9.2 |
|  | *Agliori v. Met. Life Ins. Co.,* 2005 Pa. Super.253, *10, 879 A.2d 315, 319 (July 8, 2005); *DiLucido v. Terminix Int'l, Inc.,* 450 |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | Pa. Super. 393, 397, 676 A.2d 1237, 1239 (Pa. Super. Ct. 1996). |
|---|---|
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | 6 years.<br><br>*See* 42 Pa. Cons. Stat. § 5525(8); *Drelles v. Mfrs. Life Ins. Co.*, 2005 Pa. Super. 249, *13, 881 A.2d 822, 831 (July 5, 2005). |
| **ACTUAL INJURY /DECEPTION** | **Must suffer "ascertainable loss of money or property" to recover "actual damages."**<br><br>73 Pa. Cons. Stat. § 201-9.2(a)<br><br>*Weinberg v. Sun Co., Inc.*, 565 Pa. 612, 618, 777 A.2d 442, 446 (Pa. 2001). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Every plaintiff must show "justifiable reliance" to degree required for common law fraud.**<br><br>*Toy v. Metro Life, Inc. Co.*, 2004 Pa. Super. 404 at P27, 863 A.2d 1, 11 (Pa. Super. 2004); *Weinberg v. Sun Co., Inc.*, 777 A.2d 442, 444 (Pa. 2001); *DiLucido v. Terminix Int'l Inc.*, 676 A.2d 1237 (Pa.Super.Ct. 1996)<br><br>**Causal connection between unlawful practices and damages required.**<br><br>73 Pa. Cons. Stat. § 201-9.2(a) |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **For fraud-based deceptive acts and practices, plaintiff must show all the elements of common law fraud, including materiality.**<br><br>*Debbs v. Chrysler Corp.*, 2002 Pa. Super. 326 at P55-56, 810 A.2d 137, 155-56 (Pa. Super. Ct. 2002): *Prime Meats, Inc. v. Yochim*, 422 Pa. Super. 460, 469, 619 A.2d 769, 773 (Pa. Super. Ct. 1993).<br><br>**Material omissions are actionable.**<br><br>*Debbs v. Chrysler Corp.*, 810 A.2d 137, 155 (Pa. Super Ct. 2002) |
| **SCIENTER & LEVEL OF CULPABILITY** | **Plaintiff must show all the elements of common-law fraud, including scienter (knowledge of fraud or reckless disregard thereto).**<br><br>*Debbs v. Chrysler Corp.*, 810 A.2d 137, 155 |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | (Pa. Super. Ct. 2002); *Prime Meats, Inc. v. Yochim*, 619 A.2d 769, 773 (Pa. Super.Ct. 1993). |
| **DAMAGES & REMEDIES** | **Actual damages or $100, whichever is greater; discretionary treble damages and attorney's fees.**<br><br>73 Pa. Cons. Stat. § 201-9.2(a)<br><br>**Discretionary punitive damages are recoverable.**<br><br>*Aronson v. Credittrust Corp.,* 7 F. Supp. 2d 589, 594 (W.D. Pa. 1998).<br><br>**Discretionary attorneys fees are recoverable.**<br><br>*In re Bryant,* 111 B.R. 474, 480 (E.D. Pa. 1990) (unfair conduct breaching parties' contract justified attorneys fees). |
| **OTHER DEFENSES & FEATURES** | **Act restricted to those goods and services purchased or leased "primarily for personal, family or household purposes."**<br><br>73 Pa. Cons. Stat. § 201-9.2(a) (2006).<br><br>**No right to a jury trial.**<br><br>*Greiner v. Erie Ins. Exchange,* 2000 Phila. Ct. Com. Pl. LEXIS 67 at *25-26 (Nov. 13, 2000). |
| **RHODE ISLAND**<br>*Unfair Trade Practices & Consumer Protection Act*<br>**R.I. Gen. Laws §§ 6-13.1-1** *et seq.* | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class actions allowed.**<br><br>R.I. Gen. Laws § 6-13.1-5.2(a), (b)<br><br>*Park v. Ford Motor Co.,* 844 A.2d 687, 691-92 (R.I. 2004).<br><br><br>**Class certification governed by special rules.**<br><br>*Park v. Ford Motor Co.,* 844 A.2d 687, 691- |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | 92 (R.I. 2004).<br><br>**Plaintiff must purchase goods primarily for personal, family, or household purposes.**<br><br>R.I. Gen. Laws § 6-13.1-2 |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **10 years.**<br><br>R.I. Gen. Laws § 9-1-13 |
| **ACTUAL INJURY /DECEPTION** | **Must suffer "ascertainable loss of money or property" to recover "actual damages."**<br><br>R.I. Gen. Laws § 6-13.1-5.2(a)<br><br>**Must be loss capable of measurement.**<br><br>*Park v. Ford Motor Co.*, 844 A.2d 687, 691-92 (R.I. 2004). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Ascertainable loss must be "as a result of the use or employment . . . of a method, act or practice declared unlawful."**<br><br>R.I. Gen. Laws § 6-13.1-5.2(a) |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Covers material misrepresentations.**<br><br>*Groff v. Am. Online, Inc.*, 1998 R.I. Super. LEXIS, at *5 (R.I. Super. Ct. May 27, 1998). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Undecided.** |
| **DAMAGES & REMEDIES** | **Actual damages or $200, whichever is greater; discretionary punitive damages and attorney's fees.**<br><br>R.I. Gen. Laws § 6-13.1-5.2(a), (d)<br><br>*Park v. Ford Motor Co.*, 844 A.2d 687, 691-92 (R.I. 2004).<br><br>**Must show malice, bad faith, or intent to harm for punitive damages.**<br><br>*Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 182 F.R.D. 386, 400 (D. R.I. 1998). |
| **OTHER DEFENSES & FEATURES** | **Unlimited to purchases or leases of goods or services for personnel, family, or** |

