LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | defendant. |
| | *Beck v. Northern Natural Gas Co.,* 170 F.3d 1018, 1024 (10th Cir. 1999). |
| **KENTUCKY** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **Benefit conferred upon defendant at plaintiff's expense;** <br> 2. **Resulting appreciation of benefit by defendant; and** <br> 3. **inequitable retention of benefit without payment for its value.** <br><br> *Marcus & Millichap Real Estate Inv. Brokerage Co. v. Skeeters,* 395 F. Supp. 2d 541, 557 (W.D. Ky. 2005). |
| **ACTION AT LAW OF IN EQUITY?** | **Equitable remedy.** <br><br> *Brock v. Pilot Corp.,* 234 S.W.3d 381, 384 (Ky. Ct. App. 2007). |
| **LIMITATIONS PERIOD/LACHES** | **The issue has not been addressed.** |
| **INJURY/IMPOVERISHMENT** | **On a claim of unjust enrichment, claimant must not only show that the other party has received benefit but that it has been at claimant's expense.** <br><br> *Bogan v. Finn,* 298 S.W.2d 311, 313-14 (Ky. 1957). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **There must be some inequitable conduct or wrong, rising above a perceived violation of moral duty.** <br><br> *Kentucky Laborers Dist. Council Health & Welfare Trust Fund v. Hill & Knowlton, Inc.,* 24 F.Supp.2d 755, 775 (W.D.Ky. 1998); *Tractor & Farm Supply, Inc. v. Ford New Holland, Inc.,* 898 F. Supp. 1198, 1206 (W.D.Ky. 1995). |
| **KNOWLEDGE/APPRECIATION** | **Defendant must appreciate benefit.** <br><br> *Tractor and Farm Supply, Inc. v. Ford New Holland, Inc.,* 898 F. Supp. 1198, 1206 (W.D. Ky. 1995). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Guarantee Elec. Co. v. Big River Elec. Corp.,* 669 F. Supp. 1371, 1380-81 (W.D. Ky 1987); *Codell Const. Co. v. Comm.,* 566 S.W.2d 161, 165 (Ky. Ct. App. 1977). |
| **MEASURE OF DAMAGES** | **The plaintiff is entitled to the full value of the benefit conferred on the defendant.**<br><br>*Cheatham v. Paisano Publ'ns, Inc.,* 891 F.Supp. 381, 387 n.7 (W.D. Ky. 1995); *Emerson v. Emerson,* 709 S.W.2d 853, 855-56 (Ky. Ct. App. 1986) |
| | **LOUISIANA** |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **an enrichment of the defendant;**<br>2. **an impoverishment of the plaintiff;**<br>3. **Causation between the enrichment and the impoverishment;**<br>4. **an absence of justification or cause for either the enrichment or the impoverishment; and**<br>5. **no other remedy available at law.**<br><br>*Moroux v. Toce,* 943 So.2d 1263, 1273 (La. Ct. app. 2005). |
| **ACTION AT LAW OF IN EQUITY?** | **Equitable remedy.**<br><br>*Jackson v. Capital City Family Health Center,* 928 So.2d 129, 132 (La. Ct. App. 2005). |
| **LIMITATIONS PERIOD/LACHES** | **10 year prescriptive statue.**<br><br>*Cavaness v. State Dept. of Transp. & Development,* 846 So.2d 866, 870 (La. Ct. App. 2003). |
| **INJURY/IMPOVERISHMENT** | **Must show impoverishment.**<br><br>*Moroux v. Toce,* 943 So.2d 1263, 1273 (La. Ct. app. 2005). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **Plaintiff must show an absence of justification of either the enrichment or impoverishment.**<br><br>*Bieber-Guillory v. Aswell,* 723 So.2d 1145, 1150 (La. Ct. App. 1998). |
| **KNOWLEDGE/APPRECIATION** | **No knowledge requirement.** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **No.  however, a plaintiff can recover in unjust enrichment only if there is no other practical remedy available by which the impoverishment might be or might have been avoided.**<br><br>*Carter v. Flanagan,* 455 So.2d 689, 692 (La. Ct. App. 1984). |
| **MEASURE OF DAMAGES** | **The measure of damages is value of the benefit conferred on the defendant.**<br><br>*Gray v. McCormick,* 663 So.2d 480 , 489 (LA. Ct. App. 1995). |

| **MARYLAND** ||
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1.  **A benefit conferred upon the defendant by the plaintiff'**<br>2.  **an appreciation or knowledge by the defendant of the benefit ; and**<br>3.  **The uncompensated acceptance or retention of the benefit is inequitable.**<br><br>*Berry & Gould v. Berry,* 360 Md. 142, 151, 757 A.2d 108, 113 (Md. 2000); *Mona v. Mona Elec. Group., Inc.,* 176 Md. App. 672, 712-13, 934 A.2d 450, 473-74 (Sept. 13, 2007, Md. Ct. Spec. App. 2007). |
| **ACTION AT LAW OF IN EQUITY?** | **Equity.**<br><br>*Mona v. Mona Elec. Group., Inc.,* 176 Md. App. 672, 712-13, 934 A.2d 450, 473-74 (Sept. 13, 2007, Md. Ct. Spec. App. 2007). |
| **LIMITATIONS** | **3 years.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| PERIOD/LACHES | MD Code § 5-101; *Ver Brycke v. Ver Vrycke,* 379 Md. 669, 688, 843 A.2d 758, 769 (Md. 2004) |
|---|---|
| INJURY/IMPOVERISHMENT | **Benefit was conferred from the plaintiff.**<br><br>*Berry & Gould v. Berry,* 757 A.2d 108, 113 (Md. 2000). |
| MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT | **Wrongful conduct not required.**<br><br>*Bank of Am v. Gibbons,* 173 Md. App. 261, 279, 918 A.2d 565, 575 (Md. Ct. Spec. App. 2001).<br><br>**But, some courts will find the unjust enrichment claim is not valid where the benefit has officiously been thrust upon the defendant.**<br><br>*Everhart v. Miles,* 47 Md. App. 131, 136, 422 A.2d 28, 31 (Md. Ct. Spec. App. 1980). |
| KNOWLEDGE/APPRECIATION | **Knowledge and/or appreciation required.**<br><br>*Mona v. Mona Elec. Group., Inc.,* 176 Md. App. 672, 712-13, 934 A.2d 450, 473-74 (Sept. 13, 2007, Md. Ct. Spec. App. 2007). |
| DOES EXPRESS AGREEMENT BAR RECOVERY? | **Yes.**<br><br>*Mass Transit Admin v. Granite Constr. Co,* 57 Md. App. 766, 775-76, 471 A.2d 1121, 1126 (Md. Ct. Spec. App. 1984). |
| MEASURE OF DAMAGES | **The measure of the recovery is the gain to the defendant, not the loss by the plaintiff.**<br><br>*Mass Transit Admin v. Granite Constr. Co,* 471 A.2d 1121, 1126 (Md. Ct. Spec. App. 1984). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| MASSACHUSETTS | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **Benefit;** <br> 2. **Of which Defendant was aware; and** <br> 3. **That was accepted in circumstances in which failure to pay would be inequitable.** <br><br> *APG, Inc. v. MCI Telecomm, Corp.,* 436 F.3d 294, 305 (1st Cir. 2006); *Brandt v. Ward Partners,* 242 F.3d 6, 16 (1st Cir. 2001). |
| **ACTION AT LAW OF IN EQUITY?** | **Equity.** <br><br> *Jelmoli Holding, Inc. v. Ramond James Fin. Servs., Inc.,* 470 F.3d 14, 17 n.2 (1st Cir. 2006) |
| **LIMITATIONS PERIOD/LACHES** | **6 years.** <br><br> Mass. Gen. Laws Ann. ch. 260 §2; *Spears v. Miller,* 2006 Mass. App. Div. 151, 151 (Mass. App. Div. 2006) |
| **INJURY/IMPOVERISHMENT** | **The benefit incurred by defendant is at the plaintiff's expense.** <br><br> *Salamon v. Terra,* 394 Mass. 857, 859, 477 N.E.2d 1029, 1031 (1985) (quoting Restatement of Restitution § 1 (1937)). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **Unjust enrichment does not always require finding of wrongdoing by the defendant.** <br><br> *Brandt v. Wand Partners,* 242 F.3d 6, 16 (Mass. 2001). |
| **KNOWLEDGE/APPRECIATION** | Defendant's knowledge of his receipt of the benefit is required. <br><br> *APG, Inc. v. MCI Telecomm, Corp.,* 436 F.3d 294, 305 (1st Cir. 2006) |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** <br><br> *Platten v. HG Bermuda Exempted Ltd,* 437 F.3d 118, 130 (1st Cir. 2006). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| MEASURE OF DAMAGES | The measure of the recovery is the "amount derived from the wrongdoing." *Demoulas v. Demoulas Super Markets, Inc.,* 424 Mass. 501, 558, 677 N.E.2d 159, 196 (1997). The proper measure is the reasonable value of services provided. *Incase Inc. v. Timex Corp.,* 488 F.3d 46, 54 (1st Cir. 2007). |
|---|---|