<table>
<tr><td>1</td><td colspan="2">household purposes.</td></tr>
</table>

| | |
|---|---|
| | household purposes. |
| | R.I. Gen. Laws § 6-13.1-5.2(a) |
| | **Business entities have no private right of action.** |
| | *ERI v. Max Enter, v. Streisand*, 690 A.2d 1351, 1354 (1997); *Scully Signal Co. v. Joyal*, 881 F.Supp. 727, 745 (D. R.I. 1995). |
| **SOUTH CAROLINA** *Unfair Trade Practices Act* **S.C. Code Ann. §§ 39-5-10, *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action, but no class actions allowed.** S.C. Code Ann. §§ 39-5-140(a) |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **3 years after discovery of conduct.** S.C. Code Ann. §§ 39-5-150; *Prestwick Golf Club, Inc. v. Prestwick Ltd. P'ship*, 331 S.C. 385, 392, 503 S.E.2d 184, 188 (S.C. Ct. App. 1998). |
| **ACTUAL INJURY /DECEPTION** | **Requires "ascertainable loss of money or property."** S.C. Code Ann. §§ 39-5-140(a); *Omni Outdoor Adver. v. Columbia Outdoor Adver., Inc.*, 974 F.2d 502, 507 (4th Cir. 1992). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Ascertainable loss must be "as a result of the use or employment . . . of an unfair or deceptive method, act or practice."** S.C. Code Ann. §§ 39-5-140(a) *Inman v. Ken Yuatt Chrysler Plymouth, Inc.*, 294 S.C. 240, 242, 363 S.E.2d 691, 692 (S.C. 1988) (requiring merely "capacity to deceive"). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Must be material misrepresentations of fact.** *Wingard v. Exxon Co., USA*, 819 F. Supp. 497, 506 (D. S.C. 1992); *Clarkson v. Orkin Exterminating Co.*, 761 F.2d 189, 191 (4th Cir. 1985) (puffing not misrepresentation). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | **Omissions are actionable.** |
| | *Johnson v. Collins Entm't Co., Inc.*, 349 S.C. 613, 637, 564 S.E.2d 653, 666 (S.C. 2002) (describing omissions as an "inherent misrepresentation"). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Violation need not be knowing or willful to recover actual damages. Must be willful for treble damages.** |
| | *Haley Nursery Co. v. Forrest*, 298 S.C. 520, 523, 381 S.E.2d 906, 909 (S.C. 1989). |
| | *Inman v. Ken Yuatt Chrysler Plymouth, Inc.*, 363 S.E. 2d 691, 692 (S.C. 1988) (noting that intent to deceive is not required under § 39-5-20). |
| **DAMAGES & REMEDIES** | **Actual damages; discretionary treble damages for willful or knowing violations.** |
| | S.C. Code Ann. § 39-5-140(a); *Payne V. Holiday Towers, Inc.*, 283 S.C. 210, 216, 321 S.E.2d 179, 182 (S.C. Ct. App. 1984). |
| | **Punitive damages are not permitted.** |
| | *Tousley v. N. Am. Van Lines, Inc.*, 752 F.2d 96, 99 (4th Cir. 1985) (reversing lower court's award of punitive damages under the UTPA). |
| | **Attorney's fees awarded to prevailing plaintiff, reasonability determined by six enumerated factors.** |
| | *Rowel v. Whisnant*, 360 S.C. 181, 185-86, 600 S.E.2d 96, 99 (S.C. Ct. App. 2004). |
| **OTHER DEFENSES & FEATURES** | **An adverse affect on public interest must be proved by "specific facts."** |
| | *Singleton v. Stokes Motors, Inc.*, 358 S.C. 369, 379, 595 S.E.2d 461, 466 (S.C. 2004); *Jeffries v. Phillips*, 316 S.C. 523, 527, 451 S.E.2d 21, 23 (S.C. Ct. App. 1994). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| TENNESSEE *Consumer Protectiion Act* **Tenn. Code Ann. ¶¶ 47-18-101** *et seq.* | |
|---|---|
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class action allowed.** Tenn. Code Ann. ¶ 47-18-109(a)(1) *Menuskin v. Williams*, 145 F.3d 755, 767 (6th Cir. 1998) (applying Tennessee law); *Kirksey v. Overton Pub. Inc.*, 804 S.W.2d 68, 73 (Tenn. Ct. App. 1990). **Plaintiff must have purchased goods for individual, personal, family, or household purpose.** Tenn. Code Ann. ¶ 47-18-103. |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **1 year after discovery of deceptive act, but not more than 5 years after conduct.** Tenn. Code Ann. ¶ 47-18-110 |
| **ACTUAL INJURY /DECEPTION** | **Requires "ascertainable loss of money or property."** Tenn. Code Ann. ¶ 47-18-109(a)(1) **Limited to actual damages unless willful violation.** *Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W.2d 9, 12 (Tenn. Ct. App. 1992). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Requires an "ascertainable loss . . . as a result of the use or employment . . . of an unfair or deceptive act or practice."** Tenn. Code Ann. ¶ 47-18-109(a)(1) **No reliance requirement, but plaintiffs must show proximate cause of harm.** *Harvey v. Ford Motor Credit Co.*, No. 03A01-9807-CV-00235, 1999 Tenn. App. LEXIS 448, at *3-5 (Tenn. Ct. App. July 13, 1999) proximate cause required). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Misrepresentation or omission must be material.** *Ganzevoort v. Russell*, 949 S.W.2d 293, 299 |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | (Tenn. 1997). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Unfair or deceptive act "need not be willful or knowingly made to recover actual damages"; statute contemplates recovery for negligent acts.** <br><br> *Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W.2d 9, 12 (Tenn. Ct. App. 1992). <br><br> **Knowledge of falsity required for trebled damages; can be inferred based upon a reasonable person standard.** <br><br> *Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W.2d 9, 12 (Tenn. Ct. App. 1992). |
| **DAMAGES & REMEDIES** | **Actual damages and attorney's fees; discretionary treble damages for "willful and knowing" violation.** <br><br> Tenn. Code Ann. ¶ 47-18-109(a)(1), (3) <br><br> **Punitive damages not available.** <br><br> *Paty v. Herb Adox Chevrolet Co.*, 756 S.W.2d 697, 699 (Tenn. Ct. App. 1988). |
| **OTHER DEFENSES & FEATURES** | **Damages can be limited to settlement offer.** <br><br> Tenn. Code Ann. ¶ 47-18-109(c)(4) <br><br> **Defendants may recoup attorney's fees and costs from plaintiffs who bring a frivolous action.** <br><br> Tenn. Code Ann. ¶ 47-18-109(e)(2) |
| **TEXAS** <br> *Deceptive Trade Practices Act* <br> **Tex. Bus. & Comm. Code §§ 1741 *et seq.*** | |
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class actions allowed.** <br><br> Tex. Bus. & Comm. Code § 17.50 <br><br> *Mahoney v. Cupp.*, 638 S.W.2d 257, 261-62 (Tex. App. 1982). <br><br> **Standing requires that individual or entity is a "consumer" -- one who seeks or purchases goods or services.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | Tex. Bus. & Comm. Code § 17.50<br><br>**Definition of "consumer" does not include entities with $25M or more in assets or entities owned/controlled by entity with $25M or more in assets.**<br><br>Tex. Bus. & Com. Code § 17.45(4) |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **2 years after occurrence or discovery by reasonable diligence.**<br><br>Tex. Bus. & Comm. Code § 17.565; *McAdams v. Cap. Prods. Corp.*, 810 S.W.2d 290, 292-93 (Tex. App. 1991). |
| **ACTUAL INJURY /DECEPTION** | **More cause "economic damages or damages for mental anguish."**<br><br>Tex. Bus. & Com. Code § 17.50(a) |
| **RELIANCE OR PROXIMATE CAUSATION** | **Act or practice must be a "producing cause" of damages and "relied on by a consumer to the consumer's detriment."**<br><br>Tex. Bus. & Com. Code § 17.50(a) |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **The misrepresentation must be of a material fact.**<br><br>*Church & Dwight Co. v. Huey*, 961 S.W.2d 560, 567 (Tex. App. 1997).<br><br>**Failure to disclose information concerning goods and services known at the time of the transaction is prohibited.**<br><br>Tex. Bus. & Com. Code § 17.45(b)(24); *Willowbrook Foods v. Grinnell*, 147 S.W.3d 492, 506 (Tex. App. 2004). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Knowledge or intent is not an element unless required by a particular subdivision.**<br><br>*Smith v. Herco, Inc.*, 900 S.W.2d 852, 859 (Tex. App. 1995).<br><br>**To recover treble damages, defendant's actions must have been intentional.**<br><br>Tex. Bus. & Com. Code § 17.50(b) |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| DAMAGES & REMEDIES | Actual damages, mental anguish (if intentional); attorney's fees are mandatory. |
| --- | --- |
| | Tex. Bus. & Com. Code § 17.50(b), (d); *Gunn Infiniti, Inc. v. O'Bryne*, 996 S.W.2d 854, 860-61 (Tex. 1999). |
| | **Punitive damages of not more than three times actual damages available for intentional acts.** |
| | Tex. Bus. & Com. Code § 17.50(b); *Houston Livestock Show v. Hamrick*, 125 S.W.3d 555, 584 (Tex. App. 2003). |
| OTHER DEFENSES & FEATURES | **Presuit notice letter by certified mail, including specific allegations and all damages sought, required at least 60 days before the complaint is filed.** |
| | Tex. Bus. & Com. Code § 17.505 |
| | **Defendants may recoup attorney's fees and costs from plaintiffs who bring a bad-faith or harassment action.** |
| | Tex. Bus. & Com. Code § 1750(c) |