### MICHIGAN

| ELEMENTS OF UNJUST ENRICHMENT CLAIM | 1. Receipt of benefit by defendant from plaintiff; and<br>2. Inequity resulting to plaintiff from retention of the benefit by defendant.<br><br>*Morris Pumps v. Centerline Piping, Inc,* 273 Mich. App. 187, 195, 729 N.W.2d 898, 904 (Mich. Ct. App. 2006); *Belle Isle Grill Corp. v. City of Detriot,* 256 Mich. App. 463, 478, 666 N.W.2d 271, 280 (Mich. Ct. App. 2003) |
|---|---|
| ACTION AT LAW OF IN EQUITY? | Equity.<br><br>*Greenfield Commercial Credit, LLC v. Comerica Bank,* 2005 Mich. App. LEXIS 1513, at *15-16 (Mich. Ct. App. 2005). |
| LIMITATIONS PERIOD/LACHES | 6 years.<br><br>*Romeo Inv. Ltd. v. Michigan Consol. Gas. Co.,* 2007 Mich. App. LEXIS 1190, at *26 (Mich. Ct. App. May 1, 2007). |
| INJURY/IMPOVERISHMENT | Enrichment must be at another party's expense.<br><br>*Greenfield Commercial Credit, LLC v. Comerica Bank,* 2005 Mich. App. LEXIS 1513, at *15-16 (Mich. Ct. App. 2005). |
| MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT | "One is not unjustly enriched by retaining benefits involuntarily."<br><br>*Buell v. Orin State Bank,* 327 Mich. 43, 56, 41 N.W.2d 472, 478 (Mich. 1950). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **KNOWLEDGE/APPRECIATION** | **Knowingly is not required.** <br><br> *Franklin Bank, N.A. v. Zero Plus Advantage*, 2001 Mich. App. LEXIS 872, *8 (Mich. Ct. App. Apr. 20, 2001) (nothing that a "showing of knowledge or bad faith is not an element of unjust enrichment"). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** <br><br> *Liggett Rest. Group Inc., v. City of Pontiac*, 260 Mich. App. 127, 137, 676 N.W.2d 633, 639 (Mich. Ct. app. 2005). |
| **MEASURE OF DAMAGES** | **The correct measure of damages in an unjust enrichment claim is the benefit conferred on a party.** <br><br> *B&M Die co. v. Ford Motor Co.*, 167 Mich. App. 176, 182-83, 421 N.W.2d 620, 623 (Mich. Ct. App. 1988). |
| | **MINNESOTA** |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1.  **Another party knowingly received something of value to which he was not entitled; and** <br> 2.  **The circumstances are such that it would be unjust for that person to retain the benefit.** <br><br> *Mon-Ray, Inc. v. Granite Inc.*, 677 N.W.2d 434, 440 (Minn. Ct. App. 2004). |
| **ACTION AT LAW OF IN EQUITY?** | **Equity.** <br><br> *Stein v. O'Brien*, 565 N.W.2d 472, 474 (Minn. Ct. App. 1997). |
| **LIMITATIONS PERIOD/LACHES** | **6 years.** <br><br> Minn. Stat. Ann. § 541.05. |
| **INJURY/IMPOVERISHMENT** | **The defendant's gain must be at the plaintiff's expense (injury to plaintiff).** <br><br> *Nicollet Restoration, inc. v. Metro. Transit Commin*, 1995 Minn. App. LEXIS 1275, at *2 (Minn. Ct. App. 1995). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT | A claimant must also show that "a party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully" or that a party's conduct was "unconscionable by reason of a bad motive."<br><br>*Custom Design Studio v. Chloe, Inc.*, 584 N.W.2d 430, 433 (Minn. Ct. App. 1998). |
| --- | --- |
| KNOWLEDGE/APPRECIATION | Knowledge required.<br><br>*Mon-Ray, Inc. v. Granite Inc.*, 677 N.W.2d 434, 440 (Minn. Ct. App. 2004). |
| DOES EXPRESS AGREEMENT BAR RECOVERY? | Yes.<br><br>*Stein v. O'Brien*, 565 N.W.2d 472, 474-75 (Minn. Ct. App. 1997). |
| MEASURE OF DAMAGES | Damages are measured by the amount that the defendant ("person enriched") has received and "not what the opposing party has lost."<br><br>*Georgopolis v. George*, 237 Min. 176, 185, 54 N.W.2d 137, 142 (Minn. 1952). |

### MISSISSIPPI

| ELEMENTS OF UNJUST ENRICHMENT CLAIM | 1. There is no legal contract; and<br>2. The person sought to be charged is in possession of money or property that in good conscience and justice he should not retain, but should deliver to another.<br><br>*Franklin v. Franklin*, 858 So.2d 110, 121 (Miss. 2003) |
| --- | --- |
| ACTION AT LAW OF IN EQUITY? | Equity.<br><br>*Union Nat'l Life Ins. Co. v. Crosby*, 870 S.2d 1175, 1180 (Miss. 2004). |
| LIMITATIONS PERIOD/LACHES | 3 years.<br><br>Miss. Code Ann. § 15-1-49; *Johnson v. Kansas City Southern*, 208 F.App'x 292, 296 (5th Cir. 2006). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **INJURY/IMPOVERISHMENT** | **Must be at the expense of the plaintiff.** *Fourth Davis Island Land Co. v. Parker,* 469 So.2d 516, 524 (Miss. 1985). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **Undecided.** |
| **KNOWLEDGE/APPRECIATION** | **Defendant must appreciate the fact that he received the benefit.** *Franklin v. Franklin,* 858 So.2d 110, 121 (Miss. 2003). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** *Johnston v. Palmer,* 963 So. 2d 586, 596 (Aug. 21, 2007, Miss Ct. App.); *Franklin v. Franklin,* 858 So.2d 110, 121 (Miss. 2003). |
| **MEASURE OF DAMAGES** | **"The measure of recovery is a distinction between quantum meruit and unjust enrichment. Recovery in quantum meruit is measured by the reasonable value of materials or services rendered, whereas recovery in unjust enrichment is that to which the claimant is equitably entitled."** *Estate of Johnson v. Adkins*, 513 So.2d 922, 926 (Miss. 1987). |
| **MISSOURI** ||
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **A benefit conferred by one party on another;** 2. **appreciation by the receiving party of the fact that what was conferred was a benefit; and** 3. **Acceptance and retention of the fact that would render that retention inequitable.** *Cridlebaugh v. Putnam County State Bank of Milan,* 192 S.W.3d 540, 543 (Mo. Ct. App. 2006). |
| **ACTION AT LAW OF IN EQUITY?** | **Equity.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