**UTAH**
*Consumer Sales Practices Act*
**Utah Code Ann. §§ 13-11-1 *et seq.***

| PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION | **Private right of action allowed.** |
| --- | --- |
| | Utah Code Ann. § 13-11-19 *et seq.* |
| | **Act contains specific class action requirements.** |
| | Utah Code Ann. § 13-11-20 **Class actions for damages allowed only for repeat violations.** |
| | Utah Code Ann. § 13-11-19(4) |
| STATUTE OF LIMITATIONS & DISCOVERY RULE | **2 years for a class action.** Utah Code Ann. § 13-11-19(8) |
| ACTUAL INJURY /DECEPTION | **Requires that plaintiff suffer a "loss."** Utah Code Ann. § 13-11-19(2) |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

|  |  |
|---|---|
|  | **"Loss" should be construed more broadly than "damages."** *Anderson v. Feisted*, 2006 UT App. 188, at P12, 137 P.3d 1, 4 (App. Utah 2006). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Requires plaintiff suffer loss as a result of violation of the Act.** Utah Code Ann. § 13-11-19(2) |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Omissions are likely actionable** *See Wade v. Jobe*, 818 P.2d 1006, 1014-16, 170 Utah Adv. Rep. 5 (Utah 1991) (holding that the statute should be read consistent with FTC Act); *FTC v. World Travel Vacation Brokers*, 861 F.2d 1020, 1029 (7th Cir. 1988). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Requires knowing or intentional deceptive act or practice.** Utah Code Ann. § 13-11-4(2); *Rawson v. Conover*, 2001 UT 24, at P36, 20 P.3d 876, 883 (Utah 2001). |
| **DAMAGES & REMEDIES** | **In individual actions, greater or actual damages or $2,000; discretionary attorney's fees.** Utah Code Ann. § 13-11-19(2), (5) **In class actions, equitable relief ONLY unless specific actions of defendant previously declared unlawful by court or other authority.** Utah Code Ann. § 13-11-19(4) |
| **OTHER DEFENSES & FEATURES** | **On commencement of a class action, the representative must serve the State with a copy of the complaint.** Utah Code Ann. § 13-11-21(2) **Any disregard funds not disseminated to the consumers are transferred to the State.** Utah Code Ann. § 13-11-19(4)(b) **Bona fide error defense limits remedy to unjust enrichment.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | Utah Code Ann. § 13-11-19(4)(c) |
|---|---|
| | **Good faith is an affirmative defense.** |
| | Utah Code Ann. § 13-11-2(6); *Sampson v. Richens*, 770 P.2d 998, 1005, 102 Utah Adv. Rep. 53 (Utah Ct. App. 1989). |

<table>
<tr><td colspan="2" align="center"><b>VERMONT</b><br><i>Consumer Fraud Act</i><br><b>Vt. Stat. Ann. tit. 9, §§ 2453 et seq.</b></td></tr>
<tr><td><b>PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION</b></td><td><b>Private right of action and class actions allowed.</b><br><br>Vt. Stat. Ann. tit. 9, § 2461(b)<br><br><i>Vermont Mobile Home Owners' Ass'n, Inc. v. Lapierre</i>, 94 F.Supp. 2d 519, 520 (D.Vt. 2000).</td></tr>
<tr><td><b>STATUTE OF LIMITATIONS & DISCOVERY RULE</b></td><td><b>6 years.</b><br><br>Vt. Stat. Ann. tit. 12, § 511</td></tr>
<tr><td><b>ACTUAL INJURY /DECEPTION</b></td><td><b>Suit can be brought by "[a]ny consumer who contracts for goods or services in reliance upon false or fraudulent representations . . . or who sustains damages or injury as a result of any false or fraudulent representations."</b><br><br>Vt. Stat. Ann. tit. 9, § 2461(b)</td></tr>
<tr><td><b>RELIANCE OR PROXIMATE CAUSATION</b></td><td><b>Cause of action available to consumer who "contracts for goods or services in reliance upon false or fraudulent representations . . . or who sustains damages or injury as a result of any false or fraudulent representations."</b><br><br>Vt. Stat. Ann. tit. 9, § 2461(b).<br><br><b>Actual reliance not required ; a statement need only be capable of misleading the consumer.</b><br><br><i>Jordan v. Nissan N. Am.</i>, 2004 VT 27, at *7-8, 176 Vt. 465, 469-70, 853 A.2d 40, 44 (Vt. 2004).</td></tr>
</table>

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | The misleading effects must be material based on an objective standard, that is, likely to affect a reasonable consumer's conduct or decision with regard to a product. *Carter v. Gugliuzzi*, 168 Vt. 48, at *56, 716 A.2d 17, 23 (Vt. 1998). |
| **SCIENTER & LEVEL OF CULPABILITY** | No intent or bad faith required. *Winston v. Johnson & Dix Fuel*, 147 Vt. 236, 243, 515 A.2d 371, 376 (Vt. 1986); *Poulin v. Ford Motor Co.*, 147 Vt. 120, 124-25, 513 A.2d 1168, 1171-72 (Vt. 1998). If defendant knows or should know that omission is important, materiality is presumed. *Carter v. Gagliuzzi*, 716 A.2d 17, 23-24 (Vt. 1998). |
| **DAMAGES & REMEDIES** | Actual damages, attorney's fees, exemplary damages not to exceed three times actual damages. Vt. Stat. Ann. tit. 9, § 2461(b) Attorney's fees for prevailing plaintiff may be mandatory. *Gramatan Home Investor's Corp. v. Starling*, 143 Vt. 527, 535-36, 470 A.2d 1157, 1162 (1983). |
| **OTHER DEFENSES & FEATURES** | No derivative liability absent direct participation in the unfair or deceptive acts, direct aid to the actor, or a principal/agent relationship. *State v. Stedman*, 149 Vt. 594, 598, 547 A.2d 1333, 1335-36 (Vt. 1988). |

**VIRGINIA**
*Consumer Protection Act*
**Va. Code Ann. §§ 59-1-195 *et seq.***

| | |
|---|---|
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | Private right of action allowed, but class action prohibited. |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | | |
|---|---|---|
| 1 | | Va. Code Ann. § 59.1-204(A) |
| 2 | **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **2 years after the cause of action accrues.** |
| 3 | | Va. Code Ann. § 59.1-204.1(A) |
| 4 | | **Right of action runs from the date of injury and not from the date of discovery unless claim is solely equitable.** |
| 5 | | |
| 6 | | Va. Code Ann. § 8.01-230 |
| 7 | **ACTUAL INJURY /DECEPTION** | **Actual loss required to initiate an action.** |
| 8 | | *Gavin v. Koons Buick Pontiac GMC Inc.*, 28 Fed. Appx. 220, 223, 2002 U.S. App. LEXIS 593, at *6-7 (4th Cir. 2002); *Alston v. Crown Auto, Inc.*, 224 F.3d 332, 336 (4th Cir. 2000). |
| 9 | | |
| 10 | | |
| 11 | **RELIANCE OR PROXIMATE CAUSATION** | **Requires "loss as the result of a violation" of the Act.** |
| 12 | | Va. Code Ann. § 59.1-204(A) |
| 13 | | *Polk v. Crown Auto, Inc.*, 228 F.3d 541, 543 (4th Cir. 2000); *Alston v. Crown Auto, Inc.*, 224 F.3d 332, 336 (4th Cir. 2000). |
| 14 | | |
| 15 | | **Reliance element of common-law fraud is necessary to state a claim.** |
| 16 | | *Cooper v. GGGR Investments, LLC*, 334 B.R. 179, 188 (E.D. Va. 2005); *Weiss v. Cassidy Dev. Corp.*, 61 Va. Cir. 237, 244 (Va. Cir. Ct. 2003). *Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 713, 553 S.E.2d 714, 717 (Va. 2001). |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **"Under Virginia law, a false misrepresentation must be of an existing fact, not a mere expression of an opinion."** |
| 21 | | |
| 22 | | *Graham v. RRR, LLC* 202 F. Supp. 2d 483, 491 (E.D. Va. 2002) *aff'd per curiam, Graham v. Geneva, Enter., Inc.*, 55 Fed. Appx. 135 (4th Cir. 2003); *Lambert v. Downtown Garage, Inc.*, 553 S.E.2d 714, 718 (Va. 2001). |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | **SCIENTER & LEVEL OF CULPABILITY** | **Intent requirement of common-law fraud applies.** |
| 27 | | *Cooper v. GGGR Investments, LLC*, 334 B.R. 179, 188 (E.D. Va. 2005); *Weiss v. Cassidy Dev. Corp.*, 61 Va. Cir. 237, 244 |
| 28 | | |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | (Va. Cir. Ct. 2003). |
| | **Misrepresentation by omission of a material fact requires evidence of a "knowing and deliberate decision" to conceal the fact.** |
| | *Lambert v. Downtown Garage, Inc.*, 553 S.E.2d 714, 718 (Va. 2001). |
| | **Bona fide errors or lack of control are defenses.** |
| | Va. Code Ann. § 59-1-207 |
| **DAMAGES & REMEDIES** | **Greater of actual damages or $500, reasonable attorney's fees, and costs; if the violation was willful, discretionary treble damages or $1,000, whichever is greater.** |
| | Va. Code Ann. § 59.1-204(A)-(B) |
| **OTHER DEFENSES & FEATURES** | **If a defendant tenders a cure offer, it cannot be liable for attorney's fees or costs unless actual damages exceed the cure offer.** |
| | Va. Code Ann. § 59.1-204(C) |
| | **Bona fide error or lack of control is a defense; attorney's fees can be awarded nonetheless.** |
| | Va. Code Ann. § 59.1-207 |
| | **Acceptance of cure offer forecloses further actions based on same allegation of fact.** |
| | Va. Code Ann. § 59.1-204(A) |