|  |  |
|---|---|
|  | *Petrie v. LeVan,* 799 S.W.2d 632, 635 (Mo. Ct. App. 1990). |
| **LIMITATIONS PERIOD/LACHES** | **5 years.**<br><br>Mo. Ann. Stat. § 516.120 |
| **INJURY/IMPOVERISHMENT** | **The benefit conferred upon the defendant was originally a benefit of the plaintiff.**<br><br>*Cridlebaugh v. Putnam County State Bank of Milan,* 192 S.W.3d 540, 543 (Mo. Ct. App. 2006); *Childress Painting and Assocs., Inc .v. John Q. Hammons Hotels Two, L.P.,* 106 S.W.3d 558, 562 (Mo. Ct. App. 2006). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **"Mere receipt of benefits is not enough to prevail in a claim of unjust enrichment when there is no showing that it would be unjust for a party to retain the benefit received."**<br><br>*Am. Standard Inc., Co. V. Wis., Bracht,* 103 S.W.3d 281, 292 (Mo. Ct. App. 2006). |
| **KNOWLEDGE/APPRECIATION** | **Plaintiff must show that the defendant appreciated the fact that the defendant received the benefit.**<br><br>*Cridlebaugh v. Putnam County State Bank of Milan,* 192 S.W.3d 540, 543 (Mo. Ct. App. 2006)<br><br>**However, a person that voluntarily pays money with full knowledge of the facts will not be able to recover.**<br><br>*Hertz Corp. v. Raks Hospitality Inc.,* 196 S.W.3d 536 (Mo. Ct. App. 2006). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Cridlebaugh v. Putnam County State Bank of Milan,* 192 S.W.3d 540, 543 (Mo. Ct. App. 2006) |
| **MEASURE OF DAMAGES** | **The measure of recovery is based on what the plaintiff has paid.**<br><br>*Int'l Paper Co. v. Futhey,* 788 S.W.2d 303, 305-306 (Mo. Ct. App. 1990). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| NEBRASKA | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. The defendant received money; <br> 2. the defendant retained the possession of the money; and <br> 3. The defendant in justice and fairness ought to pay the money to the plaintiff. <br><br> *Kanne v. Visa U.S.A., Inc.,* 272 Neb. 489, 500, 723 N.W.2d 293, 302 (Neb. 2006). |
| **ACTION AT LAW OF IN EQUITY?** | Equity. <br><br> *Scheckpeper v. Koertje,* 222 Neb. 800, 803, 388 N.W.2d 51. 53 (Neb. 1986) |
| **LIMITATIONS PERIOD/LACHES** | 4 years. <br><br> Neb. Rev. Stat. § 25-206. |
| **INJURY/IMPOVERISHMENT** | Undecided. |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | "[T]he element of fraud or tortuous conduct on the part of a defendant is not necessary in an action for unjust enrichment." <br><br> *Kisicki v. Mid-Am Fin. Inv. Corp.,* 2002 Neb. App. LEXIS 297, *16 (Nov. 26, 2002, Neb. Ct. App.). |
| **KNOWLEDGE/APPRECIATION** | The "most significant element of the doctrine of unjust enrichment is whether the enrichment of the defendant is unjust. Although unjust enrichment may arise from fraud or several other predicates, the element of fraud or tortuous conduct on the part of a defendant is not necessary in an action of unjust enrichment." <br><br> *Kisicki v. Mid-Am Fin. Inv. Corp.,* 2002 Neb. App. LEXIS 297, *16 (Nov. 26, 2002, Neb. Ct. App.). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes. <br><br> *Kisicki v. Mid-Am Fin. Inv. Corp.,* 2002 |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | Neb. App. LEXIS 297, *17 (Nov. 26, 2002, Neb. Ct. App.); *Washa v. Miller*, 249 Neb. 941, 546 N.W.2d 813, 819 (1996) (nothing that "the doctrine does not operate to rescue a party from the consequences of a bad bargain"). |
| **MEASURE OF DAMAGES** | **Reasonable value of the benefits retained.** <br><br> *In re Estate of Kreuger*, 235 Neb. 518, 523, 455 N.W.2d 809, 813 (Neb. 1990). |
| **NEVADA** ||
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **The unjust retention of a benefit to the loss of another; or** <br> 2. **the retention of money or property of another against the fundamental principles of justice or equity and good conscience.** <br><br> *Nev. Indus. Dev. v. Benedetti*, 103 Nev. 360, 363, 741 P.2d 802, 804 n.2 (Nev. 1987). |
| **ACTION AT LAW OF IN EQUITY?** | **Equity.** <br><br> *MacDonald v. Krause*, 77 Nev. 312, 318, 362 P.2d 724, 727 (Nev. 1961). |
| **LIMITATIONS PERIOD/LACHES** | **Not clear.** |
| **INJURY/IMPOVERISHMENT** | **No requirements that the plaintiff is injured; instead a plaintiff must only show that the defendant has been enriched.** <br><br> *Topaz Mut. Co., Inc. v. Marsh*, 108 Nev. 845, 856, 839 P.2d 606, 613 (Nev. 1992). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **Not required.** <br><br> *Topaz Mut. Co., Inc. v. Marsh*, 108 Nev. 845, 856, 839 P.2d 606, 613 (Nev. 1992). |
| **KNOWLEDGE/APPRECIATION** | **This court has observed that the essential elements of unjust enrichment "are a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.260.1800