|  |
|---|
| **WASHINGTON** |
| *Unfair Business Practices-Consumer Protection Act* |
| **Wash. Rev. Code Ann. §§ 19.86.010 *et seq.*** |

| | |
|---|---|
| **PRIVATE RIGHT OF ACTION & CLASS ACTION PROHIBITION** | **Private right of action and class actions available.** |
| | Wash. Rev. Code Ann. § 19.86.090 |
| | *Smith v. Behr Process Corp.* 113 Wn. App. 306, 314, 54 P.3d 665, 670 (Wash. Ct. App. 2002). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **4 years after cause of action accrues.**<br><br>Wash. Rev. Code Ann. § 19.86.120 |
| **ACTUAL INJURY /DECEPTION** | **Allows cause of action by "[a]ny person who is injured in his or her business or property by a violation" of the Act.**<br><br>Wash. Rev. Code Ann. § 19.86.090 *Nordstrom, Inc. v. Tempourlos*, 107 Wn.2d 735, 740, 733 P.2d 208, 211 (1987) (plaintiff must show "injury"); *Guard v. Myers*, 39 Wn. App. 577, 589, 694 P.2d 678, 685-86 (Wash. Ct. App. 1985). |
| **RELIANCE OR PROXIMATE CAUSATION** | **A "casual link" must exist "between the unfair or deceptive act and the injury suffered."**<br><br>*Picket v. Holland America Line-Westours, Inc.*, 145 Wn.2d 178, 196, 35 P.3d 351, 360 (Wash. 2001); *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wn.2d 133, 149, 930 P.2d 288, 296 (Wash. 1997).<br><br>**A plaintiff establishes causation by showing that he or she "relied upon a misrepresentation of fact."**<br><br>*Robinson v. Avis Rent-A-Car Sys. Inc.*, 106 Wn. App. 104, 113, 22 P.3d 818, 823 (Wash. Ct. App. 2001).<br><br>**Other cases indicate that a plaintiff need not prove reliance to establish an unfair trade practice.**<br><br>*State v. A.N.W. Seed Corp.*, 116 Wn.2d 39, 49-50, 802 P.2d 1353, 1359 (1991); *Washington v. Williams Chrysler Plymouth*, 87 Wn.2d 298, 317, 553 P.2d 423, 436-37 (Wash. 1976); *Testo v. Russ Dunmire Olds*, 16 Wn.App. 39, 51, 554 P.2d 349, 358 (Wash. Ct. App. 1976). |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **The "knowing failure to reveal something of material importance is "deceptive' within the [Act]."**<br><br>*Robinson v. Avis Rent-A-Car Sys. Inc.*, 22 P.3d 818, 824 (Wash. Ct. App. 2001); *Griffith v. Centex Real Estate*, 93 Wn.App. 202, 215, 969 P.2d 486, 492 (Wash. App. Ct. 1998) (Failure to disclose known defect in goods constitutes an unfair trade practice). |

| | |
|---|---|
| **SCIENTER & LEVEL OF CULPABILITY** | **Intent not required "if the action has the capacity to deceive a substantial portion of the purchasing purlic."**<br><br>*Haner v. Quincy Farm Chems, Inc.,* 97 Wn.2d 753, 759, 649 P.2d 828, 831 (Wash. 1982). |
| **DAMAGES & REMEDIES** | **Actual damages, attorney's fees, discretionary treble damages not to exceed $10,000.**<br><br>Wash. Rev. Code Ann. § 19.86.090 |
| **OTHER DEFENSES & FEATURES** | **Defense if acts or practices complained of have: adverse affect on the public interest or are reasonable in relation to the development and preservation of business.**<br><br>Wash. Rev. Code Ann. § 19.86.920 |
| **WISCONSIN**<br>*Deceptive Trade Practices Act.*<br>**Wis. Stat. Ann. § 100.20** | |
| **PRIAVE RIGHT OF ACTION AND CLASS ACTION PROHIBITION** | **Private right of action and class actions allowed.**<br><br>Wis. Stat. Ann. § 100.18(11)(b)(2)<br><br>*Tietsworth v. Harley-Davidson, Inc.,* 2003 WI App. 75 at P20-21, 261 Wis. 2d 755, 765, 661 N.W.2d 450, 454-55 (Wis. Ct. App. 2003), *overruled on other grounds by* 20047 WI 33, 677 N.W.2d 233 (Wis. 2004). |
| **STATUTE OF LIMITATIONS & DISCOVERY RULE** | **3 years.**<br><br>Wis. Stat. Ann. § 100.18(11)(b)(3)<br><br>**Discovery rule does not apply.**<br><br>*Skrupky v. Elbert,* 189 Wis. 2d 31, 53-55526 N.W.2d 264, 273-74 (Wis. Ct. App. 1994); Wis. Stat. Ann. § 100.18(11)(b)(3) |
| **ACTUAL INJURY /DECEPTION** | **A plaintiff must have suffered "pecuniary loss."**<br><br>Wis. Stat. Ann. §§ 100.18(11)(b)(2), |

| | |
|---|---|
| | 100.20(5)<br><br>*Reusch v. Roob,* 2001 WI App. 76, 234 Wis. 2d 270, 286, 610 N.W.2d 168, 176 (Wis. Ct. Ap. 2000). |
| **RELIANCE OR PROXIMATE CAUSATION** | **Pecuniary loss must be "because of a violation of § 100.18 in order to state a claim.**<br><br>Wis. Stat. Ann. § 100.18(11)(b)(2)<br><br>**Plaintiffs must "show a casual connection between the defendants' alleged conduct and any pecuniary loss suffered."**<br><br>*Valente v. Sofamor, S.N.C.,* 48 F. Supp.2d 862, 874 (E.D. Wis. 1999).<br><br>**Individual reliance required.**<br><br>*Valente v. Sofamor, S.N.C.,* 48 F. Supp.2d 862, 874 (E.D. Wis. 1999) |
| **AFFIRMATIVE ACTS/MATERIAL OMISSIONS** | **Representation must be a "statement of fact which can be shown to be false"; puffing is not actionable.**<br><br>*State v. Am. TV & Appliance of Madison, Inc.*, 146 Wis. 2d 292, 300-301, 430 N.W.2d 709, 712-13 (Wis. 1988).<br><br>**Material omissions prohibited.**<br><br>*Tietsworth v. Harley Davidson,* 2004 WI 32, at *P4, 270 Wis. 2d 146, 153, 677 N.W.2d 233, 237 (Wis. 2004). |
| **SCIENTER & LEVEL OF CULPABILITY** | **Certain acts or omissions must be made with knowledge that the act or omissions was false.**<br><br>Wis. Stat. Ann. § 100.18(1); *Ricco v. Riva,* 2003 WI App 182, at P32-36, 266 Wis. 2d 696, 714-17, 699 N.W.2d 193, 201-03 (Wisc. Ct. App. 2003)<br><br>**There is strict liability for misrepresentations.**<br><br>*Shephard Investments Int'l, Inc. V. Verizon Comms. Inc.,* 373 F.Supp.2d 853, 872 (E.D.Wis. 2005) |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