|  |  |
|---|---|
|  | retention by the defendant of such benefit." *Topaz Mut. Co., Inc. v. Marsh,* 839 P.2d 606, 613 (Nev. 1992). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes. *Ewing v. Sargent,* 87 Nev. 74, 80, 482 P.2d 819, 823 (Nev. 1971), |
| **MEASURE OF DAMAGES** | The proper measure of damages under a quantum meruit theory of recovery is the reasonable value of the services. *Morrow v. Barger,* 103 Nev. 247, 252, 737 P.2d 1153, 1156 (Nev. 1987). |
| **NEW HAMPSHIRE** ||
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1.    The defendant has received a benefit; and<br>2.    it would be unconscionable for the defendant to retain that benefit.<br>*Nat'l Employment Serv. Corp. v. Olsten Staffing Serv., Inc.,* 145 N.H. 158, 163, 761 A.2d 401, 406 (N.H. 2000). |
| **ACTION AT LAW OF IN EQUITY?** | Equity. *Nat'l Employment Serv. Corp. v. Olsten Staffing Serv., Inc.,* 761 A.2d 401, 406 (N.H. 2000). |
| **LIMITATIONS PERIOD/LACHES** | 3 years. N.H. Rev. Stat. Ann. § 508:4; *A&B Lumber Co., LLC v. Vrusho,* 151 N.H. 754, 756-57, 871 A.2d 64, 66-7 (N.H. 2005) |
| **INJURY/IMPOVERISHMENT** | Injury to plaintiff is not required. *Nat'l Employment Serv. Corp. v. Olsten Staffing Serv., Inc.,* 761 A.2d 401, 406 (N.H. 2000). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | To entitle one to restitution, "it must be shown that there was unjust enrichment either through wrongful acts or passive acceptance of benefit that would be |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | unconscionable to retain." *Kowalski v. Cedars of Portsmouth Condo. Ass'n*, 146 N.H. 130, 133, 769 A.2d 344, 347 (N.H., 2001) (citing *Cohen v. Frank Developers, Inc.*, 118 N.H. 512, 518, 389 A.2d 933 (1978)). |
| **KNOWLEDGE/APPRECIATION** | The defendant may even "passively accept" the benefit. *Petrie-Clemons v. Butterfield*, 122 N.H. 120, 127, 441 A.2d 1167, 1172 (N.H. 1982). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes. *Streeter v. Sumner*, 19 N.H. 516, 518-19 (N.H. 1849) |
| **MEASURE OF DAMAGES** | When a court assesses damages in unjust enrichment, the focus is not on the cost to the plaintiff, but rather on the value of what was actually received by the defendant. *Iacomini v. Liberty Mut. Ins. Co.*, 127 N.H. 73, 78, 497 A.2d 854, 858 (N.H. 1985). |
| **NEW JERSEY** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. Defendant received a benefit; and<br>2. Retention of that benefit without payment would be unjust. *VRG Corp. v. GKN Realty Corp.*, 135 N.J. 539, 554, 641 A.2d 519. 526 (N.J. 1994). |
| **ACTION AT LAW OF IN EQUITY?** | Equity. *Slocum v. Borough of Belmar*, 233 N.J. Super. 437, 440, 559 A.2d 17, 18 (N.J. Super. Ct. App. Div. 1989). |
| **LIMITATIONS PERIOD/LACHES** | 6 years. N.J. Stat. Ann. § 2A:14-1. |
| **INJURY/IMPOVERISHMENT** | The Plaintiff must also "show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | defendant beyond its contractual rights." |
| | *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **Misconduct is not required (can be passive).** |
| | *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994). |
| **KNOWLEDGE/APPRECIATION** | Undecided. |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** |
| | *Winslow v. Corporate Express, Inc.*, 364 N.J. Super. 128, 143, 834 A.2d 1037, 1046 (N.J. Super. Ct. App. Div. 2003). |
| | **However, "[i]It has been said that quasi-contract liability should not be imposed if an express contract exists concerning the identical subject matter. No doubt, there are exceptions to this rule. Because a quasi-contract rests on the equitable principle that a person should not be allowed to enrich himself unjustly at the expense of another, it is sometimes imposed even against a clear expression of dissent. However, generally, the parties are bound by their agreement, and there is no ground for imposing an additional obligation where there is a valid unrescinded contract that governs their rights."** |
| | *Shalita v. Township of Wash.*, 270 N.J. Super. 84, 90-91, 636 A.2d 568, 571 (App. Div. 1994) |
| **MEASURE OF DAMAGES** | **The measure of damages what the goods, services, or other benefits conferred on defendant are reasonably worth.** |
| | *Shapiro v. Solomon*, 42 N.J. Super. 377, 384-85, 126 A.2d 654, 658-59 (N.J. Super. Ct. App. Div. 1956). |
| | **Restitution for unjust enrichment is an equitable remedy, available only when there is no adequate remedy at law.** |
| | *Nat'l Amusements, Inc. v. N.J. Tpk. Auth..*, 261 N.J. Super. 468, 478, 619 A.2d 262, 267 (1992). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| NEW MEXICO | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | To prevail on a claim for unjust enrichment, "one must show that: (1) another has been knowingly benefited at one's expense; (2) in a manner such that allowance of the other to retain the benefit would be unjust."<br><br>*Credit Ins. v. Veterinary Nutrition Corp.*, 133 N.M. 248, 253, 2003 NMCA 10, 21, 62 P.3d 339, 344 (N.M. Ct. App. 2002). |
| **ACTION AT LAW OR IN EQUITY?** | Equity.<br><br>*Romero v. Bank of the Southwest*, 135 N.M. 1, 9, 2003 NMCA 124, 83 P.3d 288, 296 (N.M. Ct. App. 2003). |
| **LIMITATIONS PERIOD/LACHES** | 4 years.<br><br>N.M. Stat. Ann. § 37-1-4. |
| **INJURY/IMPOVERISHMENT** | The benefit must be found to be at another party's expense.<br><br>*Romero v. Bank of the Southwest*, 83 P.3d 288, 296 (N.M. Ct. App. 2003). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | Undecided. |
| **KNOWLEDGE/APPRECIATION** | "Unjust enrichment exists when one party knowingly benefits at another's expense and allowing that party to retain the benefit would be unjust."<br><br>*Romero v. Bank of the Southwest*, 83 P.3d 288, 296 (N.M. Ct. App. 2003). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes.<br><br>*Ontiveros Insulation Co., Inc. v. Sanchez*, 129 N.M. 200, 3 P.3d 695, 699 (N.M. 2000) (This quasi-contractual obligation is created by the courts for reasons of justice and equity, notwithstanding the lack of any *contractual* relationship between the parties.") |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **MEASURE OF DAMAGES** | **The amount of money paid by the plaintiff.**<br><br>*Romero v. Bank of the Southwest*, 83 P.3d 288, 296 (N.M. Ct. App. 2003). |
| **NEW YORK** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **Performance of services in good faith;**<br>2. **The acceptance of the services by the person to whom they are rendered;**<br>3. **An expectation of compensation therefore; and**<br>4. **Plaintiff must establish the reasonable value of the services.**<br><br>*Iwon, Inc. v. Ourhouse, Inc.*, 192 Misc. 2d 1, 5, 744 N.Y.S.2d 791, 794 (N.Y. Sup. Ct. 2001). |
| **ACTION AT LAW OF IN EQUITY?** | **Equity.**<br><br>*Haberman v. Singer*, 3 A.D.3d 188, 191-92, 771 N.Y.S. 2d 505, 507-508 (N.Y. App. Div. 2004). |
| **LIMITATIONS PERIOD/LACHES** | **6 years.**<br><br>N.Y. Consol. Laws. § 213. |
| **INJURY/IMPOVERISHMENT** | **Courts look to see if a benefit has been conferred on the defendant under mistake of fact or law, if the benefit still remains with the defendant, if there has been otherwise a change of position by defendant and whether the defendant's conduct was tortious or fraudulent.**<br><br>*Paramount Film Dist., Corp. v. State*, 30 N.Y.2d 415, 421, 285 N.E.2d 695, 698, 334 N.Y.S.2d 388, 393 (N.Y. 1972). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **Undecided.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| KNOWLEDGE/APPRECIATION | **Not required.**<br><br>*Paramount Film Dist., Corp. v. State*, 285 N.E.2d 695, 698 (N.Y. 1972). |
|---|---|
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Vitale v. Steinberg*, 307 A.D.2d 107, 111, 764 N.Y.S.2d 236, 239 (N.Y. App. Div. 2003). |
| **MEASURE OF DAMAGES** | **The measure of recovery is the reasonable value of the services rendered.**<br><br>*Iwon, Inc. v. Ourhouse, Inc.*, 744 N.Y.S.2d 791, 794 (N.Y. Sup. Ct. 2001); *Mauro v. Orville*, 660 N.Y.S.2d 662 (N.Y. Sup. Ct. 1997). |

|  | **NORTH CAROLINA** |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **Party must have conferred a benefit on the other party;**<br>2. **The benefit must not have been conferred officiously; and**<br>3. **The benefit must not be gratuitous and it must be measurable.**<br><br>*Progressive Am. Ins. Co. v. State Farm Mut. Auto Ins. Co.*, 184 N.C. App. 688, 695-96, 647 S.E.2d 111, 116 (N.C. Ct. App. 2007) |
| **ACTION AT LAW OF IN EQUITY?** | **Equity.**<br><br>*McCoy v. Peach*, 40 N.C. App. 6, 8, 251 S.E.2d 881, 883 (N.C. Ct. App. 1979). |
| **LIMITATIONS PERIOD/LACHES** | **3 years.**<br><br>*Joyce v. Joyce*, 2004 N.C. App. LEXIS 2119, at *9-10 (N.C. Ct. App. 2004). |
| **INJURY/IMPOVERISHMENT** | **No injury requirement. It is only required that plaintiff show that defendant was enriched.**<br><br>*Progressive Am. Ins. Co. v. State Farm Mut. Auto Ins. Co.*, 647 S.E.2d 111, 116 (N.C. Ct. App. 2007). |
| **MISCONDUCT REQUIREMENT/TYPE OF** | **"One is not unjustly enriched where the benefit has been conferred by a** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| MISCONDUCT | 'volunteer' or an intermeddler and where the benefit is not easily returnable and the recipient has not been afforded the opportunity of rejection."<br><br>*McCoy v. Peach,* 251 S.E.2d 881, 883 (N.C. Ct. App. 1979). |
|---|---|
| KNOWLEDGE/APPRECIATION | The defendant must have "consciously accepted the benefit."<br><br>*Progressive Am. Ins. Co. v. State Farm Mut. Auto Ins. Co.,* 647 S.E.2d 111, 116 (N.C. Ct. App. 2007). |
| DOES EXPRESS AGREEMENT BAR RECOVERY? | Yes.<br><br>*Pritchett & Burch, PLLC v. Boyd,* 609 S.E.2d 439, 443 (N.C. Ct. App. 2005). |
| MEASURE OF DAMAGES | ***Quantum meruit* is a measure of recovery for the reasonable value of services rendered in order to prevent unjust enrichment.**<br><br>*Pritchett & Burch, PLLC v. Boyd,* 169 N.C. App. 118, 124, 609 S.E.2d 439, 443 (N.C. Ct. App. 2005). |

|  OHIO  |
|---|

| ELEMENTS OF UNJUST ENRICHMENT CLAIM | 1.  A benefit conferred by a plaintiff upon a defendant;<br>2.  Knowledge by the defendant of the benefit; and<br>3.  Retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.<br><br>*Hambleton v. R.G. Barry Corp.,* 12 Ohio St. 3d 179, 183, 465 N.E.2d 1298, 1302 (Ohio 1984); *Maverick Oil & Gas, Inc. v. Barberton City Sch. Dist. Bd of Educ.,* 171 Ohio App. 3d 605, 615, 2007 Ohio 1682, at *P24, 872 N.E.2d 322, 330 (Ohio Ct. App. 9 Dist. 2007). |
|---|---|
| ACTION AT LAW OF IN EQUITY? | Equity. |