|  |  |
|---|---|
|  | **"[P]laintiff must show that the defendants intentionally induced the ... purchase...by [a]... representation containing any assertion, representation or statement of act which was untrue, deceptive or misleading."**<br><br>*Valent v. Sofamor, S.N.C.,* 48 F.Supp.2d 862, 874 (E.D. Wis. 1999). |
| **DAMAGES & REMEDIES** | **Allows only actual damages, costs and reasonable attorney's fees.**<br><br>Wis. Stat. Ann. § 100.18(11)(b)(2); *Snyder. Badgerland Mobile Homes, Inc.,* 2003 WI App. 49, at P19, 260 Wis. 2d 770, 785-85, 659 N.W.2d 887, 894-95 (Wis. App. 2003).<br><br>**Discretionary doubling of pecuniary damages.**<br><br>Wis. Stat. Ann. § 100.20(5).<br><br>**Punitive damages are recoverable but plaintiffs cannot get duplicative recovery through Wis. Stat. Ann. § 100.20(5).**<br><br>*Seay v. Gardner,* 197 Wis. 2d 116, 541 N.W.2d 837, 1995 Wisc. App. LEXIS 1178, at *8-9 (Wis. App. Ct. 1995). |
| **OTHER DEFENSES & FEATURES** | **Discovery rule does not apply to toll the statute of limitations.**<br><br>*Skrupky v. Elbert,* 189 Wis. 2d 31, 53-56, 526 N.W.2d 264, 273-74 (Wis. Ct. App. 1994).<br><br>**Good faith is an affirmative defense.**<br><br>*Am. Fed. Of State v. Brown county,* 146 Wis. 2d 728, 735, 432 N.W.2d 571, 574 (Wis. 1988). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

## II.   VARIATIONS IN STATE UNJUST ENRICHMENT LAWS

| ALABAMA | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1.  **Defendant holds money which, in equity and good conscience, belongs to plaintiff; or**<br>2.  **Defendant holds money which was improperly paid to defendant because of mistake or fraud.**<br><br>*Mitchell v. H & R block,* 783 So.2d 812, 817 (Ala. 2000).<br><br>**NOT in class actions**<br><br>*White v. Microsoft Corp.,* 454 F.Supp.2d 1118, 1134 fn. 25 (S.D. Ala 2006) ("the Alabama Supreme court has spoken out emphatically against certification of a class in the unjust enrichment context."); *Avis Rent A Car Systems, Inc. v. Heilman,* 876 So.2d 1111, 1122-23 (Ala. 2003) ("Because unjust enrichment claims are fact specific to each case, this Court has repeatedly held that such claims are unsuitable for class-action treatment.") |
| **ACTION AT LAW OR IN EQUITY?** | **Equitable remedy.**<br><br>*Scrushy v. Tucker,* 955 So.2d 988, 1011 (Ala. 2006). |
| **LIMITATIONS PERIOD/LACHES** | **6 years.**<br><br>*Davant v. United Land Corp.,* 896 So.2d 475, 486-87 (Ala. 2004). |
| **INJURY/IMPOVERISHMENT** | **No claim if plaintiff voluntarily paid benefit it seeks to recover.**<br><br>*Stone v. Mellon Mortg. Co.,* 771 So.2d 451, 456 (Ala. 2000). |

| | |
|---|---|
| **MISCONDUCT REQUIREMENT/ TYPE OF MISCONDUCT** | Retention of the benefit must be "unjust": (1) donor acted under mistake of fact or reliance misreliance; (2) recipient of the benefit engaged in unconscionable conduct such as fraud coercion, or abuse of a confidential relationship. <br><br> *Mantiply v. Mantiply,* 951 So.2d 638, 654-55 (Ala. 2006) |
| **KNOWLEDGE/APPRECIATION** | Undecided. |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes.  The Alabama Supreme Court has proclaimed "that where an express contract exists between two parties, the law generally will not recognize an implied contract regarding the same subject matter." <br><br> *Kennedy v. Polar-BEK & Baker Wildwood Partnership,* 682 So.2d 443, 447 (Ala. 1996); *White v. Microsoft Corp.,* 454 F.Supp.2d 1118, 1133 (S.D.Ala. 2006) |
| **MEASURE OF DAMAGES** | "The measure of damages under … unjust enrichment is based upon the benefit conferred upon the [recipient] and not the cost to render the service or cost of the goods." <br><br> *Chep USA v. Mock Pallet Co.,* 229, 2005 WL 1491445, 138 Fed. Appendix. 229, 235 (11th Cir. 2005). |
| **ARIZONA** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1.   An enrichment; <br> 2.   an impoverishment; <br> 3.   A connection between the enrichment and the impoverishment; <br> 4.   Absence of justification of the enrichment and impoverishment; and <br> 5.   An absence of a remedy provided by law. <br><br> *Lemon v. Harlem Globetrotters Intern., Inc.,* |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

|  |  |
|---|---|
|  | 437 F. Supp. 2d 1089, 1107 (D.Ariz. 2006). |
| **ACTION AT LAW OR IN EQUITY?** | **"Flexible equitable standard."**<br><br>*Arnold & Associates, Inc. v. Misys Healthcare Systems*, 275 f. Supp. 2d 1013, 1024 (D. Ariz. 2003) |
| **LIMITATIONS PERIOD/LACHES** | **4 years.**<br><br>*Nitrini v. Feinbaum,* 501 P.2d 576, 581, 18 Ariz. App. 307, 312 (Ariz. App. 1972). |
| **INJURY/IMPOVERISHMENT** | **Must show impoverishment or deprivation to recover.**<br><br>*Lemon v. Harlem Globetrotters Intern.,Inc.,* 437 F.Supp.2d 1089, 1107 (D.Ariz. 2006) (celebrity athletes barred from recovery for use of likeness because no evidence use caused any injury). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **An "absence of justification must be shown."**<br><br>*Lemon v. Harlem Globetrotters Intern.,Inc.,* 437 F.Supp.2d 1089, 1107 (D.Ariz. 2006) |
| **KNOWLEDGE/APPRECIATION** | **No knowledge requirement.** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Sutter Home Winery, Inc. v. Vintage Selections, Ltd.,* 971 F.2d 401, 408-9 (9th Cir. 1992) |
| **MEASURE OF DAMAGES** | **The measure of recovery is the reasonable value of the service conferred upon the defendant.**<br><br>*Cen. Ariz. Water Conservation Dist. V. United States,* 32 F.Supp.2d 1117, 1140 (D. Ariz. 1998). |
| | **ARKANSAS** |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **An action based on unjust enrichment is where a person has received money or its equivalent under such circumstances that, in equity and good conscience, he or she ought not to retain.**<br><br>*Hatchell v. Wren,* 363 Ark. 107, 117, 211 |

| | S.W.3d 516, 522 (Ark. 2005) |
|---|---|
| **ACTION AT LAW OF IN EQUITY?** | **Unjust enrichment is an equitable doctrine.** <br><br> *Pro-Comp. Mgt., Inc. v. R.K.Enterprises, LLC,* 366 Ark. 463, 469, 237 S.W.3d 20, 24 (Ark. 2006). |
| **LIMITATIONS PERIOD/LACHES** | **6 years.** <br><br> *U.S. v. St. Joseph's Regional Health Center,* 240 F. Supp.2d 882, 885 (W.D. Ark. 2002). |
| **INJURY/IMPOVERISHMENT** | One is not unjustly enriched by the receipt of that to which he is legally entitled. <br><br> *Moore v. Wallace,* 90 Ark. App. 298, 302, 205 S.W.3d 824, 826 (Ark. App. 2005) |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **Not necessary to show any wrongdoing – even an innocent party may be a proper defendant.** <br><br> *Day v. Case Credit Corp.,* 427 F.3d 1148, 1154 (8th Cir. 2005); *Hatchell v. Wren,* 211 S.W.3d 516, 522 (Ark. 2005) ("One who is free from fault cannot be held to be unjustly enriched merely because he or she has chosen to exercise a legal or contractual right.") |
| **KNOWLEDGE/APPRECIATION** | **No knowledge requirement.** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** <br><br> *U.S. v. Applied Pharmacy Consultants, Inc.,* 182 F.3d 603, 609 (8th Cir. 1999). |
| **MEASURE OF DAMAGES** | **The measure of damages for unjust enrichment is the amount of unfair gain received by those unjustly enriched.** <br><br> *Klein v. Arkoma Production Co.,* 73 F.3d 779, 786 (8th Cir. 1996) |
| **CALIFORNIA** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **It is unclear whether California has an unjust enrichment cause of action.** <br><br> *Compare Melchior v. New Line Prods., Inc.,* 106 Cal. App. 4th 779, 794, 131 Cal. Rptr. |