| | Chesnut v. Progressive Cas. Inc. Co., 166 Ohio App. 3d 299, 308-09, 2006 Ohio 2080, at *P29-30, 850 N.E.2d 751, 758-59 (Ohio Ct. App. 8 Dist. 2006). |
|---|---|
| **LIMITATIONS PERIOD/LACHES** | **6 years.**<br><br>Ohio Rev. Code Ann. § 2305.07; *Drozeck v. Lawyers Title Ins. Corp.*, 140 Ohio App. 3d 816, 823, 749 N.E.2d 775, 780 (Ohio Ct. App. 2000); *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1301-02 (Ohio 1984).<br><br>**"A claim for unjust enrichment accrues on the date which the money is wrongly retained."**<br><br>**"Statute of limitations for an unjust enrichment claims is not subject to equitable tolling or a discovery rule."**<br><br>*Palm Beach Co. v. Dun & Bradstreet, Inc.*, 106 Ohio App. 3d 167, 175, 665 N.E.2d 718, 723 (Ohio Ct. App. 1995). |
| **INJURY/IMPOVERISHMENT** | **Injury to plaintiff not necessary: "the purpose of such claims is not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant."**<br><br>*Johnson v. Microsoft Corp.*, 106 Ohio St. 3d 278, 286, 2005 Ohio 4985, at *P23, 834 N.E.2d 791, 799 (Ohio 2005). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **Enrichment alone will not suffice to invoke the remedial powers of a court of equity; plaintiff seeking the equitable remedies available under a claim of unjust enrichment must show a superior equity so that it would be unconscionable for the defendant to retain the benefit.**<br><br>*Chesnut v. Progressive Cas. Inc. Co.*, 850 N.E.2d 751, 758-59 (Ohio Ct. App. 8 Dist. 2006). |
| **KNOWLEDGE/APPRECIATION** | **Must show that the other party knew of the benefit.**<br><br>*Maverick Oil & Gas, Inc. v. Barberton City Sch. Dist. Bd of Educ.*, 171 Ohio App. 3d 605, 615, 2007 Ohio 1682, at *P24, 872 |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | N.E.2d 322, 330 (Ohio Ct. App. 9 Dist. 2007). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Remedy of unjust enrichment not available where express contract.**<br><br>*Chuparkoff v. Farmers Ins. of Columbus*, 2006 Ohio 3281, at *P42 (Ohio Ct. App., Summit County June 28, 2006).<br><br>**"Absent fraud or illegality, a party to an express agreement may not bring a claim for unjust enrichment."**<br><br>*Donald Harris Law Firm v. Dwight-Killian*, 166 Ohio App. 3d 786, 790, 2006 Ohio 2347, at *P14, 853 N.E.2d 364, 367 (Ohio Ct. App. 6 Dist. 2006). |
| **MEASURE OF DAMAGES** | **Damages are determined in the amount that the defendant benefited.**<br><br>*Nat'l City Bank v. Fleming*, 2 Ohio App. 3d 50, 58, 440 N.E.2d 590, 599 (Ohio Ct. App. 1981). |
| **OKLAHOMA** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **Expenditure by one person adds to the property of another or expenditure saves the other from expense or loss; and**<br>2. **Situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another.**<br><br>*N.C. Corff P'ship, Ltd. v. OXY USA, Inc.*, 1996 OK CIV APP 92, 929 P.2d 288, 295 (Okla. Ct. App. 1996). |
| **ACTION AT LAW OF IN EQUITY?** | **Equity.**<br><br>*N.C. Corff P'ship, Ltd. v. OXY USA, Inc.*, 929 P.2d 288, 295 (Okla. Ct. App. 1996). |
| **LIMITATIONS PERIOD/LACHES** | **3 years. "The statute of limitations begins to run when plaintiff can first maintain an action to a successful conclusion."** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

|  |  |
|---|---|
|  | *Chalfant v. Tubb*, 453 F. Supp. 2d 1308, 1321 (N.D. Okla 2006). |
| **INJURY/IMPOVERISHMENT** | **Injury to plaintiff not necessary: "there must be enrichment to another coupled with a resulting injustice."** <br><br> *N.C. Corff P'ship, Ltd. v. OXY USA, Inc.*, 929 P.2d 288, 295 (Okla. Ct. App. 1996). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **Plaintiff need only show "enrichment to another coupled with a resulting injustice."** <br><br> *Teel v. Public Serv. Co. of Okla.*, 1985 OK 112, 767 P.2d 391, 398 (Okla. 1985). |
| **KNOWLEDGE/APPRECIATION** | **Undecided.** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes. "Where the plaintiff has an adequate remedy at law, the court will not ordinarily exercise its equitable jurisdiction to grant relief for unjust enrichment."** <br><br> *Harvell v. Goodyear Tire & Rubber Co.*, 2006 OK 24, at *P18, 164 P.3d 1028, 1035 (Okla. 2006). |
| **MEASURE OF DAMAGES** | **Restitution in the amount defendant is enriched.** <br><br> *Harvell v. Goodyear Tire & Rubber Co.*, 164 P.3d 1028 (Okla. 2006). |
| **OREGON** ||
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **The plaintiff conferred a benefit on the defendant;** <br> 2. **The defendant was aware that it had received a benefit and** <br> 3. **Under the circumstances, it would be unjust for the defendant to retain the benefit without paying for it.** <br><br> *Winters v. County of Clatsop*, 210 Ore. App. 417, 421, 150 P.3d 1104, 1106 (Or. Ct. App. |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | 2007); *Jaqua v. Nike, Inc.*, 125 Ore. App. 294, 298, 865 P.2d 442, 445 (Or. Ct. App. 1993). |
| **ACTION AT LAW OF IN EQUITY?** | **Equity.** *Speciality Risk Servs. v. Royal Indem. Co.*, 213 Ore. App. 620, 625, 164 P.3d 300, 303 (Or. Ct. App. 2007). |
| **LIMITATIONS PERIOD/LACHES** | **6 years; if limitations period "has run at the time the suit is filed, the burden shifts to defendants to prove the absence of laches."** *Angelini v. Delaney*, 156 Ore. App. 293, 305, 966 P.2d 223, 230 (Or. Ct. App. 1998). |
| **INJURY/IMPOVERISHMENT** | **Undecided.** |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **"Without a legal obligation on the part of defendants to pay, the payment by plaintiffs did not "benefit" defendants."** *Oregon Laborers-Employers Health & Welfare Trust Fund v. Philip Morris Inc.*, 185 F.3d 957, 968 ((9th Cir. 1999). |
| **KNOWLEDGE/APPRECIATION** | **Plaintiff must show that the defendant was aware that it had received a benefit.** *Winters v. County of Clatsop*, 150 P.3d 1104, 1106 (Or. Ct. App. 2007). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes. However, even where an express contract exists, if a purchaser was induced to purchase property by a vendor's fraud, he may elect either to sue on the contract or to declare rescission and sue for consideration already paid.** *Lanners v. Whitney*, 247 Or. 223, 232, 428 P.2d 398, 402 (Or. 1967). |
| **MEASURE OF DAMAGES** | **The measure of restitution for a benefit conferred on another is the value of the benefit to the recipient, not the expense to the party who confers it.** *Hershiser v. USF&G Co.*, 276 Ore. 815, 821, 556 P.2d 663, 665 (Or. 1976). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| PENNSYLVANIA | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. Benefits conferred on defendant by plaintiff;<br>2. Appreciation of such benefits by defendant; and<br>3. Acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value.<br><br>*Limbach Co., LLC v. City of Phila.*, 905 A.2d 567, 575 (Pa. Cmwlth. Ct. 2006). |
| **ACTION AT LAW OF IN EQUITY?** | Equity.<br><br>*Guy M. Cooper, Inc. v. East Penn Sch. Dist.*, 903 A.2d 608, 619 (Pa. Cmwlth. Ct. 2006). |
| **LIMITATIONS PERIOD/LACHES** | 4 years.<br><br>42 Pa. Con. Stat. § 5525(a)(4); *Sevast v. Kakouras*, 591 Pa. 44, 53, 915 A.2d 1147, 1153 (Pa. 2007). |
| **INJURY/IMPOVERISHMENT** | "A quasi-contract imposes a duty, not as a result of any agreement, whether express or implied, but in spite of the absence of an agreement, when one party receives unjust enrichment at the expense of another."<br><br>*AmeriPro Search, Inc. v. Fleming Steel Co.*, 2001 PA Super 325, at *P10, 787 A.2d 988, 991 (Pa. Super. Ct. 2001). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | "The mere fact that the defendant may have benefited from the plaintiff's action alone is insufficient to grant relief under the doctrine."  However, "[I]t must be shown that the defendant's enrichment is "unjust."<br><br>*Wilson Area Sch. Dist. v. Skepton*, 860 A.2d 625, 631 (Pa. Cmwlth. Ct. 2004). |
| **KNOWLEDGE/APPRECIATION** | "The polestar of the unjust enrichment inquiry is whether the defendant has been unjustly enriched; the intent of the parties is irrelevant." |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | *Limbach Co., LLC v. City of Phila.*, 905 A.2d 567, 577 (Pa. Cmwlth. Ct. 2006). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes.<br><br>*Mitchell v. Moore*, 1999 PA Super 77, at *P7, 729 A.2d 1200, 1203 (Pa. Super. Ct. 1999). |
| **MEASURE OF DAMAGES** | **The measure of damages is the value of the benefits conferred; i.e., the defendant must make restitution to the plaintiff in quantum meruit.**<br><br>*Styer v. Hugo*, 422 Pa. Super. 262, 268, 619 A.2d 347, 350 (Pa. Super. Ct. 1993). |
| **RHODE ISLAND** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **A benefit must be conferred upon the defendant by the plaintiff;**<br>2. **There must be appreciation by the defendant of such benefit; and**<br>3. **There must be an acceptance of such benefit in such circumstances that it would be inequitable for a defendant to retain the benefit without paying the value thereof.**<br><br>*Narragansett Elec. Co. v. Carbone*, 898 A.2d 87, 99 (R.I. 2006). |
| **ACTION AT LAW OF IN EQUITY?** | **Equity.**<br><br>*Narragansett Elec. Co. v. Carbone*, 898 A.2d 87, 99 (R.I. 2006). |
| **LIMITATIONS PERIOD/LACHES** | **10 years.**<br><br>R.I. Gen. Laws § 9-1-13; *Narragansett Elec. Co. v. Carbone*, 898 A.2d 87, 101 (R.I. 2006). |
| **INJURY/IMPOVERISHMENT** | **"A necessary element to a claim of unjust enrichment is that the plaintiff had a reasonable expectation of payment from the defendants."**<br><br>*Scully Signal Co. v. Joyal*, 881 F. Supp. 727, 745 (D.R.I. 1995). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | "A valid claim of unjust enrichment can be based only on an element of misconduct or fault or undue advantage taken by one party of another." *Scrivani v. Esquire Swimming Pool Prods., Inc.*, 1975 WL 169989 (R.I. Super. Ct. 1975). |
| **KNOWLEDGE/APPRECIATION** | "[T]here must be appreciation by the defendant of such benefit." *Narragansett Elec. Co. v. Carbone*, 898 A.2d 87, 99 (R.I. 2006). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | No. "Under Rhode Island law, unjust enrichment is not simply a remedy in contract and tort but can stand alone as a cause of action in its own right." *Dellagrotta v. Dellagrotto*, 873 A.2d 101, 113 (R.I. 2005). |
| **MEASURE OF DAMAGES** | "Disgorgement or a money judgment may be appropriate remedies for unjust enrichment, especially when the plaintiff is not seeking to recover particular property or a specific fund of money." *Lawton v. Nyman*, 357 F. Supp. 2d 428, 434 (D.R.I. 2005). |