LEWIS BRISBOIS BISGAARD & SMITH LLP<br>221 NORTH FIGUEROA STREET, SUITE 1200<br>LOS ANGELES, CALIFORNIA 90012<br>TELEPHONE 213.250.1800

| | |
|---|---|
| | 2d 347, 357 (2003) (no cause of action for unjust enrichment); *McKell v. Wash. Mut., Inc.,* 142 Cal. App. 4th 1457, 1490, 49 Cal. Rptr. 3d. 227, 254 (2006) (same), *with, Lectrodryer v. SeoulBank,* 77 Cal. App. 4th 723, 726, 91 Cal. Rptr. 2d, 881, 882-83 (2000) (there is a cause of action for unjust enrichment); *First Nationwide Sav. v. Perry,* 11 Cal. App. 4th 1657, 1662-63, 15 Cal. Rptr. 2d 173, 176-77 (1992)(same). |
| **ACTION AT LAW OR IN EQUITY?** | N/A |
| **LIMITATIONS PERIOD/LACHES** | N/A |
| **INJURY/IMPOVERISHMENT** | N/A |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | N/A |
| **KNOWLEDGE/APPRECIATION** | N/A |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | N/A |
| **MEASURE OF DAMAGES** | N/A |
| **COLORADO** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | To recover for unjust enrichment, a plaintiff must show that:<br>1.    A benefit was conferred on the defendant by the plaintiff;<br>2.    The benefit was appreciated by the defendant; and<br>3.    The benefit was accepted by the defendant under such circumstances that retaining the benefit without paying its value would be inequitable.<br><br>*Brown Group Retail, Inc. v. State,* 155 P.3d 481, 484 (Colo. Ct. App. 2006). |
| **ACTION AT LAW OR IN EQUITY?** | Equitable remedy. |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

|  |  |
|---|---|
|  | *Wilson v. Prentiss*, 140 P.3d 288, 293 (Colo. Ct. App. 2006). |
| **LIMITATIONS PERIOD/LACHES** | **Doctrine of laches applies; no statute of limitations.**<br><br>*Cullen v. Philips*, 30 P.3d 828, 834 (Colo. Ct. App. 2001) ("We note in this regard that laches is not dependent upon the statute of limitations. Mere lapse of time and staleness are material issues, but not conclusive of a laches claim."). |
| **INJURY/IMPOVERISHMENT** | **A plaintiff need not demonstrate justifiable reliance to succeed on a claim of unjust enrichment.**<br><br>*Luttgen v. Fischer*, 107 P.3d 1152, 1157 (Colo. Ct. App. 2005). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **No misconduct requirement.** |
| **KNOWLEDGE/APPRECIATION** | **The Word "benefit," for purposes of unjust enrichment, denotes any form of advantage conferred, appreciated, and accepted.**<br><br>*Bachrach v. Salzman*, 981 P.2d 219, 222 (Colo. Ct. App. 1999). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Not always.  Even where an express contract exists, plaintiff may obtain judicial cancellation of the contract and sue for unjust enrichment where fraud was present from the inception of the contract.**<br><br>*Niles v. Builders Serv. & supply, Inc.*, 667 P.2d 770, 772 (Colo. Ct. App. 1983). |
| **MEASURE OF DAMAGES** | **When a court appropriately applies the doctrine of unjust enrichment, the enriched party is generally liable for interest on the benefits received.**<br><br>*Martinez v. Continental Enters.*, 730 P.2d 308, 317 (Colo. 1986) |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| CONNECTICUT | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **A plaintiff seeking recovery for unjust enrichment must prove:**<br><br>1. **That the defendants were benefited:**<br>2. **That the defendants unjustly did not pay the plaintiff for the benefits; and**<br>3. **That the failure of payment was to the plaintiff's detriment.**<br><br>*Marlin Broadcasting, LLC v. law Office of Kent Avery, LLC,* 101 Conn. App. 638, 648-49, 922 A.2d 1131, 1139 (Conn. Ct. App. 2007). |
| **ACTION AT LAW OF IN EQUITY?** | **Equitable remedy.**<br><br>*Schreiber v. Conn. Surgical Group., P.C.,* 96 Conn. App. 731, 740, 901 A.2d 1277, 1282-83 (Conn. Ct. App. 2006). |
| **LIMITATIONS PERIOD/LACHES** | **6 years.**<br><br>*Towns of New Hartford v. Connecticut Resources Recovery Auth.,* 2007 Conn. Super. LEXIS 1560, at *110 (Conn. Super. Ct. June 19, 2007). |
| **INJURY/IMPOVERISHMENT** | **Failure of payment operated to the detriment of the plaintiff.**<br><br>*Rent-A-PC, Inc. v. Rental Mgmt, Inc.,* 96 Conn. App. 600, 605, 901 A.2d 720, 723 (Conn. App. Ct. 2006). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **Defendant's conduct must be unjust, but the claim does "not require any finding of intentional misconduct."**<br><br>*Town of New Hartford v. Conn. Resources Recovery Authority,* 2007 Conn. Super. LEXIS 1560, at *108-109 (Conn. Super. Ct. June 19, 2007). |
| **KNOWLEDGE/APPRECIATION** | **Some courts require knowledge by defendant.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

|  |  |
|---|---|
|  | *Dowling v. First Federal Bank,* 1995 Conn. Super LEXIS.at *18-19 1939 (Conn. Super. 1995). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **No.  However, lack of a remedy under the contract is a precondition for recovery based upon unjust enrichment.**<br><br>*Gagne v. Vaccaro,*  255 Conn. 390, 401, 766 A.2d 416, 424 (Conn. 2001). |
| **MEASURE OF DAMAGES** | **Unjust enrichment damages are restitutionary and designed to restore to a party the money, services or goods of which he or she was deprived and that benefited another.**<br><br>*United Coastal Indus., Inc. v. Clearheart Constr. Co.,* 71 Conn. App. 506, 512, 802 A.2d 901, 906 (Conn. Ct. App. 2002) |

|  |
|---|
| **DELAWARE** |

|  |  |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1.   Enrichment;<br>2.   An impoverishment;<br>3.   Relation between the enrichment and impoverishment;<br>4.   Absence of justification; and<br>5.   Absence of remedy provided by law.<br><br>*LaSalle Nat'l Bank v. Perelman,* 82 F.Supp.2d 279, 294-95 (D. Del. 2000). |
| **ACTION AT LAW OF IN EQUITY?** | **Equitable remedy.**<br><br>*MetCap Securities, LLC v. Pearl Senior Care, Inc.,* 2007 2007 Del. Ch. LEXIS 92, at *4 (Del. Ch. 2007). |
| **LIMITATIONS PERIOD/LACHES** | **3 years.**<br><br>*Wal-Mart Stores, Inc. v. AIG Life Ins. Co.,* 860 A.2d 312, 319 (Del. Sup. 2004). |
| **INJURY/IMPOVERISHMENT** | **Plaintiff must have been impoverished.**<br><br>*LaSalle Nat'l Bank v. Perelman,* 82 F.Supp.2d 279, 294-95 (D. Del. 2000). |