### SOUTH CAROLINA

| | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. A benefit conferred upon the defendant by the plaintiff; 2. Realization of the benefit by the defendant; and 3. Retention by defendant of the benefit under conditions that make it inequitable for him to retain it without paying its value. *Ellis v. Smith Grading & Paving, Inc.*, 294 S.C. 470, 474, 366 S.E.2d 12, 13 (S.C. Ct. App. 1988). |
| **ACTION AT LAW OF IN EQUITY?** | Equity. *Ellis v. Smith Grading & Paving, Inc.*, 366 S.E.2d 12, 14-15 (S.C. Ct. App. 1988). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **LIMITATIONS PERIOD/LACHES** | "So long as there is no knowledge of the wrong committed and no refusal to embrace opportunity to ascertain facts, there can be no laches. The failure to assert a right does not come into existence until there is a reason or situation that demands assertion. Moreover, the party asserting laches must show it has been materially prejudiced by the other party's delay."<br><br>*Mid-State Trust, II v. Wright*, 323 S.C. 303, 307, 474 S.E.2d 421, 423 (S.C. 1996). |
| **INJURY/IMPOVERISHMENT** | "Unjust enrichment is an equitable doctrine, akin to restitution, which permits the recovery of that amount the defendant has been unjustly enriched at the expense of the plaintiff."<br><br>*Ellis v. Smith Grading & Paving, Inc.*, 366 S.E.2d 12, 14 (S.C. Ct. App. 1988). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | Undecided. |
| **KNOWLEDGE/APPRECIATION** | Requires "realization of that benefit by the defendant."<br><br>*Ellis v. Smith Grading & Paving, Inc.*, 366 S.E.2d 12, 15 (S.C. Ct. App. 1988). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes.<br><br>*Pitts v. Jackson Nat'l Life Ins. Co.*, 352 S.C. 319, 339, 574 S.E.2d 502, 512 (S.C. Ct. App. 2002.) |
| **MEASURE OF DAMAGES** | "[I]n equity, 'the measure of the recovery is the extent of the duty or obligation imposed by law, and is expressed by the amount which the court considers the defendant has been unjustly enriched at the expense of the plaintiff."<br><br>*Pitts v. Jackson Nat'l Life Ins. Co.*, 574 S.E.2d 502, 512 (S.C. Ct. App. 2002). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| TENNESSEE | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. A benefit conferred upon the defendant by the plaintiff;<br>2. Appreciation by the defendant of such benefit; and<br>3. Acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof.<br><br>*Bennett v. Visa U.S.A. Inc.*, 198 S.W.3d 747, 755 (Tenn. Ct. App. 2006). |
| **ACTION AT LAW OF IN EQUITY?** | Equity.<br><br>*Metro Gov. of Nashville & Davidson County v. Cigna Healthcare of Tenn.*, 195 S.W.3d 28, 32 (Tenn. Ct. App. 2005). |
| **LIMITATIONS PERIOD/LACHES** | 6 years.<br><br>Tenn. Code Ann. § 28-3-109. |
| **INJURY/IMPOVERISHMENT** | Must show that "the enrichment was at the expense of the plaintiff."<br><br>*Burkhart v. U.S. Commerce Equip. Fin., LLC*, 2001 Tenn. App. LEXIS 644, at *24 (Tenn. Ct. App. 2001). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | Undecided. |
| **KNOWLEDGE/APPRECIATION** | Requires appreciation by the defendant of such benefit.<br><br>*Bennett v. Visa U.S.A. Inc.*, 198 S.W.3d 747, 755 (Tenn. Ct. App. 2006). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Yes, plaintiff must "demonstrate that he or she has exhausted all remedies against the person with whom the plaintiff enjoyed privity of contract."<br><br>*Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| MEASURE OF DAMAGES | The amount of recovery in an unjust enrichment claim is the value of the benefit conferred, not the cost to the furnisher. *Doe v. HCA Health Serv. of Tenn.*, 46 S.W.3d 191, 198 (Tenn. 2001). |
|---|---|
| **TEXAS** ||
| ELEMENTS OF UNJUST ENRICHMENT CLAIM | In Texas, "Unjust enrichment is not an independent cause of action but rather characterizes the result of a failure to make restitution of benefits either wrongfully or passively received under circumstances which give rise to an implied or quasi-contractual obligation to repay. The unjust enrichment doctrine applies principles of restitution to disputes where there is no actual contract and is based on the equitable principle that one who receives benefits which would be unjust for him to retain ought to make restitution." *Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. Ct. App. Dallas 2006). |
| ACTION AT LAW OF IN EQUITY? | Equity. *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 460 (Tex. Ct. App. Houston Dist. Feb. 8, 2007). |
| LIMITATIONS PERIOD/LACHES | 2 years. *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 461 (Tex. Ct. App. Houston Dist. Feb. 8, 2007). |
| INJURY/IMPOVERISHMENT | Must obtain a benefit from another. *Fondren Const. Co., Inc. v. Briarcliff Housing Dev. Assocs., Inc.*, 196 S.W.3d 210, 218 (Tex. Ct. App. Houston 1 Dist. 2006). |
| MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT | "Recovery under a claim of unjust enrichment requires a plaintiff to prove that the defendant benefited from him through fraud, duress, or the taking of undue advantage." *Fondren Const. Co., Inc. v. Briarcliff* |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| | *Housing Dev. Assocs., Inc.*, 196 S.W.3d 210, 218 (Tex. Ct. App. Houston 1 Dist. 2006). |
| **KNOWLEDGE/APPRECIATION** | **Defendant must have knowledge.** *Fondren Const. Co., Inc. v. Briarcliff Housing Dev. Assocs., Inc.*, 196 S.W.3d 210, 218 (Tex. Ct. App. Houston 1 Dist. 2006). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** *First Union Nat. Bank v. Richmont Cap. Partners I, L.P.*, 168 S.W.3d 917, 931 (Tex. Ct. App. Dallas 2005). |