| | |
|---|---|
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | Defendant can be liable even when "not a wrongdoer and even though he may have received it honestly in the first instance."<br><br>*Ryan v. Gifford,* 918 A.2d 341, 361 (Del. Ch. 2007). |
| **KNOWLEDGE/APPRECIATION** | No knowledge requirement. |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes.<br><br>*LaSalle Nat'l Bank v. Perelman,* 82 F.Supp.2d 279, 294-95 (D. Del. 2000). |
| **MEASURE OF DAMAGES** | The measure of recovery is the reasonable value of the benefit unjustly retained by the defendant.<br><br>*Fleer Corp. v. Topps Chewing Gum, Inc.,* 539 A.2d 1060, 1062 (Del. 1988). |
| **FLORIDA** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1.  Plaintiff conferred benefit on defendant, who had knowledge of benefit;<br>2.  Defendant voluntarily accepted and retained benefit; and<br>3.  Under circumstances, it would be inequitable for defendant to retain benefit without paying for it.<br><br>*Prohias v. Pfizer, Inc.* 490 F.Supp.2d 1228, 1235-36 (S.D. Fla. 2007). |
| **ACTION AT LAW OR IN EQUITY?** | Unjust enrichment is equitable in nature and cannot exist where payment has been made for benefit conferred.<br><br>*Gene B. Blick Co., Inc. v. Sunshine Ready Concrete Co., Inc.* 651 So.2d 190, 1995 Fla. App. LEXIS 1743, at *1 (Fla. Dist. Ct. App. 4th Dist. 1995). |
| **LIMITATIONS PERIOD/LACHES** | 4 years.<br><br>*Swafford v. Schweitzer,* 906 So. 2d 1194, 1195 (Fla. Dist. Ct. App. 2005). |

LEWIS BRISBOIS BISGAARD & SMITH LLP<br>221 NORTH FIGUEROA STREET, SUITE 1200<br>LOS ANGELES, CALIFORNIA 90012<br>TELEPHONE 213.250.1800

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **INJURY/IMPOVERISHMENT** | **Adequate consideration by defendant for the benefit conferred will bar claim.**<br><br>*American Safety Ins. Services, inc. v. Griggs*, 959 So. 2d 322, 331-32 (Fla. Dist. Ct. App. 2007) |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **No misconduct requirement.** |
| **KNOWLEDGE/APPRECIATION** | **Must show defendant's knowledge and acceptance of the benefit.**<br><br>*N.G.L. Travel Associates v. Celebrity Cruises, Inc.*, 764 So. 2d 672, 675 (Fla. Dist. Ct. App. 2000). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Williams v. Bear Stearns & Co.*, 725 So. 2d 397, 400 (Fla. App. 5 Dist. 1998). |
| **MEASURE OF DAMAGES** | **Unclear under Florida law.** |
| **GEORGIA** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1.   **No legal contract;**<br>2.   **One party has conferred a benefit; and**<br>3.   **The benefiting party equitably ought to return the benefit or pay due compensation.**<br><br>*Zampatti v. Tradebank Int'l.*, 235 Ga. App. 333, 340, 508 S.E.2d 750, 757 (Ga. Ct. App. 1998). |
| **ACTION AT LAW OR IN EQUITY?** | **Both.**<br><br>*Hollifield v. Monte Vista Biblical Gardens, Inc.*, 251 Ga. App. 124, 130, 553 S.E.2d 662, 669 (Ga. Ct. App. 2001). |
| **LIMITATIONS PERIOD/LACHES** | **4 year.**<br><br>*Engram v. Engram*, 265 Ga. 804, 806, 463 S.E.2d 12, 15 (Ga. 1995) |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **INJURY/IMPOVERISHMENT** | No injury requirement. |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | "Inherent in the theory of unjust enrichment is the requirement that the receiving party knew of the value being bestowed upon him by another and failed to stop the act or to reject the benefit prior to its being conferred." *Hollifield v. Monte Vista Biblical Gardens, Inc.,* 251 Ga. App. 124, 131 (Ga. Ct. App. 2001). |
| **KNOWLEDGE/APPRECIATION** | "Inherent in the theory of unjust enrichment is the requirement that the receiving party knew of the value being bestowed upon him by another and failed to stop the act or to reject the benefit prior to its being conferred." *Hollifield v. Monte Vista Biblical Gardens, Inc.,* 251 Ga. App. 124, 131 (Ga. Ct. App. 2001). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes. *Williams v. Mohawk Industries, Inc.,* 465 F.3d 1277, 1294-95 (11th 2006). Under Georgia law, unjust enrichment is equitable concept and applies when as a matter of fact there is no legal contract. |
| **MEASURE OF DAMAGES** | Damages are measured in quantum meruit; the defendant is required to pay the reasonable value of the services conferred upon him by plaintiff. *Yoh v. Daniel,* 230 Ga. App. 640, 643, 497 S.E.2d 392, 394-95 (Ga. Ct. App. 1998). |
| **HAWAII** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. Plaintiff conferred a benefit upon the defendant; and 2. the retention of the benefit was unjust. *Television Events & Marketing, Inc. v.* |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

|  |  |
|---|---|
|  | *Amcon Distributing Co.,* 488 F.Supp.2d 1071, 1078 (D.Haw. 2006) |
| **ACTION AT LAW OF IN EQUITY?** | **Equitable remedy.**<br>*Small v. Badenhop,* 67 Haw. 626, 635-36, 701 P.2d 647, 654-55 (Haw. 1985). |
| **LIMITATIONS PERIOD/LACHES** | **6 years, although court is not bound by the statute of limitations.**<br>*Small v. Badenhop,* 701 P.2d 647, 657 (Haw. 1985). |
| **INJURY/IMPOVERISHMENT** | **No Requirement.** |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **No Requirement.** |
| **KNOWLEDGE/APPRECIATION** | **No Requirement.** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br>*In re THC Financial Corp.,* 686 F.2d 799, 804 (9th cir. 1982). |
| **MEASURE OF DAMAGES** | **Unclear whether issue has been addressed in Hawaii.** |
| **IDAHO** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **There was a benefit conferred upon the defendant by the plaintiff;**<br>2. **Appreciation by the defendant of such benefit; and**<br>3. **Acceptance of the benefit under circumstances that would be inequitable for the defendant to retain the benefit without payment to the plaintiff for the value thereof.**<br><br>*Vanderford Co., Inc. v. Knudson,* 144 Idaho 547, 558, 165 P.3d 261, 272 (Idaho 2007). |

| | |
|---|---|
| **ACTION AT LAW OF IN EQUITY?** | **Equitable remedy.**<br><br>*Mannos v. Moss,* 143 Idaho 927, 935, 155 P.3d 1166, 1173 (Idaho 2007). |
| **LIMITATIONS PERIOD/LACHES** | **4 years.**<br><br>*Templeton Patents, Limited v. J.R.. Simplot co.,* 336 F.2d 261, 264 (Idaho 1964). |
| **INJURY/IMPOVERISHMENT** | **No requirements.** |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **For an injustice supporting a claim of unjust enrichment to be found under Oregon law, one of three things must be true: (1) plaintiff had a reasonable expectation of payment; (2) defendant should reasonably have expected to pay; or (3) society's reasonable expectations of security of person and property would be defeated by nonpayment.**<br><br>*In re McBride,* 348 B.R. 539, 544 (Bankr. D. Idaho 2004). |
| **KNOWLEDGE/APPRECIATION** | **Claim requires appreciation by defendant of such benefit.**<br><br>*Vanderford Co., Inc. v. Knudson,* 165 P.3d 261 (Idaho 2007). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Mannos v. Moss,* 155 P.3d 1166, 1173 (Idaho 2007). |
| **MEASURE OF DAMAGES** | **Measure of damages is not necessarily the value of money, labor and materials provided by plaintiff to defendant, but amount of benefit defendant received which would be unjust for defendant to retain.**<br><br>*Toews v. Funk,* 129 Idaho 316, 322, 924 P.2d 217, 223 (Idaho Ct. App. 1994) |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| ILLINOIS | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | **A defendant is unjustly enriched when he retains a benefit to plaintiff's detriment and defendant's retention of the benefit violates the fundamental principles of justice, equity and good conscience.**<br><br>*Lakeshore Decaro v. M. Felix, Inc.,* 371 Ill. App. 3d 1103, 1109, 864 N.E.2d 890, 897 (Il. App. Ct. 1st Dist. 2007) |
| **ACTION AT LAW OR IN EQUITY?** | **Action at law.**<br><br>*Sundance Homes, Inc. v. County of DuPage,* 195 Ill. 2d 257, 271, 746 N.E.2d 254, 263 (Ill. 2001); *Partipilo v. Hallman,* 156 Ill. App. 3d 806, 809-10, 510 N.E.2d 8, 10-11 (1987). |
| **LIMITATIONS PERIOD/LACHES** | **5 years.**<br><br>*Fredrickson v. Blumenthal,* 271 Ill. App. 3d 738, 742, 648 N.E.2d 1060, 1063 (Ill. App. Dist. 1995).<br><br>**Doctrine of laches does not apply because unjust enrichment is an action at law.**<br><br>*Partipilo v. Hallman,* 510 N.E.2d 8, 12 (1987). |
| **INJURY/IMPOVERISHMENT** | **Plaintiff must show retention of benefit caused detriment.**<br><br>*B&B Land Acquisition, Inc. v. Mandell,* 305 Ill. App. 3d 1068, 1073, 714 N.E.2d 58, 63 (Ill. App. Ct. 1999). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **Some type of wrongful conduct must be shown to support unjust enrichment claim  under Illinois law.**<br><br>*In re Murray,* 276 B.R. 869, 878 (Bankr. N.D. Ill. 2002).<br><br>*See also Indianapolis Raceway Park v. Curtiss,* 179 Ind. App. 557, 559-62, 386 N.E.2d 724, 726-27 (Ind. App. 1979) (The pivotal concept of 'unjust enrichment' is the occurrence of a wrong or something unjust. As harsh as the result may be, there is simply no evidence that the [defendants] were wrongfully enriched – with emphasis |