| **MEASURE OF DAMAGES** | **Restitution measure of damages: "the purpose of which is to place an aggrieved plaintiff in the position he occupied prior to his dealings with the defendant."** *Best Buy Co., Inc. v. Barrera*, 214 S.W.3d 66, 73 (Tex. Ct. App. Corpus Christi 2006). |
| **UTAH** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **A benefit conferred on one person by another;** 2. **An appreciation or knowledge by the conference of the benefit; and** 3. **The acceptance or retention by the conferee of the benefit so as to make it inequitable for the conferee to retain the benefit without payment of its value.** *Am. Towers Owners Ass'n v. CCI Mech., Inc.*, 930 P.2d 1182, 1192 (Utah 1996); *Hess v. Johnston*, 2007 UT App 213, at *P20, 163 P.3d 747, 754 (Utah Ct. App. 2007). |
| **ACTION AT LAW OF IN EQUITY?** | **Equity.** *Am. Towers Owners Ass'n v. CCI Mech., Inc.*, 930 P.2d 1182, (Utah 1996). |
| **LIMITATIONS** | **4 years.** |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| PERIOD/LACHES | Utah Code Ann. § 78-12-25; *CIG Exploration, Inc. v. Hill*, 824 F. Supp. 1532, 1548 (D. Utah 1993). |
|---|---|
| INJURY/IMPOVERISHMENT | **Benefit to defendant must come at expense to plaintiff.**<br><br>*CIG Exploration, Inc. v. Hill*, 824 F. Supp. 1532, 1546 (D. Utah 1993). |
| MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT | **"There must be some misleading act, request for services, or the like, to support such an action."**<br><br>*Knight v. Post*, 748 P.2d 1097, 1101 (Utah Ct. App. 1988). |
| KNOWLEDGE/APPRECIATION | **Defendant must have appreciation or knowledge of benefit.**<br><br>*Am. Towers Owners Ass'n v. CCI Mech., Inc.*, 930 P.2d 1182, 1192 (Utah 1996); *Hess v. Johnston*, 163 P.3d 747 (Utah Ct. App. 2007). |
| DOES EXPRESS AGREEMENT BAR RECOVERY? | **Yes.**<br><br>*Am. Towers Owners Ass'n v. CCI Mech., Inc.*, 930 P.2d 1182, 1193 (Utah 1996). |
| MEASURE OF DAMAGES | **"The benefit conferred on the defendant, and not the plaintiff's detriment or the reasonable value of its services, is the measure of recovery."**<br><br>*Alpha Partners, Inc. v. Transam. Inv. Mgmt., L.L.C.*, 2006 UT App 331, at *P36, 153 P.3d 714, 723 (Utah Ct. App. 2006).<br><br>**Damages awarded under a theory of unjust enrichment are not subject to prejudgment interest.**<br><br>*Shoreline Dev. Co. v. Utah County*, 835 P.2d 207, 211 (Utah Ct. App. 1992). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| VERMONT | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. A benefit was conferred on defendant;<br>2. Defendant accepted the benefit; and<br>3. Defendant retained the benefit under such circumstances that it would be inequitable for defendant not to compensate plaintiff for its value.<br><br>*Center v. Mad River Corp.*, 151 Vt. 408, 412, 561 A.2d 90, 93 (Vt. 1989). |
| **ACTION AT LAW OF IN EQUITY?** | Equity.<br><br>*Morrisville Lumber Co., Inc. v. Okcuoglu*, 148 Vt. 180, 184, 531 A.2d 887, 889 (Vt. 1987). |
| **LIMITATIONS PERIOD/LACHES** | 6 years.<br><br>12 Vt. Stat. Ann. § 511; *Stankiewicz v. Estate of LaRose*, 151 Vt. 453, 456, 561 A.2d 400, 402 (Vt. 1989). |
| **INJURY/IMPOVERISHMENT** | Benefit accepted at expense of another.<br><br>*Legault v. Legault*, 142 Vt. 525, 529, 459 A.2d 980, 983 (Vt. 1983).<br><br>**"The retention of a benefit is not unjust where defendants have paid for it."**<br><br>*Ray Reilly's Tire Mart, Inc. v. F.P. Elnicki, Inc.*, 149 Vt. 37, 39, 537 A.2d 994, 995 (Vt. 1987). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | Plaintiff must show that money was actually received and wrongfully withheld.<br><br>*Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 140, 636 A.2d 744, 751 (Vt. 1993). |
| **KNOWLEDGE/APPRECIATION** | Undecided. |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | Not always.  A contract between two parties does not bar enforcement of an obligation in quasi contract between one of the parties to the contract and the recipient of the benefit of the contract when the express contract becomes unenforceable. |

4819-7462-8099.1

CV07-07857 VBF JTLx

STATE LAW VARIATIONS APPENDIX

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

|  |  |
|---|---|
|  | *Ray Reilly's Tire Mart, Inc. v. Elnicki, Inc.*, 537 A.2d 994, 995 (Vt. 1987). |
| **MEASURE OF DAMAGES** | **Measure of damages is "the value of the benefit actually conferred upon the defendant."**<br><br>*DJ Painting, Inc. v. Baraw Enters., Inc.*, 172 Vt. 239, 242-43, 776 A.2d 413, 417 (Vt. 2001).<br><br>**Interest on money wrongfully withheld is not the unqualified right of the prevailing litigant.**<br><br>*Legault v. Legault*, 459 A.2d 980, 984-85 (Vt. 1983). |
| **VIRGINIA** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **A benefit conferred upon the defendant by the plaintiff;**<br>2. **Appreciation or knowledge of the benefit by the defendant; and**<br>3. **An acceptance or retention of the benefit in circumstances which would make it inequitable for the defendant to retain the benefit without paying for its value.**<br><br>*Nossen v. Hoy*, 750 F. Supp. 740, 744-45 (E.D. Va. 1990). |
| **ACTION AT LAW OF IN EQUITY?** | **Equity.**<br><br>*Kern v. Freed Co., Inc.*, 224 Va. 678, 680-81, 299 S.E.2d 363, 365 (Va. 1983). |
| **LIMITATIONS PERIOD/LACHES** | **3 years. "The statute of limitations for unjust enrichment begins to run at the time the unjust enrichment occurred, which is the moment the expected compensation is not paid, not when a party "knew or should have known" of the unjust enrichment.**<br><br>Va. Code Ann. § 8.01-246; *Belcher v. Kirkwood*, 238 Va. 430, 433. 383 S.E.2d 729. 731 (Va. 1989); *Tao of Sys. Integration, Inc. v. Analytical Servs. & Materials, Inc.*, 299 F. Supp. 2d 565, 576 (E.D. Va. 2004). |