| | |
|---|---|
| | on 'wrongfully' – at the expense of [plaintiff]. Absent a wrong, intervention by equity is inappropriate.) |
| **KNOWLEDGE/APPRECIATION** | No requirement. |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes.<br><br>*Bucciarelli-Tieger v. Victory Records, Inc.,* 488 F.Supp.2d 702, 713 (N.D. Ill. 2007). |
| **MEASURE OF DAMAGES** | "[M]easure of recovery is the reasonable value of work and material provided, whereas in an unjust enrichment action, the inquiry focuses on the benefit received and retained s a result of the improvement provided by the contractor."<br><br>*Hayes Mechanical, Inc. v. First Indus., L.P.,* 351 Ill. App. 3d 1, 9, 812 N.E.2d 419, 426 (Ill. App. Dist. 2004) |
| **INDIANA** ||
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | A measurable benefit has been conferred on defendant under circumstances such that defendant's retention of the benefit without payment would be unjust.<br><br>*Bayh v. Sonnenburg,* 573 N.E.2d 398, 408 (Ind. 1991). |
| **ACTION AT LAW OR IN EQUITY?** | Facts in this case in.<br><br>*Savoree v. Industrial Contracting & Erecting, Inc.,* 789 N.E.2d 1013, 1019-20 (Ind. App. 2003). |
| **LIMITATIONS PERIOD/LACHES** | 2 years.<br><br>*Knutson v. UGS,* 2007 U.S. Dist. LEXIS 52876, at *17-18 (S.D. Ind. July 19, 2007). |
| **INJURY/IMPOVERISHMENT** | No requirement. |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | "The pivotal concept of unjust enrichment is the occurrence of a wrong or something unjust."<br><br>*State Dept. of Natural Resources v. CCI,* |

LEWIS BRISBOIS BISGAARD & SMITH LLP<br>221 NORTH FIGUEROA STREET, SUITE 1200<br>LOS ANGELES, CALIFORNIA 90012<br>TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | *LLC,* 860 N.E.2d 651, 653 (Ind. Ct. App. 2007) . |
| **KNOWLEDGE/APPRECIATION** | **No requirement.** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **No.** *Kelly v. Levandoski,* 825 N.E.2d 850, 860 (Ind. Ct. App. 2005) ("Even if there is no express contract, a plaintiff may sometimes recover under the theory of unjust enrichment, which is also called quantum meruit, contract implied-in-law, constructive contract or quasi-contract."). |
| **MEASURE OF DAMAGES** | **The measure of recovery is the fair value of the work, services or goods conferred upon the defendant.** *Wright v. Pennamped,* 657 N.E.2d 1223, 1229-30 (Ind. Ct. App. 1995). |
| **IOWA** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **Plaintiff must have conferred a benefit upon defendant to plaintiff's own detriment;** <br> 2. **Defendant had an appreciation of receiving the benefit;** <br> 3. **Defendant accepted and retained the benefit under circumstances making it inequitable for there to be no return payment for its value; and** <br> 4. **there is no at-law remedy that can appropriately address the claim.** <br><br> *Iowa Waste Systems, Inc. v. Buchanan County,* 617 N.W.2d 23, 30 (Iowa Ct. App. 2000). |
| **ACTION AT LAW OF IN EQUITY?** | **"Although unjust enrichment is referred to as a quasi-contract theory, it is equitable in nature, not contractual."** |

| | | |
|---|---|---|
| | | *State ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 154 (Iowa 2001). |
| | **LIMITATIONS PERIOD/LACHES** | **5 years.** *Dolezal v. City of Cedar Rapids*, 326 N.W.2d 355, 360 (Iowa 1982). |
| | **INJURY/IMPOVERISHMENT** | **Crictical that plaintiff show some detriment.** *State v. Unisys Corp.*, 637 N.W.2d 142, 155 (Iowa 2001) (Recovery based on unjust enrichment does not require that the benefits be conferred directly by the plaintiff' rather, benefits can be direct or indirect and can involve benefits conferred by third parties, and the critical inquiry is whether the benefit is received at the expense of the plaintiff.) |
| | **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **No requirement of "any underlying wrong."** *Farmers Co-op Ass'n v. Cooper*, 720 N.W.2d 192, 2006 WL 1231663, *3 (Iowa Ct. App. Apr. 26, 2006) |
| | **KNOWLEDGE/APPRECIATION** | **Defendant must appreciate benefit.** *Iowa Waste systems, Inc. v. Buchanan County*, 617 N.W.2d 23, 30 (Iowa. App. 2000). |
| | **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** *Brinkmann v. St. Paul Fire & Marine Ins. Co.*, 2006 Iowa App. LEXIS 642, at *7-8 (Iowa Ct. App. June 28, 2006). |
| | **MEASURE OF DAMAGES** | **Measure of damages is the profits obtained by defendants as a result of the defendant's taking of benefit.** *Pioneer Hi-Bred Intern, Inc. v. Holden foundation Seeds, Inc.*, 35 F.3d 1226, 1243-45(S.D. Iowa 1991). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| KANSAS | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1.  **Benefit conferred;**<br>2.  **An appreciation of knowledge of the benefit by the one receiving the benefit; and**<br>3.  **The acceptance or retention of the benefit under such circumstances as to make it inequitable to retain the benefit without payment of its value.**<br><br>*In re Estate of Sauder,* 283 Kan. 694, 719, 156 P.3d 1204, 1220 (Kan. 2007). |
| **ACTION AT LAW OF IN EQUITY?** | **Unjust enrichment/quantum meruit is equitable doctrine.**<br><br>*Haz-Mat Response, Inc.v. Certified Waste Services Ltd.,* 259 Kan. 166, 176, 910 P.2d 839, 846 (Kan. 1996). |
| **LIMITATIONS PERIOD/LACHES** | **3 years.**<br><br>*Great Plains Trust Co. v. Union Pacific r. Co.,* 492 F.3d 986, 994 (8th Cir. 2007). |
| **INJURY/IMPOVERISHMENT** | **No requirement.** |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **No requirement.** |
| **KNOWLEDGE/APPRECIATION** | **Appreciation of knowledge of defendant required.**<br><br>*T.R. Inc. of Ashland v. Brandon,* 32 Kan. App. 2d 649, 655, 87 P.3d 331, 336 (Kan. Ct. App. 2004) |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Paul Davis Restoration of Lawrence v. Raney Properties, L.P.,* 2007 WL 1309807, at *2 (Kan. Ct. App. 2007). |
| **MEASURE OF DAMAGES** | **The measure of damages is the fair value of the benefit conferred upon the** |