| | |
|---|---|
| **INJURY/IMPOVERISHMENT** | **Benefit at the expense of another.**<br><br>*Kern v. Freed Co., Inc.*, 299 S.E.2d 363, 365 (Va. 1983). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **Undecided.** |
| **KNOWLEDGE/APPRECIATION** | **Appreciation or knowledge of the benefit by the defendant.**<br><br>*Nossen v. Hoy*, 750 F. Supp. 740, 744-45 (E.D. Va. 1990). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*United Leasing Corp. v. Resource Bank*, No. LM-1064, 58 Va. Cir. 96, 103 (Va. Cir. Ct. Feb. 22, 2002). |
| **MEASURE OF DAMAGES** | **The accepted measure of recovery under a theory of unjust enrichment is the value of the benefit retained by the defendant.**<br><br>*Marine Dev. V. Rodak*, 225 Va. 137, 144, 300 S.E.2d 763, 767 (1983). |
| **WASHINGTON** | |
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **A benefit conferred upon the defendant by the plaintiff;**<br>2. **An appreciation or knowledge by the defendant of the benefit;**<br>3. **And the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of the value.**<br><br>*Bailie Comms., Ltd. V. Trend Business Sys., Inc.*, 61 Wn. App. 151, 159-60, 810 P.2d 12, 16 (Wash. Ct. App. 1991). |
| **ACTION AT LAW OF IN EQUITY?** | **Equity.**<br><br>*Dragt v. Dragt/DeTray, LLC*, 139 Wn. App. 560, 576, 161 P.3d 473, 482 (Wash. Ct. App. 2007). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| | |
|---|---|
| **LIMITATIONS PERIOD/LACHES** | **6 years.**<br><br>Rev. Code Wash. Ann. § 4.16.040; *Jordan v. Bergsma*, 63 Wn. App. 825, 828, 822 P.2d 319, 320 (Wash. Ct. App. 1992). |
| **INJURY/IMPOVERISHMENT** | **Benefit at the expense of another. "Enrichment alone will not trigger the doctrine; the enrichment must be unjust both under the circumstances and as between the two parties to the transaction. The person against whom the plaintiff asserts unjust enrichment must be more than a mere incidental beneficiary of the transaction."**<br><br>*Bailie Comms.. Ltd. v. Trend Bus. Sys., Inc.*, 810 P.2d 12, 16 (Wash. Ct. App. 1991); *Bort v. Parker*, 110 Wn. App. 561, 580, 42 P.3d 980, 991 (Wash. Ct. App. 2002). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **No wrongdoing by defendant necessary.**<br><br>*In re Estate of Ginsberg*, 2003 Wash. App. LEXIS 3073, at *5 (Wash. Ct. App. Dec. 29, 2003). |
| **KNOWLEDGE/APPRECIATION** | **Requires an appreciation or knowledge of the benefit by the defendant.**<br><br>*Bailie Comms.. Ltd. v. Trend Bus. Sys., Inc.*, 810 P.2d 12, 16 (Wash. Ct. App. 1991). |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*MacDonald v. Hayner*, 43 Wn. App. 81, 86, 715 P.2d 519, 523 (Wash. App. Ct. 1986). |
| **MEASURE OF DAMAGES** | **Plaintiff "may recover the reasonable value of the benefit conferred upon the defendant."**<br><br>*Bort v. Parker*, 42 P.3d 980, 991 (Wash. Ct. App. 2002). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| WEST VIRGINIA | |
|---|---|
| **ELEMENTS OF UNJUST ENRICHMENT CLAIM** | 1. **Benefits received and retained by defendant; and**<br>2. **Under such circumstance that it would be inequitable and unconscionable to permit the party receiving them to avoid payment thereof.**<br><br>*Realmark Devs., Inc. v. Ranson*, 214 W. Va. 161, 164, 588 S.E.2d 150, 153 (W. Va. 2003). |
| **ACTION AT LAW OF IN EQUITY?** | **Action law.  "The right to recover for unjust enrichment is based on the principles of equity.  However, the remedy sought in this case is a money judgment and, thus, is governed by law."  Therefore, "a suit seeking monetary recovery under a theory of unjust enrichment is an action at law and therefore, can be tried before a jury."**<br><br>*Realmark Devs., Inc. v. Ranson*, 588 S.E.2d 150, 153 (W. Va. 2003). |
| **LIMITATIONS PERIOD/LACHES** | **5 years.**<br><br>W. Va. Code, § 55-2-6; *Stand Energy Corp. v. Columbia Gas Trans. Corp.*, 2006 U.S. Dist. LEXIS 4511, at *15 (S.D. W. Va. Jan. 20, 2006). |
| **INJURY/IMPOVERISHMENT** | **Defendant enriched at the expense of the Plaintiff.**<br><br>*LaPosta Oldsmobile, Inc. v. Gen. Motors Corp.*, 426 F. Supp. 2d 346, 356 (N.D. W. Va. 2006). |
| **MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT** | **No misconduct required.**<br><br>*Affholder, Inc. v. N. Am. Drillers, Inc.*, 2006 U.S. Dist. LEXIS 79977, at *60-62 (S.D. W. Va., Nov. 1, 2006). |
| **KNOWLEDGE/APPRECIATION** | **Undecided.** |
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.**<br><br>*Bright v. QSP, Inc.*, 20 F.3d 1300, 1306 (4th Cir. W. Va. 1994). |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| MEASURE OF DAMAGES | The measure of recovery is the reasonable value of the goods or services furnished to the benefited defendant.<br><br>*Realmark Devs., Inc. v. Ranson*, 588 S.E.2d 150, 153 (W. Va. 2003). |
|---|---|
| **WISCONSIN** | |
| ELEMENTS OF UNJUST ENRICHMENT CLAIM | 1. A benefit that has been conferred upon the defendant by the plaintiff;<br>2. Appreciation by the defendant of the benefit; and<br>3. Acceptance and retention by the defendant of the benefit, under circumstances such that it would be inequitable to retain the benefit without payment.<br><br>*Staver v. Milwaukee County*, 2006 WI App 33, at \*P24, 289 Wis. 2d 675, 687, 712 N.W.2d 387, 393 (Wis. Ct. App. 2006). |
| ACTION AT LAW OF IN EQUITY? | Equity.<br><br>*Abbott v. Marker*, 2006 WI App 174, at \*P20, 295 Wis. 2d 636, 647-48, 722 N.W.2d 162, 167-68 (Wis. Ct. App. 2006). |
| LIMITATIONS PERIOD/LACHES | "[I]n the absence of a controlling statute, the timeliness of an unjust enrichment claim is governed by laches."<br><br>*Lambo v. Kathleen D'Acquisto Irrevocable Trust*, 2007 WI App 230, 306 Wis. 2d 125, 740 N.W.2d 901, 2007 Wisc. App. LEXIS 827, at \*22 (Wis. Ct. App. 2007). |
| INJURY/IMPOVERISHMENT | Injury to plaintiffs irrelevant: "Establishing a loss of profit by the plaintiff does not prove unjust enrichment of the defendant."<br><br>*Mgmt. Comp. Servs., Inc. v. Hawkins, Ash, Baptie & Co.*, 206 Wis. 2d 158, 188-89, 557 N.W.2d 67, 80 (Wis. 1996). |
| MISCONDUCT REQUIREMENT/TYPE OF MISCONDUCT | Undecided. |

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

| KNOWLEDGE/APPRECIATION | **Requires appreciation by the defendant of the benefit.** *Staver v. Milwaukee County*, 712 N.W.2d 387, 393 (Wis. Ct. App. 2006). |
|---|---|
| **DOES EXPRESS AGREEMENT BAR RECOVERY?** | **Yes.** *Watts v. Watts*, 137 Wis. 2d 506, 530, 405 N.W.2d 303, 313 (Wis. 1987). |
| **MEASURE OF DAMAGES** | **Relief is discretionary; "damages is an unjust enrichment claim are measured by the benefit conferred upon the defendant."** *Abbott v. Marker*, 722 N.W.2d 162, 168 (Wis. Ct. App. 2006); *W.H. Fuller Co. v. Seater*, 226 Wis. 2d 381, 385, 595 N.W.2d 96, 99 (Wis. Ct. App. 1999). |

DATED: November 10, 2008

ROY M. BRISBOIS
ERIC Y. KIZIRIAN
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Eric Y. Kizirian
Attorneys for Defendant American Honda
Motor Co., Inc.

# FEDERAL COURT PROOF OF SERVICE

Mazza v. Honda - File No. 20159-191

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

STATE OF CALIFORNIA, COUNTY OF Los Angeles

At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On November 10, 2008, I served the following document(s): **DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S STATE LAW VARIATIONS APPENDIX IN SUPPORT OF ITS OPPOSITION TO PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION**. I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Mark Yablonovich, Esq.
Marc Primo, Esq.
Monica Balderrama, Esq.
Payam Shahian, Esq.
Orlando Arellano, Esq.
INITIATIVE LEGAL GROUP, LLP
1800 Century Park East, Second Floor
Los Angeles, CA 90067
310/556-5637
FAX: 310/861-9051

MBalderrama@initiativeLegal.com

The documents were served by the following means:

☒    (BY MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service. (A proof of service executed by the messenger will be filed in compliance with the Code of Civil Procedure.)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 10, 2008, at Los Angeles, California.

Edwina G. Martinez